ORIGINAL

FILED
MAR 13 2007
U.S. COURT OF FEDERAL CLAIMS

**UNITES STATES COURT OF FEDERAL CLAIMS**

HERNANDEZ, KROONE AND ASSOCIATES, INC.

Plaintiff,

vs.

UNITED STATES OF AMERICA,

Defendant.

CASE NO. 07-165 C

**COMPLAINT OF HERNANDEZ KROONE AND ASSOCIATES, INC.**

**1) Breach of Contract**
**2) Breach of Contract through Nondisclosure of Material Facts**
**3) Breach of Implied Warranty of Correctness of Plans and Specifications**
**4) Violation of Prompt Payment Statutes**
**5) Breach of Covenant of Good Faith and Fair Dealing**

## COMPLAINT

Plaintiff Hernandez, Kroone And Associates, Inc. alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Hernandez, Kroone And Associates, Inc. ("HKA") is, and at all times relevant hereto was, a corporation duly organized and existing under the laws of California, with its principal place of business in California.

2. Defendant is the United States of America.

3. At all times herein mentioned, each of the acts complained of was performed by an authorized official of the Corps of Engineers.

4. Jurisdiction is conferred on this Court pursuant to Contract Disputes Act of 1987 (CDA) 41 U.S. C. §601 et seq.

5. HKA has complied with the dispute resolution requirements identified in the HKA/Army Corps contract, including but not limited to §52.231 of the contract. HKA timely submitted request for payment or contract adjustments which the Army Corps denied. Thereafter, on or about December 13, 2005, HKA presented to the Army Corps a timely and sufficient certified claim for the damages sought herein, which claim was denied by the Army Corps Contracting Officer

on or about March 16, 2006. Less than 12 months have passed since Army Corps' denial of HKA's claim.

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract)**

6. HKA refers to and incorporates herein by this reference Paragraphs 1 through 5 above.

7. On or prior to February 2, 2005, the Army Corps solicited bids for the United States Border Patrol Station, Indio California located at 83801 Vin Deo Circle in Indio California ("Project"). The Project documents, including the solicitation for bids, scope of work, and plans and specifications were posted on-line as Solicitation No. W9126G-05-R-0018 ("Solicitation"). The Solicitation was a "sole Source 8(a) Solicitation" pursuant to a Partnership Agreement between Small Business Administration and the Department of Defense, and accordingly, HKA was the only entity invited to respond to the Solicitation.

8. By an e-mail dated February 2, 2005, the Armey Corps directed HKA to the "link" at "ftp.usace.army.mil/Incoming/SWF/INS/Indio,%20CA/" for obtaining the "whole solicitation" for Solicitation No. W9126G-05-R-0018 for Border Patrol Station in Indio California.

9. HKA visited the link at ftp.usace.army.mil/Incoming/SWF/INS/Indio,%20CA/ and viewed, printed and downloaded Army Corps' Solicitation for the Project, including the scope of work, plans and specifications included therein

10. After reviewing the information contained in the Solicitation, HKA relied on and used the information to determine the scope and requirements of the Project, and to also calculate its bid for the Project. The Solicitation allowed and invited the bid to be submitted by fax.

11. On or about February 15, 2005, HKA submitted to the Army Corps, via fax, its fixed price bid for the Project, agreeing to furnish all services, materials, supplies, plant, labor and equipment and superintendence to construct the Project in accordance with the Scope of Work and Specifications attached to the Army Corps Solicitation for the price of $875,468.

12. The Army Corps accepted HKA's bid for the Project and awarded HKA the contract to furnish all services, materials, supplies, plant, labor and equipment and superintendence to construct

the Project in accordance with the Army Corps' Solicitation ("contract"). After receiving a notice to proceed, HKA began work.

13. HKA is informed and believes, and thereupon alleges, that it duly performed all things and conditions on its part to be performed under the contract, except as such performances was rendered superfluous or prevented or excused by acts or omissions of Army Corps, or by acts or omissions of those for whose acts and omissions Army Corps is responsible, or by frustration or prevention by Army Corps, or except as such performance was waived by acts or omission of Army Corps, or except as Army Corps, by acts or omissions, is estopped to rely upon any failure of HKA to perform.

