**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HERNANDEZ, KROONE AND ASSOCIATES, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | **NO. 07-165C** |
| | ) | (Judge Merow) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**<u>ANSWER TO FIRST AMENDED COMPLAINT</u>**

For its answer to the complaint, Defendant admits, denies, and alleges as follows:

**<u>PARTIES, JURISDICTION, AND VENUE</u>**

1. Denies the allegations in paragraph one for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. Denies the allegations contained in paragraph 3 because the allegations are too vague and indefinite to permit defendant to form a belief as to their truth.

4. This allegation is a conclusion of law to which no response is required; to the extent the allegation may be deemed a statement of fact, it is denied.

5. The allegations contained in sentence one of paragraph 5 are conclusions of law to which no response is required. To the extent that the allegations in sentence one of paragraph 5 may be deemed statements of fact, the allegations are denied. The allegations contained in sentence two of paragraph 5 are conclusions of law to which no response is required.

To the extent that the allegations in sentence of two of paragraph 5 may be deemed statements of fact, the allegations are denied. Admits the allegation contained in sentence three of paragraph 5 that plaintiff submitted a claim for damages on or about December 13, 2005 that was denied by the Army Corps of Engineers Contracting Officer on or about March 16, 2006. The remaining allegations contained in sentence three of paragraph 5 are conclusions of law to which no response is required; to the extent that the remaining allegations in sentence three of paragraph five are deemed statements of fact, those allegations are denied. Admits the allegations contained in sentence 4 of paragraph 5 to the extent supported by the referenced March 16, 2006 denial, which is the best evidence of its contents, otherwise denies the allegations. Denies the allegation contained in the fifth sentence of paragraph 5. Admits the allegation contained in sentence six of paragraph 5 that plaintiff submitted a claim for damages on or about December 23, 2005 that was denied by the Army Corps of Engineers Contracting Officer on or about June 6, 2006. Admits the allegations contained in sentence seven of paragraph 5 to the extent supported by the referenced June 6, 2006 denial, which is the best evidence of its contents, otherwise denies the allegations. Admits the allegation contained in sentence eight of paragraph 5 that less than 12 months has passed, as of the filing date of plaintiff's First Amended Complaint, since the Army Corps' denial of plaintiff's December 23, 2005 claim. Admits the allegation contained in sentence nine of paragraph 5 that plaintiff submitted letters on the various dates referenced, but avers that such letters are the best evidence of their contents. The remaining allegations contained in sentence nine of paragraph 5 are conclusions of law to which no response is required; to the extent that the remaining allegations in sentence nine of paragraph five are deemed statements of fact,

those allegations are denied. Denies the allegation contained in sentence 10 of paragraph 5 because the allegations are too vague and indefinite to permit defendant to form a belief as to their truth, but avers that the Army Corps responded to plaintiff's December 20, 2005 letter via letters dated December 29, 2005 and January 12, 2006. Denies the allegations contained in sentence 11 of paragraph 5 both because the allegations are too vague and indefinite to permit defendant to form a belief as to their truth and because the allegations are conclusions of law to which no response is required; to the extent that any remaining allegations in sentence 11 of paragraph five are deemed statements of fact, those allegations are denied.

**<u>FIRST CLAIM FOR RELIEF</u>**

**(Breach of Contract)**

6. Defendant reasserts its responses to paragraphs 1-5 as provided above.

7. Admits the allegation contained in sentence one of paragraph 7 that the Army Corps of Engineers solicited bids for the United States Border Patrol Station, Indio, California located at 83801 Vin Deo Circle in Indio, California; the remaining allegations contained in sentence one of paragraph 7 are denied. Admits the allegations contained in sentences two and three of paragraph 7, to the extent supported by the solicitation, which is the best evidence of its contents, otherwise denies the allegations in sentence two and three of paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the February 2, 2005 e-mail, which is the best evidence of its contents, otherwise denies the allegations. Admits the allegations contained in sentence two of paragraph 8, to the

extent supported by the referenced e-mail, which is the best evidence of its contents, otherwise denies the allegations in sentence two of paragraph 8.

9. Denies the allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in sentence two of paragraph 9, to the extent supported by the referenced solicitation, which is the best evidence of its contents, otherwise denies the allegations in sentence two of paragraph 9.

10. Denies the allegations contained in sentence one of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in sentence two of paragraph 10 to the extent supported by the solicitation, which is the best evidence of its contents, otherwise denies the allegations in the second sentence of paragraph 10.

