**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HERNANDEZ, KROONE AND ASSOCIATES, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | **NO. 07-165C** |
| | ) | (Judge Merow) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME**

Defendant respectfully requests that this Court grant defendant an enlargement of time of 120 days, to and including Monday, June 9, 2008, within which to complete non-expert discovery. Such discovery currently is set to close on February 8, 2008. This is defendant's first request for an enlargement of time for this purpose. Plaintiff informs us that it opposes an enlargement greater than two months unless we commit to engage in formal ADR or mediation following the close of discovery. Although we are willing to consider engaging in both ADR and other possible means of resolution upon the close of discovery, it would be inappropriate for us to commit to engage in ADR until we have completed discovery and developed a full understanding of the issues and evidence.

In support of the instant motion, we note that the parties have timely made their initial disclosures pursuant to Rule 26 of this Court and its September 6, 2007 scheduling order. In addition, the parties have agreed to an initial document exchange to be completed by December 10, 2007.

Our motion for an enlargement of time is necessary because additional time is required to develop fully the facts of this case, including, but not limited to, propounding written discovery

requests, reviewing produced documents, taking and defending the necessary depositions in California, and determining whether to retain one or more expert witnesses.

Moreover, additional time for discovery is necessary due to plaintiff's vague allegations in this case. For example, while plaintiff alleges that the Government wrongly failed "to make equitable adjustments and modifications to the contract for requested changes," see Pl. Am. Compl. at ¶ 14(c), plaintiff's complaint does not identify what, if any, alleged changes to the contract were ordered by someone with authority to do so. Similarly, while plaintiff conclusorily alleges that it was required "to provide, labor, services, equipment and materials beyond the requirements of the contract," plaintiff provides no factual details whatsoever. Id. at ¶ 14(g). The same is true with respect to plaintiff's allegation that Government plans and specifications "were not accurate, workable, correct [or] sufficient" – plaintiff's complaint does not identify a single such plan or specification, whether by section number, title, or otherwise. Id. at ¶ 14(o).[1]

In any event, once defendant is able to ascertain the factual bases for plaintiff's conclusory legal claims, defendant will be in a position to more narrowly tailor the remainder of its discovery requests and strategy. For example, plaintiff's initial disclosures listed approximately 130 individuals, not employed by the Government, likely to have discoverable information that plaintiff may use to support its claims or defenses. In contrast to defendant's

---

[1] Indeed, given the absence of any facts in plaintiff's complaint, it arguably fails to state a claim under Rule 12(b)(6). See Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S. Ct. 1955, 1968-70 (2007) ("a wholly conclusory statement of claim" cannot "survive a motion to dismiss" simply "whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery"); Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"). However, in the interest of efficiency, we are seeking to complete discovery prior to pursuing any such dispositive motions.

disclosures, however, plaintiff's disclosures did not even generally "identify[] the subject of the information" likely possessed by those individuals. See RCFC 26(a)(1)(A). Permitting defendant sufficient time to engage in staged or tiered discovery – e.g., to first determine which individuals disclosed by plaintiff should be deposed, interviewed, or subpoenaed – ultimately will conserve the parties' and this Court's resources and, pursuant to Rule 1 of this Court, promote the "just, speedy, and inexpensive determination" of this action.

Finally, defendant requests that the Court grant the instant motion due to other pressing case deadlines. In particular, undersigned counsel must meet discovery deadlines – in both January and February 2008 – in two other earlier-filed cases before this Court, for which enlargements already have been granted. Counsel also expects to have oral argument during the next few months on fully-briefed dispositive motions in yet another two cases pending before this Court, in addition to briefing and oral argument responsibilities in several cases pending before the Court of Appeals for the Federal Circuit.

For the foregoing reasons, defendant respectfully requests that the Court grant its motion for an enlargement of time of 120 days, to and including Monday, June 9, 2008, within which the parties must complete non-expert discovery.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON
Trial Attorney, Commercial Litigation Branch
Civil Division, Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3274
Fax: (202) 514-8624

November 30, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that, on this 30th day of November 2007, I caused to be filed electronically the foregoing DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME with the United States Court of Federal Claims. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON