**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HERNANDEZ, KROONE AND ASSOCIATES, INC.<br><br>Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | **NO. 07-165C**<br>(Judge Merow) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS**
**MOTION FOR AN ENLARGEMENT OF TIME**

On December 17, 2007, plaintiff Hernandez, Kroone and Associates, Inc. ("HKA") filed its opposition to defendant's motion for an enlargement of time. In that opposition, HKA summarized defendant's arguments, but did not dispute them. Thus, HKA does not deny: (a) that it consented to a two month enlargement of time; (b) that it offered to consent to the four months we seek, in exchange for our commitment to engage in formal ADR or mediation following the close of discovery; or (c) that HKA's complaint contains only conclusory legal allegations. Accordingly, we respectfully request that the Court grant our motion for an enlargement of time of 120 days, to and including Monday, June 9, 2008, within which to complete non-expert discovery.

First, HKA's opposition is simply disingenuous in light of the offer HKA made the Government with respect to ADR. Despite the fact that HKA would have consented to our instant request for an enlargement of time – had we agreed to engage in ADR – HKA now asserts that our requested enlargement would "create[] significant scheduling conflicts for

Plaintiff and Plaintiff's counsel." Pl. Opp. at 2. Notably, however, HKA never raised this issue with undersigned counsel for the Government.

Second, HKA does not dispute that additional time is required to develop fully the facts of this case, including, but not limited to, propounding written discovery requests, reviewing produced documents, taking and defending the necessary depositions in California, and determining whether to retain one or more expert witnesses. In that regard, HKA's opposition does not explain why a four month enlargement of time is an unreasonable duration. HKA asserts that it "is concerned" about "summer vacations[,]" but expert discovery is currently scheduled to close in the middle of the summer, on July 14, 2008. Moreover, such a concern relates to the need to cooperate in scheduling, not to a denial of our enlargement request.

Finally, while HKA argues that our "'vagueness' argument is not a valid ground for the enlargement," HKA notably does not take issue with the Government's characterization of HKA's Complaint in this case. In particular, HKA does not argue that its Complaint states a claim under RCFC 12(b)(6). See Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S. Ct. 1955, 1968-70 (2007) ("a wholly conclusory statement of claim" cannot "survive a motion to dismiss" simply "whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery"); Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"). Moreover, HKA does not dispute that its initial disclosures of possible witnesses did not comply with RCFC 26(a)(1)(A).

Because HKA cannot now articulate any rational basis for opposing our request aside from possible "summer vacations," defendant respectfully requests that the Court grant its

motion for an enlargement of time of 120 days, to and including Monday, June 9, 2008, within which the parties must complete non-expert discovery.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON
Trial Attorney, Commercial Litigation Branch
Civil Division, Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3274
Fax: (202) 514-8624

December 20, 2007

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that, on this 20th day of December 2007, I caused to be filed electronically the foregoing DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR AN ENLARGEMENT OF TIME with the United States Court of Federal Claims. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON