# In the United States Court of Federal Claims

No. 07-165 C
(Filed December 21, 2007)

************************************
HERNANDEZ, KROONE AND ASSOCIATES, INC.,
Plaintiff,

v.

THE UNITED STATES,

Defendant.
************************************

## ORDER

Following the parties' filing of the Joint Preliminary Status Report, and the court's adoption of the schedule proposed therein in an Order filed September 6, 2007, defendant filed a Motion for an Enlargement of Time to complete non-expert discovery, from the February 8, 2007 deadline contained in the court's Order, to June 9, 2008. While the parties made their initial disclosures and initial document exchanges as required by the scheduling order, defendant seeks an additional 120 days for non-expert discovery.

This litigation concerns a contract for the construction of the United States Border Patrol Station in Indio, California. Defendant asserts that plaintiff will not consent to more than a two-month extension of the discovery deadline unless defendant commits to alternative dispute resolution or mediation following the conclusion of discovery, a commitment defendant asserts is not appropriate at this early stage of discovery. Amended Complaint allegations cited in defendant's motion include: (1) unspecified requests for equitable adjustments, contract changes and modifications; (2) unspecified requests to provide labor, services, equipment and materials beyond the requirement of the contract; and (3) vague allegations that the plans and specifications "were not accurate, workable, correct [or] sufficient." Also, plaintiff identified approximately 130 individuals, not employed by the government, likely to have discoverable information in connection with those allegations. In those

disclosures, defendant adds, plaintiff did not "identify [] the subject of the information" within the possession of those individuals, as required by RCFC 26(a)(1)(A). Accordingly, defendant asserts, tiered or staged discovery, is necessary for the efficient discovery of the facts. This takes times. Defendant also cites pressing commitments in other cases.

Plaintiff counters that the "vagueness" of the allegations in the Complaint asserted is not new, but existed at the time the initial schedules were submitted in the JPSR. While sympathetic to conflicting time commitments (having granted defendant two previous extensions), plaintiff is concerned that discovery extensions would result in cascading extensions of other deadlines into the summer months of June, July and August when vacations may cause additional scheduling delays. Plaintiff requests that any summer deadlines be avoided.

Defendant's Reply points out that plaintiff's Opposition does not dispute the substance of the Motion, but raises, for the first time, concerns about summer schedules. The existing deadline for expert discovery is July 14, 2008 – in the middle of the summer. And, defendant adds, that concern is related to cooperation in scheduling, not a denial of the need for additional time for non-expert discovery.

The court concludes, particularly given plaintiff's listing of more than 100 individuals with knowledge of matters relevant to this litigation, and plaintiff's agreement to a two (but not a four) month extension of non-expert discovery, an extension in this regard is appropriate.

Accordingly, it is **ORDERED** that close of non-expert discovery is extended to **May 8, 2008.** Any requests for extension of the deadlines for designation of experts and expert report(s) in the court's September 6, 2007 scheduling order must be made by separate motion.

s/ James F. Merow
James F. Merow
Senior Judge