14. HKA is informed and believes, and thereupon alleges, that Army Corps breached the contract, *inter alia* by:

(a) Failing to comply with §52.232-5 of the contract, including but not limited to failing to pay HKA the contract price and failing to make progress payments as provided in the contract;

(b) Failing to comply with §52.232-25 of the contract, including but not limited to, failing to make prompt payment on HKA invoices, and failing to pay interest penalty;

(c) Failing to comply with §52.242-14 of the contract, including but not limited to, failing to make equitable adjustments and modifications to the contract for requested changes;

(d) Failing to comply with "Partnering" requirements of the contract;

(e) Failing to make timely and complete progress payments, which also violated Federal prompt payment statutes;

(f) Failing to timely pay for change orders;

(g) Requiring HKA to provide, labor, services, equipment and materials beyond the requirements of the contract without properly negotiating and issuing change orders therefor;

(h) Requiring HKA to provide, labor, services, equipment and materials beyond the requirements of the contract without compensation therefor;

(i) Interfering with or otherwise disrupting and delaying the performance of HKA of the contract;

(j) Causing HKA to be excluded from portions of the project from time to time and preventing HKA from performing the contract at those times and places;

(k) Failing to obtain necessary actions, consent or cooperation from third parties, or easements, permits or other documentation which was required to enable HKA to perform;

(l) Failing to timely perform the things and conditions to be performed by Army Corps on its part;

(m) Failing to comply with the requirements of the implied covenant of good faith and fair dealing;

(n) Exercising the authority and discretion allowed Army Corps under the contract in an unreasonable, arbitrary and capricious manner;

(o) Providing plans, specifications and other materials concerning the Project, as a basis for bidding thereon and entering into the contract which were **not** accurate, workable, correct and sufficient;

(p) The above mentioned breaches by Army Corps has provoked subcontractor and supplier claims against HKA for which HKA is entitled to indemnity from Army Corps or which claims HKA is entitled to pass-through to Army Corps.

15. As a direct and proximate result of the aforementioned breaches by Army Corps, HKA:

(a) Has incurred expenses to provide labor, services, equipment and materials (plus overhead and lost profits) which were not required under the contract;

(b) Has incurred expenses to provide labor, services, equipment and materials (plus overhead and lost profits) which were only required by deviations in the nature and extent of the Project from the way it had been presented in the Solicitation, including plans, specifications and other materials given to HKA to use to determine its bid;

(c) Has suffered, and is still suffering, claims and demands from subcontractors and suppliers, including the cost of processing and defending those claims and demands and passing them through to Army Corps;

All to HKA's damage in an amount not yet fully ascertained (but approximately $375,000), and when ascertained this pleading will be amended to state the correct amount, plus interest thereon as

provided in the Contract Disputes Act, plus any prompt payment penalties as provided by the contract and relevant statutes.

16. HKA has demanded payment therefor from Army Corps but Army Corps has failed and refused, and continues to fail and refuse to pay.

**SECOND CLAIM FOR RELIEF**

**(Breach of Contract through Nondisclosure of Material Facts)**

17. HKA refers to and incorporates herein by this reference Paragraphs 1 through 16 above.

18. In preparing its bid and entering into the contract, HKA relied upon disclosures and representations made by the Army Corps in the Solicitation – including but not limited to the scope of work, plans, specifications and other materials concerning the Project which the Army Corps made available to HKA.

19. At all times and places the Army Corps made those representations and disclosures, it had a duty to disclose any material facts which would indicate any alteration of, interference with, or prevention of HKA's performance of the contract in the manner contemplated therein.

20. HKA is informed an believes, and thereupon alleges, that the Army Corps breached that duty by making untrue representations of material facts; by failing to disclose facts which either materially qualified the representations and disclosures made or rendered those representations and disclosures likely to mislead HKA; and by failing to disclose other material facts which were known or accessible only to the Army Corps and which the Army Corps knew were not known to or reasonably discoverable by HKA.

21. As a consequence of the foregoing misrepresentations and nondisclosures, HKA was misled into bidding on, and entering into the contract at a lower price than HKA would have otherwise done, and was thereby required to provide labor, services, equipment and materials to and for the project in excess of what it should have had to furnish, all to HKA's damage in an amount not yet fully ascertained (but approximately $375,000), and when ascertained this pleading will be amended to state the correct amount, plus interest thereon at the lawful rate. HKA has demanded payment

therefor from the Army Corps, but the Army Corps has failed and refused, and continues to fail and refuse to pay.

**THIRD CLAIM FOR RELIEF**

**(Breach of Implied Warranty of Correctness of Plans and Specifications)**

22. HKA refers to and incorporates herein by this reference Paragraphs 1 through 16 above.

23. By letting out the Solicitation for the Project for HKA to bid, the Army Corps impliedly warranted that satisfactory contract performance will result from adherence to the Solicitation for the Project, including the scope of work, plans and specifications included therein.

24. HKA reasonably relied upon the accuracy of the Solicitation, including the scope of work, plans and specifications for the Project in submitting its bid for the Project.

25. Subsequent to awarding HKA the contract for the Project, HKA discovered that the Army Corps had breached this implied warranty by issuing defective scope of work, plans and specifications for the Project.

26. As a consequence of the defective scope of work, plans and specifications, HKA was forced to expend substantial additional sums for labor, services, equipment and materials which were not contemplated at the time of bidding of the Project, which sums are in an amount not yet fully ascertained (but approximately $375,000), and when ascertained this pleading will be amended to state the correct amount, plus interest thereon at the lawful rate. HKA has demanded payment therefor from the Army Corps, but the Army Corps has failed and refused, and continues to fail and refuse to pay.

**FOURTH CLAIM FOR RELIEF**

**(Violation of Prompt Payment Statutes)**

27. HKA refers to and incorporates herein by this reference Paragraphs 1 through 16 above.

28. HKA is informed and believes, and thereupon alleges that the Army Corps's failure to pay HKA money due and owing HKA based on the contract between HKA and Army Corps represents a violation of Federal prompt payment statutes, including but not limited to Code of Federal

Regulations ( 5CFR §1315 *et seq.*) and United States Code Service (41 USCS §601 *et seq.*). Pursuant to said violation, HKA is entitled to recover interest penalties according to proof.

**FIFTH CLAIM FOR RELIEF**

**(Breach of Covenant of Good Faith and Fair Dealing)**

29. HKA refers to and incorporates herein by this reference Paragraphs 1 through 28 above.

30. HKA is informed and believes, and thereupon alleges that implied in every construction contract, including the one between HKA and Army Corps is a warranty that the Army Corps would act fairly and in a good faith toward HKA in performing its duties under the contract and would do nothing to injure HKA.

31. In fact, Army Corps has been unfair in its dealings with HKA on the Project, placing its own interests above those of HKA and unreasonably, without justification, and deliberately has harmed HKA. By way of example, the Army Corps, among other things, failed to clearly identify the scope of work for the Project; failed to correctly and consistently interpret contract provisions; failed to abide by the express language of the contract; requiring HKA to provide, labor, services, equipment and materials beyond the requirements of the contract without compensation; delayed and interfered with HKA's work; failed to timely reply to request for information or submittals; failed to issue change orders when reasonable and necessary; maliciously reported HKA to various agencies for alleged and non existent violations; maintaining vexatious Army Corps staff on the Project; retaliating against HKA by withholding payment and refusing to issue change orders for extra work.

32. The Army Corps has been given opportunities to reconsider its position and recant on its previous conduct, but it refuses to do so, and is prompted not by honest mistake, bad judgment or even negligence, but by a conscious and deliberate decision which unfairly frustrates the agreed upon common purposes of the contract, and disappoints the reasonable expectations of HKA, depriving HKA of the benefits of the contract.

33. As a result of Army Corps breaches of the implied covenant of good faith and fair dealings, HKA has been damaged in an amount not yet fully ascertained (but approximately $375,000), and when ascertained this pleading will be amended to state the correct amount.