11. Admits that plaintiff faxed an offer on or about February 15, 2005, but avers that plaintiff's final offer was in the amount of $875,768.00 and further avers that the final contract documentation as of March 29, 2005 speaks for itself and is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11. Admits the allegation in the second sentence of paragraph 11 to the extent supported by the referenced offer, which speaks for itself and is the best evidence of its contents.

12. Denies the allegations contained in sentence one of paragraph 12, and avers that the contract documentation speaks for itself and is the best evidence of its contents. Admits the allegations contained in sentence two of paragraph 12.

13. The allegations contained in paragraph 13 are conclusions of law to which no response is required. To the extent that the allegations in paragraph 13 may be deemed statements of fact, the allegations are denied.

14. The allegations contained in paragraph 14, subparagraphs (a)-(p) are conclusions of law to which no response is required. To the extent that the allegations in paragraph 14, subparagraphs (a)-(p) may be deemed statements of fact, the allegations are denied.

15. The allegations contained in paragraph 15, including subparagraphs (a)-(c), are conclusions of law to which no response is required. To the extent that the allegations in paragraph 15, including subparagraphs (a)-(c), may be deemed statements of fact, the allegations are denied for lack of knowledge or information as to their truth.

16. Admits the allegation contained in paragraph 16 to the extent that plaintiff has demanded additional payment from the Army Corps of Engineers and that the Army Corps of Engineers has refused and continues to refuse to make any additional payments. Avers that defendant has paid plaintiff the entire contract price including the full amount due as a result of all contract modifications. Denies the remaining allegations contained in paragraph 16.

## **SECOND CLAIM FOR RELIEF**

### **(Breach of Contract through Nondisclosure of Material Facts)**

17. Defendant reasserts its responses to paragraphs 1-16 as provided above.

18. Denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. The allegations contained in paragraph 19 are conclusions of law to which no response is required. To the extent that the allegations in paragraph 19 may be deemed statements of

fact, the allegations are denied because the allegations are too vague and indefinite to permit defendant to form a belief as to their truth.

20. Denies.

21. Denies the allegations contained in sentence one of paragraph 21. Admits the allegation contained in sentence two of paragraph 21 that plaintiff has demanded additional payment from the Army Corps of Engineers and that the Army Corps of Engineers has refused and continues to refuse to make any additional payments. The remaining allegations contained in sentence two of paragraph 21 are denied.

**THIRD CLAIM FOR RELIEF**

**(Breach of Implied Warranty of Correctness of Plans and Specifications)**

22. Defendant reasserts its responses to paragraphs 1-21 as provided above.

23. The allegations contained in paragraph 23 are conclusions of law to which no response is required. To the extent that the allegations in paragraph 23 may be deemed statements of fact, they are denied.

24. Denies the allegations contained in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25. Denies.

26. Denies the allegations contained in sentence one of paragraph 26. Admits the allegation contained in sentence two of paragraph 26 that plaintiff has demanded additional payment from the Army Corps of Engineers and that the Army Corps of Engineers has refused and continues to refuse to make any additional payments. The remaining allegations contained in sentence two of paragraph 26 are denied.

**FOURTH CLAIM FOR RELIEF**

**(Violation of Prompt Payment Statutes)**

27. Defendant reasserts its responses to paragraphs 1-16 as provided above.

28. The allegations contained in paragraph 28 are conclusions of law to which no response is required. To the extent that the allegations in paragraph 28 may be deemed statements of fact, the allegations are denied.

**FIFTH CLAIM FOR RELIEF**

**(Breach of Covenant of Good Faith and Fair Dealing)**

29. Defendant reasserts its responses to paragraphs 1-28 as provided above.

30. The allegations contained in paragraph 30 are conclusions of law to which no response is required. To the extent that the allegations in paragraph 30 may be deemed statements of fact, they are denied.

31. Denies.

32. Denies.

33. Denies.

Denies that plaintiff is entitled to the relief as set forth in paragraphs 1-4 of the "WHEREFORE" clause following paragraph 33 or any relief whatsoever. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant respectfully requests that the Court enter judgment in favor of defendant and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick by s/ B. Snee
MARK A. MELNICK
Assistant Director

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON
Trial Attorney, Commercial Litigation Branch
Civil Division, U.S. Department of Justice
Attn: Classification Unit, 8th Floor, 1100 L St., NW
Washington, D.C. 20530
Tel: (202) 305-3274
Fax: (202) 514-8624

June 18, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that, on this 18th day of June 2007, I caused to be filed electronically the foregoing ANSWER with the United States Court of Federal Claims. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON