NO. 07-165C
(Judge Merow)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

HERNANDEZ, KROONE AND
ASSOCIATES, INC.,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

# DEFENDANT'S MOTION TO COMPEL PRODUCTION OF RESPONSES TO DEFENDANT'S INTERROGATORIES AND DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

MARK A. MELNICK
Assistant Director

MATTHEW H. SOLOMSON
Trial Attorney, Commercial Litigation Branch
Civil Division, Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3274

March 26, 2008

Attorneys for Defendant

TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

DEFENDANT'S MOTION TO COMPEL PRODUCTION OF RESPONSES TO DEFENDANT'S INTERROGATORIES AND DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I. HKA's Objections And Responses To Defendant's Interrogatories Are Improper 6

II. The Court Should Grant Our Motion For An Enlargement Of Time . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## TABLE OF AUTHORITIES

### CASES


AAB Joint Venture v. United States,
74 Fed. Cl. 367 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Bell Atlantic Corp. v. Twombly,
-- U.S. --, 127 S. Ct. 1955 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 5

Chesler v. United States,
118 F.R.D. 1 (D.D.C. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton,
136 F.R.D. 682 (D. Kan. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Daiflon, Inc. v. Allied Chemical Corp.,
534 F.2d 221 (10th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Medina Const., Ltd. v. United States,
43 Fed. Cl. 537 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14

RLI Ins. Co. v. B & W Contractors, Inc.,
2007 WL 474949 (N.D. Miss. Feb. 9, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Sabel v. Mead Johnson and Co.,
110 F.R.D. 553 (D. Mass. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **HERNANDEZ, KROONE AND ASSOCIATES, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **NO. 07-165C** |
| | ) | **(Judge Merow)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO COMPEL PRODUCTION OF RESPONSES TO DEFENDANT'S INTERROGATORIES AND DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME**

Pursuant to Rule 37 of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests the Court to order plaintiff, Hernandez, Kroone and Associates, Inc. ("HKA"), to provide proper and complete responses to certain interrogatories served upon plaintiff on December 12, 2007. As explained in detail below, HKA's objections in response to those interrogatories are not valid and are, in many cases, without any basis in the RCFC. The United States certifies that it has conferred in good faith with plaintiff in an effort to secure HKA's responses without court action. In addition, we hereby respectfully move for an enlargement of time of various durations, as explained below, with respect to each item on the Court's September 6, 2007 scheduling order.

**FACTUAL BACKGROUND**

On November 30, 2007, we moved for an enlargement of time of 120 days in order to complete non-expert discovery. In that motion, we demonstrated that additional time was necessary to "develop fully the facts of this case, including, but not limited to, propounding written discovery requests, reviewing produced documents, taking and defending the necessary depositions in California, and determining whether to retain one or more expert witnesses." In

particular, we explained that "additional time for discovery is necessary due to plaintiff's vague allegations in this case" and that once "defendant is able to ascertain the factual bases for plaintiff's conclusory legal claims, defendant will be in a position to more narrowly tailor the remainder of its discovery requests and strategy." In that regard, we pointed out that, "given the absence of any facts in plaintiff's complaint, it arguably fails to state a claim under Rule 12(b)(6).[1] However, "in the interest of efficiency," we elected to complete discovery prior to pursuing any such dispositive motions.

On December 21, 2007, the Court granted our motion for an enlargement, extending the close of non-expert discovery to May 8, 2008. With respect to the remaining deadlines contained in the Court's September 6, 2007 scheduling order, the Court ordered that any additional enlargement requests be made by separate motion.

On December 12, 2007, defendant served upon plaintiff its first set of interrogatories and requests for production of documents. Although HKA's responses to those discovery requests were due within 30 days, HKA asked, on or about January 11, 2008, for an additional two weeks (to January 25, 2008) to respond to our discovery requests. We agreed to that request.

On January 24, 2008, we provided HKA with the Government's contract file on seven (7) CD-ROMs. Those CD-ROMs replaced others that had been provided to HKA previously, on December 12, 2007, but that had been missing some documents and that lacked Bates-numbers.

---

[1] See Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S. Ct. 1955, 1968-70 (2007) ("a wholly conclusory statement of claim" cannot "survive a motion to dismiss" simply "whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery").

HKA responded to our first set of interrogatories on January 25, 2008.[2] See Exhibit 1.[3] In general, plaintiff responded to each interrogatory by stating one or more baseless objections and then providing limited information in response to the interrogatory "[s]ubject to the conditions and objections as set forth . . ., and without waiving said objections." Thus, by the terms of HKA's responses, the information provided does not purport to represent a complete and accurate response to each interrogatory. Instead, HKA has provided some information related to the interrogatory, but apparently only on a voluntary basis.

On February 14, 2008, we wrote HKA to explain "that a number of HKA's objections and responses" to our interrogatories were "either misplaced, nonresponsive, or insufficient." See Exhibit 2. In particular, we raised concerns with respect to HKA's responses to Interrogatory Nos. 2, 4, 5, 6, 7, 9, and 12,[4] and informed HKA that its responses did "nothing to remedy the deficiencies in its Amended Complaint that were identified in our [motion for enlargement]."

On February 22, 2008, HKA responded to the issues raised in our February 14, 2008 letter, and provided Supplemental Responses to our interrogatories. See Exhibit 3. In that letter, HKA indicated that if we "still ha[d] concerns regarding HKA's [interrogatory] responses," HKA's counsel, Ms. Milene C. Apanian, was "available to further meet and confer by phone."

---

[2] Although HKA's responses were served on the Government on January 25, 2008, we first received them on January 31, 2008, via facsimile.

[3] References to "Interrogatory No. __" herein are to the interrogatories propounded as part of the Government's first set of interrogatories.

[4] Our letter mistakenly referenced Interrogatory No. 1, although it clearly addressed Interrogatory No. 2.

On February 25, 2008, undersigned counsel for the United States contacted Ms. Apanian via phone to discuss our view that selected HKA responses to our interrogatories remained deficient and failed to comply with this Court's rules. During that conversation, we were unable to reach an agreement regarding HKA's obligation to provide further information. Following that conversation, however, Ms. Apanian sent an e-mail to undersigned counsel in which she asked "that if the US still has concerns regarding HKA's responses, that the US clearly and in writing identify those remaining concerns, and to allow HKA an opportunity to respond." See Exhibit 4. Indeed, Ms. Apanian went so far as to say that "[i]f the US files a motion against HKA without further efforts to resolve the outstanding issues which the government thinks may still exist, it will do so in violation of the statutory requirements to engage in good faith efforts to resolve disputes prior to filing motions." Id.

On or about March 5, 2008, we received replacement CD-ROMs from HKA, more than one month after we concluded our document production to HKA. See Exhibit 5. Indeed, the documents that HKA initially provided to us omitted Bates-numbers, the very deficiency about which HKA had complained to us with respect to our document production. As noted above, we provided HKA with replaced documents precisely because we concurred with HKA that unnumbered documents would make document review and depositions unduly cumbersome.

On March 12, 2008, in a final attempt to avoid involving the Court in this discovery dispute, we complied with HKA's request, per Ms. Apanian's aforementioned February 25, 2008 e-mail, to "clearly and in writing identify . . . remaining concerns, and to allow HKA an opportunity to respond." See Exhibit 4. Indeed, we addressed, in a detailed letter and table, not only HKA's general objections, but also HKA's specific interrogatory responses and explained

why they remained deficient and nonresponsive. See Exhibit 6. The table also contained a discussion of the legal principles upon which we base the instant motion. Finally, in our March 12, 2008 letter to HKA, we also asked whether it would oppose a motion for enlargement of time of three months to each item on the current schedule.

On March 18, 2008, HKA declined to respond further, "find[ing] it unnecessary to waste time correcting [the Government's] misstatements." See Exhibit 7. Instead, HKA elected "only [to] address [the] request for an enlargement of time." Id. Rather than consenting to our proposed three month enlargement to each item on the schedule, HKA instead proposed to enlarge one deadline by a month, another by three months, and yet two others by nearly six months. Id.

Despite HKA's March 18 communication that it declined to engage in any further discussion about our objections to its responses, on March 25, 2008, via e-mail, HKA informed us that we should await some further communication about the matter that it would provide by April 4, 2008. See Exhibit 8. HKA, however, did not retract its previous refusal to respond further to our discovery objections, and gave us no reason to believe that HKA intends to resolve our objections. Id. Although counsel for HKA complained that we served our March 12, 2008 letter while she was out of the office, see id., we accounted for her absence in requesting a response to our letter, see Exhibit 9, and nothing in her first response to it indicated that HKA needed additional time for a second response.

As explained in more detail below (as well as in our March 12, 2008 letter to HKA), HKA's responses to selected interrogatories are deficient or otherwise improper. Morever,

HKA's proposed revisions to the schedule in this case are self-serving, and demonstrate HKA's disregard for the requirement to attempt to resolve such matters without involving the Court.

## ARGUMENT

### I. HKA's Objections And Responses To Defendant's Interrogatories Are Improper

As explained above, HKA's approach to our interrogatories was to respond in piecemeal, relying on general and vague objections. Indeed, notwithstanding our compliance with HKA's last request that we detail our objections to HKA's responses in writing, HKA declined to provide any additional information whatsoever. HKA's failure to respond to our discovery requests would subject the United States to the kind of trial by ambush that the discovery rules are designed to avoid.[5]

**Interrogatory No. 2.** Interrogatory No. 2 requests that HKA identify people "responsible for the negotiation or performance" of the contract at issue and a description of such responsibility. HKA has identified Richard Hernandez, Anne Hernandez, Roland Hill, Nancy Cooper, and Joseph Figueroa. HKA also provided a brief description of those individuals' knowledge with respect to this case.

Although HKA's response appears to be responsive – and we are satisfied generally with its response to this interrogatory – HKA also asserts a variety of objections to the interrogatory, upon which HKA may be declining to provide additional information. Accordingly, we asked

---

[5] See RLI Ins. Co. v. B & W Contractors, Inc., 2007 WL 474949, *1 (N.D. Miss. Feb. 9, 2007) ("The court cautions defendants that they will not be permitted to conduct a trial by ambush, and the court may well exclude certain evidence at trial if it becomes apparent that plaintiff would be unduly prejudiced by the admission of such evidence."); Chesler v. United States, 118 F.R.D. 1 (D.D.C. 1987) (granting defendants' motion for an order to compel the plaintiff to answer certain interrogatories, or, in the alternative, to exclude at trial any evidence and witnesses which have not been included in those discovery responses absent good cause shown).

that HKA confirm whether or not there are other HKA employees that were “responsible for the negotiation or performance” of the contract at issue. HKA refuses to do so.

**<u>Interrogatory No. 4.</u>** Interrogatory No. 4 asks HKA to identify “in detail”: (1) “the factual bases for the allegation contained in paragraph 14(j) of HKA's Complaint in this case, that the Government excluded HKA from portions of the project and prevented HKA from performing the contract work at those times and places”; and (2) “all specific instances where HKA alleges such exclusion to have occurred.”

In HKA’s initial (1/25/08) response, HKA stated only that “throughout the Project, the Government failed to obtain the necessary cooperation of other agencies, including the cooperation of the Imperial Irrigation District which had control over allowing right of entry to the Project.” HKA’s second (2/22/08) response further identified the City of Indio and alleged that defendant “failed to obtain necessary permits [to] allow[] HKA to perform Imperial Irrigation District required work within the street right of way.”

Because HKA continues to assert objections to this interrogatory, it is unclear whether HKA’s various responses are exhaustive. First, while HKA ’s response specified only the Imperial Irrigation District and the City of Indio, HKA’s response suggests that the Government failed to obtain the cooperation of other, unidentified agencies. Second, although HKA’s responses identify alleged instances in which the Government failed to cooperate, HKA has identified no instances in which “the Government excluded HKA from portions of the project” or “prevented HKA from performing the contract.” Indeed, HKA entirely has failed to identify “all specific instances where HKA alleges such exclusion to have occurred.” HKA should be required to confirm that there are no instances in which “the Government excluded HKA from

portions of the project" or "prevented HKA from performing the contract." If there are such instances, HKA should enumerate all specific instances of such exclusions.

**<u>Interrogatory No. 5</u>.** Interrogatory No. 5 asks HKA to identify "in detail": (1) "the factual bases for the allegation contained in paragraph 14(i) of HKA's Complaint in this case that the Government interfered with or otherwise disrupted or delayed HKA's performance of the contract"; and (2) "each specific instance where HKA alleges such interference occurred."

In HKA's initial (1/25/08) response, HKA answered: "[T]hroughout the Project, the Government failed to timely respond to request for information, request for clarifications and request for change orders[.] Furthermore, the Government failed to timely identify the requirements of its customer/end user, and also frequently misdirected work and misinterpreted contract requirements." In HKA's second (2/22/08) response, HKA asserted that it "has sufficiently responded to this interrogatory." In particular, HKA argues that "[i]n order for HKA to further respond to this interrogatory and to provide the exact date of every single interference, disruption or delay, HKA would have to engage in a burdensome and expensive research of project records generated during approximately 18 months . . . ." Finally, HKA argues that it "has answered by specifying the HKA records from which the answer may be obtained by the [United States]."

Because HKA continues to assert objections to this interrogatory, it is unclear whether HKA's various responses are exhaustive. Moreover, the Government is entitled to the details we seek. Indeed, HKA thus far has provided <u>no</u> factual details to support the allegation contained in paragraph 14(i) of its complaint. HKA's response to this interrogatory is no more sufficient than the allegation in HKA's complaint to which the interrogatory is directed.

HKA's reliance upon what is now RCFC 33(d) and Daiflon, Inc. v. Allied Chemical Corp., 534 F.2d 221 (10th Cir. 1976), is misplaced. In that case, "the responding party specifically identified documents which would provide the [requested] information." Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton, 136 F.R.D. 682, 686-87 (D. Kan. 1991) (emphasis in original); see also Sabel v. Mead Johnson and Co., 110 F.R.D. 553, 556 (D. Mass. 1986) (holding that "a response pursuant to Rule 33(c) must refer to specific documents and state that the information sought can be found therein"). Moreover, Daiflon "was decided in 1976, prior to the 1980 Advisory Committee Note" to the Rule. Caton, 136 F.R.D. at 687 n.1. In Caton, the district court, quoting the 1980 Advisory Note, explained that it is "an abuse" by the responding party to "direct[] the interrogating party to a mass of business records or by offering to make all of the records available." Id. at 686-87 (holding that "plaintiff has failed to identify, with specificity, where the information can be obtained" and that defendant "is entitled to a specific and substantive answer" regarding "the dollar amount of plaintiff's claimed damages"); see also id. at 688-89 (holding defendant "must be allowed to require the accusing party to set forth, with particularity, what he is accused of doing, not doing, or both"). In this case, HKA has not met the standard articulated in either Daiflon or the 1980 Advisory Note to the Federal Rules of Civil Procedure.

Finally, our discovery request is aimed at plaintiff's beliefs and intent regarding the factual bases of its claim; the Government is not required to review HKA's documents in an attempt to divine upon what putative "facts" HKA will rely to support its claims. See id. at 690 ("Plaintiff's argument that defendant can discern, from the general mass, exactly what plaintiff claims . . . is almost absurd.").

**Interrogatory No. 6.** This interrogatory requires HKA to "[s]tate in detail the factual bases for the allegation contained in paragraph 14(o) of HKA's Complaint in this case that contract plans, specifications or other materials provided to HKA by the Government were not accurate, workable, correct, or sufficient, and identify every such error or alleged defective specification." In response, HKA listed numerous items covered by the contract, including, but not limited to: "weed barriers, permits, modular building, asphalt quantities, aggregate base, sidewalks, anti climb fabric for the fence, water meters, traffic control testing for subgrade and asphalt or soil testing, lockers, [and] service conduits . . . ."

Although HKA has identified categories of contract work, regarding which HKA alleges the Government allegedly provided defective specifications, those categories are not themselves the contract specifications. Rather, HKA must identify "every . . . alleged defective specification." The Government is entitled to know each and every contract specification – identified by number – that HKA alleges is defective. See Caton, 136 F.R.D. at 689 ("Thus interrogatories, or other discovery thrusts, directed at complaints, answers, replies or other basic pleadings . . . to discover the detail factual basis for a particular allegation or alleged cause of action, are entirely proper and appropriate."). This, HKA has not done, and the Court should compel HKA to comply.

**Interrogatory No. 7.** This interrogatory requires HKA to "[i]dentify all costs HKA included in its various claims (e.g., the claims submitted on or about December 13, 2005, December 23, 2005, December 15, 2005, December 20, 2005, February 23, 2006, and May 3, 2006) submitted to the contracting officer, but for which costs the Plaintiff does not seek compensation under its First Amended Complaint." It further asks HKA whether "any costs

included in any claim duplicate costs included in any other claim" and, if so, instructs HKA "[to] identify the duplicated costs."

HKA responded that its amended complaint "seeks damages, including but not limited [to] those arising from the unilateral change order regarding the January 25th proposal, lights and security cameras for unilateral change order dated November 30, 2005, light car wash water, electrical utility conduit, for the addition of scope of work due to Imperial Irrigation District, contract scope of work changes, payment withholdings, extra work, including but not limited to wires and asphalt work, interest and prompt payment penalties pursuant to the contract and relevant statutes." HKA further asserted that "[i]nvestigation and discovery is continuing, and to further respond to this interrogatory would require the opinion of expert witnesses."

This interrogatory asks HKA to identify particular costs, not categories of damages. In particular, we are entitled to know whether HKA has abandoned certain claims that were originally submitted to the relevant contracting officer. To that end, we asked HKA to identify costs included in HKA's various claims to the contracting officer that HKA is not pursuing under its First Amended Complaint. Although HKA generally described the subject matter of alleged unilateral change orders and changes to the contract scope of work, HKA did not answer this interrogatory at all.

HKA submitted at least six claims to the contracting officer and must know whether some costs in each claim are duplicative of each other, or are not being sought in this case. See, e.g., AAB Joint Venture v. United States, 74 Fed. Cl. 367, 371 (2005) ("The purpose of the certification requirement is to force contractors to use specificity in the claim that they submit to the contracting officer so that the contracting officer can give the claim full consideration before

it goes to the court."); Medina Const., Ltd. v. United States, 43 Fed. Cl. 537, 547 (1999) ("The purpose of certification is to facilitate settlements based upon a truthful submission of the contractor's costs. . . .Certification discourages the submission of fraudulent or inflated claims by making contractors liable for fraudulent representations.").

**Interrogatory No. 9.** This interrogatory requests that HKA"[s]tate in detail the factual bases for, and identify any documents that support, the allegation contained in paragraph 14(h) of HKA's Complaint in this case that the Government required HKA to provide labor, services, equipment, and materials beyond the requirements of the contract without compensation."

HKA responded that the Government required HKA to provide the following without compensation: "security lighting and cameras, site trellis on rear of building, phone and terminations allowance, additional asphalt paving, redundancy and additional work required by the Imperial Irrigation District beyond point of service to point of connection, two walk through man gates, [and] anti climb fence fabric." HKA also responded that "[t]o further respond to this interrogatory would necessitate the preparation or the making of a compilation, abstract, audit or summary" that HKA is not required make.

Due to HKA's objections to this interrogatory, it is unclear whether HKA's list of items or tasks that were allegedly "beyond the requirements of the contract" is exhaustive. The Government is entitled to know of all alleged changes for which HKA now seeks compensation. Moreover, the Government asks HKA, in this interrogatory, not simply to identify categories of work, but to "detail the factual bases for" HKA's allegation that such work was "beyond the requirements of the contract." This, HKA has not done, but should be compelled to do.

Accordingly, we ask that this Court issue an order compelling HKA to respond to the interrogatories discussed above.

## II. The Court Should Grant Our Motion For An Enlargement Of Time

We respectfully ask the Court to amend the current schedule to reflect the following deadlines:

| Event | Current Deadline | New Date |
|---|---|---|
| Close of non-expert discovery | 5/8/08 | 11/30/08 |
| Designation of experts | 3/31/08 | 6/30/08 |
| Expert reports | 5/26/08 | 12/31/08 |
| Close of expert discovery including depositions | 7/14/08 | 1/31/09 |

Such an enlargement of time is necessary because HKA did not complete its document production, including replacement CD-ROMs, to the Government until March 6, 2008. Moreover, we have engaged in a significant and protracted effort, over the course of several months, to resolve the instant discovery dispute – accommodating each of HKA's requests for additional time in the process – including drafting our detailed March 12, 2008 letter per HKA's request, but to which HKA thus far has declined to respond. In that regard, we once again note, as we did in our first motion for enlargement, that HKA, as part of its initial disclosures, listed approximately 130 individuals, not employed by the Government, likely to have discoverable information that plaintiff may use to support its claims or defenses. Those disclosures did not even generally "identify[] the subject of the information" likely possessed by those individuals, see RCFC 26(a)(1)(A), and HKA, to date, has not remedied or otherwise supplemented those

initial disclosures. Thus, we will not be in a position to assess which of those potential witnesses to depose until HKA provides complete answers to our interrogatories.

We also learned for the first time, in HKA's discovery responses, that HKA intends to present expert testimony on damages. Accordingly, we require additional time to conduct a thorough review of HKA's documents, to retain a damages expert, and to provide him or her with sufficient time to learn the facts of the case, to review any necessary documentation, and to render an opinion. Finally, counsel for the United States will be out of the office for the week of April 20, 2008, and from July 14-23, 2008. Agency counsel likewise will not be available from April 6-13, 2008. Finally,

In our March 12, 2008 letter to HKA, we asked HKA whether it would oppose our request for a three month enlargement of time to each item on the Court's September 6, 2007 scheduling order. HKA, in its March 18, 2008 letter, purported "to once again accommodate []our request to extend the deadlines in this case." See Exhibit 7. However, due to Ms. Apanian's scheduled maternity leave in July through mid-October, HKA asserted that it "cannot agree to any deadlines which fall within that time frame." Id. HKA accordingly proposed the following schedule:

| Event | Current Deadline | HKA's Proposed Date |
|---|---|---|
| Close of non-expert discovery | 5/8/08 | 6/5/08 |
| Designation of experts | 3/31/08 | 6/30/08 |
| Expert reports | 5/26/08 | 11/7/08 |
| Close of expert discovery including depositions | 7/14/08 | 12/15/08 |

HKA itself thus has proposed a five month total extension to the schedule in this case. However, rather than proposing that every deadline be extended by five months, HKA instead would ask this Court to extend only selected deadlines as necessary for its own convenience, without due regard for our request or for the need to create a workable and realistic schedule. Thus, for example, with respect to the close of non-expert discovery, HKA consented only to a single month extension, despite the fact that we informed HKA of our intention to seek, and our need for, an enlargement of time of at least three months to that deadline. Moreover, it strains credulity that either HKA's or the Government's expert will require more than four months to draft a report; yet, that is precisely what HKA has proposed.

In sum, HKA can offer no principled basis for asking this Court to extend the overall discovery schedule by five months, while insisting on only short extensions of specific deadlines contained therein.

**CONCLUSION**

For the reasons stated above, the Government respectfully requests that the Court compel HKA to respond to the interrogatories at issue, and that the Court issue a scheduling order setting deadlines per our above request.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON
Trial Attorney, Commercial Litigation Branch
Civil Division, Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3274

March 26, 2008

Attorneys for Defendant

# EXHIBIT 1

301 North Lake Avenue, 7th Floor • Pasadena, CA 91101-5118 • Voice: 626-440-5200 • Fax: 626-796-0107 • www.huntortmann.com

Hunt Ortmann
Attorneys At Law

Hunt
Ortmann
Palffy
Nieves
Lubka
Darling
& Mah,
Inc.

# FACSIMILE TRANSMISSION

January 31, 2008

11 am/~~pm~~

| NAME/COMPANY | TELEPHONE | FACSIMILE |
|---|---|---|
| Matthew H. Solomson<br>United States Dept. of Justice | | (202) 514-8624 |

FROM: Milene C. Apanian

RE: HKA v. US

FILE NO.: 3291.002

PAGES: 28 (including cover page)

ORIGINAL: Already sent by U.S. Mail

MESSAGE:

**If You Do Not Receive All Pages, Please Call Susan at (626) 440-5200**

**CONFIDENTIALITY NOTICE**

THE DOCUMENTS ACCOMPANYING THIS TELECOPY TRANSMISSION CONTAIN CONFIDENTIAL INFORMATION BELONGING TO THE SENDER WHICH IS LEGALLY PRIVILEGED. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THE TRANSMITTED INFORMATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE TO ARRANGE FOR RETURN OF ORIGINAL DOCUMENTS TO US.

129367.1 MCA 3291.002

COPY

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HERNANDEZ, KROONE AND ASSOCIATES, INC.,<br><br>**Plaintiff,**<br><br>vs.<br><br>THE UNITED STATES,<br><br>Defendant. | CASE NO. 07-165 C<br><br>HERNANDEZ, KROONE AND ASSOCIATES, INC.'S RESPONSES TO FIRST SET OF INTERROGATORIES PROPOUNDED BY UNITED STATES OF AMERICA<br><br>The Hon. Judge James F. Merow<br><br>Action Filed: March 13, 2007 |

This preamble is incorporated into each of the Interrogatory Responses and Request For Production of Document Responses which follows hereafter:

This responding party has not fully completed an investigation of the facts relating to this case, has not fully completed discovery in this action, and has not completed preparation for the trial. All of the responses contained herein are based upon such information and Documentation which is presently available to and specifically known to this responding party, and addresses only those contentions which presently occur to such responding party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth.

The following Responses to Interrogatories and Responses to Request For Production of Document are given without prejudice to responding party's right to produce evidence of any subsequently-discovered fact or facts which this responding party may later discover or recall. The following Responses to Interrogatories and Responses to Request For Production of Document are given without prejudice to responding party's right to discover and/or recall

additional witnesses and/or Documents, or their relationship to various facts in this action, which may not be identified or related in these Responses. Responding party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analysis are made, legal research is completed and contentions are propounded. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known within the time deadline required for responding to these Interrogatories and Request For Production of Document, but should in no way be prejudicial to the responding party in relating to further discovery, research or analysis.

Each Interrogatory and Request For Production of Document set forth below is objected to, to the extent that it calls for any response which is in any way protected by the attorney-client privilege or protected by the attorney work product doctrine.

Furthermore, objection is made to each and every one of these Interrogatory and Request For Production of Document because of the improper format of the request. By combining the Interrogatories with the Request For Production of Document, requesting party has caused unwarranted oppression and placed undue burden and expense on responding party by creating unnecessary confusion and complication. Also, objection is made because "Document" improperly defined to include all documents, "regardless of whether claimed to be privileged or confidential.

Lastly, objection is made to the entire set of Interrogatory because as phrased, and specially with the inclusion of the introductory material containing "Definitions And Instructions," the requests contain multiple subparts which make the interrogatories compound, conjunctive or disjunctive, and substantially increase the actual number of the interrogatories beyond the permitted 25. Additionally, requiring numerous and confusing references back to confusing and complicated definitions while trying to answer the questions means that if responding party misses any part of the definitions, it would result in an incomplete or incorrect answer to the request.

Subject to the conditions and objections as set forth above, the responding party responds as follows:

HUNT ORTMANN [illegible]FFY NIEVES
LUBKA DARLIN[illegible] [illegible]MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

**INTERROGATORY NO. 1**:

Identify all persons known to Plaintiff as having any knowledge of the facts and circumstances surrounding HKA's Complaint in this case. Indicate as to each the general substance of that person's knowledge, whether he may be called as a witness in the trial of this matter, and if so, the general substance of his expected testimony.

**RESPONSE TO INTERROGATORY NO. 1**:

This interrogatory is objected to insofar as it incorporates the introductory material containing "Definitions And Instructions," because as defined the terms "Plaintiff" and "HKA" include responding party's "present and former attorneys," and as such seeks confidential information transmitted in an attorney-client communication which is protected by the attorney-client privilege, and also seeks information given to, or obtained by, counsel in preparation for litigation which is protected by the attorney work-product privilege. Additionally, this request seeks facts to be relied upon at trial, rather than facts about the case, which information is also protected by the attorney work-product privilege.

This interrogatory is further objected to insofar as it incorporates the introductory material containing "Definitions And Instructions," defining the terms "Identity" or "identify" to include references to multiple meanings, and therefore makes this request confusing and compound and containing subparts. Additionally, the purported incorporation of the definition in the question is so phrased that to miss one part of that definition would result in an incomplete or incorrect answer to the interrogatory.

This interrogatory is further objected to because it seeks facts to be relied upon at trial, rather than facts about the case, and also the identity of lay witnesses the responding party intends to call at trial and the substance of each lay witness' testimony, which information is protected by the attorney work-product privilege. Additionally, pursuant to Appendix A to the Rules of the united States Court of Federal Claims, VI. Post Discovery Proceedings, 13., a meeting of counsel is to be had "no later than 63 days before the pretrial conference" to accomplish (b)... "Exchange a list of names, addresses, and telephone numbers of witnesses... who may be called at trial..." A

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107



129226.1 MCA 3291.002

pretrial conference has not yet been scheduled in this case. Additionally, since discovery is still ongoing, and pursuant to the Rules, this request is premature.

Subject to the conditions and objections as set forth above, and without waiving said objections, and in an effort to fairly respond to this interrogatory, the responding party responds that the following individuals have knowledge of the facts regarding the Project: Richard and Anne Hernandez, Owners of Hernandez Kroone & Associates have knowledge about the project, Nancy Cooper, project engineer at HKA has knowledge regarding the engineering design and construction support, Joseph Figueroa, Project Surveyor has knowledge about project surveys, Roland Hill, Construction Resident has knowledge regarding the daily activities at the Project. Additionally, all HKA subcontractors and their personnel have knowledge of the Project and the performance of their respective work at the site. City of Indio personnel have knowledge regarding City's policies and requirements as they relate to the Project, Imperial Irrigation District personnel have knowledge of IID's policies, procedures and requirements as they relate to the Project. US Army Corps of Engineers and US Boarder Patrol personnel also have knowledge of the Project. As part of the Initial Disclosures, HKA provided a complete and comprehensive list of all individuals likely to have discoverable information that HKA may use to support its claims in this matter.

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

**INTERROGATORY NO. 2:**

Identify each person who participated in or was in any way involved with or responsible for the negotiation or performance of Plaintiff's contract. When Identifying each person, describe.

a. the nature of his or her participation;

b. the number of years of construction experience that person had prior to beginning work on the Contract; and,

c. other U.S. Government construction contracts in which that person participated prior to starting work on the Contract

**RESPONSE TO INTERROGATORY NO. 2:**

This requests is objected to as it contains multiple subparts; i.e. one regarding "negotiations," and another regarding "performance" which make the interrogatories compound,

conjunctive or disjunctive, and therefore makes this interrogatory request more than one. This interrogatory is further objected to insofar as it incorporates the introductory material containing "Definitions And Instructions," defining the terms "Identity" or "identify" to include references to multiple meanings, and therefore makes this request confusing and compound and containing subparts. Additionally, the purported incorporation of the definition in the question is so phrased that to miss one part of that definition would result in an incomplete or incorrect answer to the interrogatory.

Subject to the conditions and objections as set forth above, and without waiving said objections, and in an effort to fairly respond to this interrogatory, responding party responds as follows: that the following individuals have knowledge of the facts regarding the Project and negotiations:

Richard Hernandez: Approximately 24 years of construction experience, including experience on numerous federally funded projects with various agencies, Department of Labor, Fort Irwin, March Air Force Base, El Centro Navel Facility, U.S. Forest Service & numerous building renovations on private property.

Anne Hernandez: Approximately 20 years of construction experience, including experience on numerous federally funded projects with various agencies, Department of Labor, , U.S. Forest Service & numerous building renovations on private property.

Roland Hill: Approximately 25 years of construction experience, including experience on Department of Labor, Fort Irwin, March Air Force Base, El Centro Navel Facility, U.S. Forest Service and other projects unknown to responding party.

Nancy Cooper and Joseph Figueroa of HKA also have knowledge of HKA's performance of the work on the Project. ,Additionally, all HKA subcontractors and their personnel have knowledge of the Project and the performance of their respective work at the site. City of Indio personnel have knowledge regarding City's policies and requirements as they relate to the Project, Imperial Irrigation District personnel have knowledge of IID's policies, procedures and requirements as they relate to the Project. US Army Corps of Engineers and US Boarder Patrol personnel also have knowledge of the Project. As part of the Initial Disclosures, HKA provided a

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

complete and comprehensive list of all individuals likely to have discoverable information that HKA may use to support its claims in this matter.

**INTERROGATORY NO. 3:**

Identify all persons hired by Plaintiff as consultants on the Project, including any consultants employed by HKA to do any work with respect to HKA's Claims submitted to the corps contracting officer, upon which HKA's Complaint in this case is based. For each person identified, describe in detail the nature of the consulting services provided, the dates on which consulting services were provided, and Identify any contracts with the consultant and produce any Documents created as a result of the consulting services.

**RESPONSE TO INTERROGATORY NO. 3:**

This interrogatory is objected to insofar as it incorporates the introductory material containing "Definitions And Instructions," because as defined the terms "Plaintiff" and "HKA" include responding party's "present and former attorneys," and as such seeks confidential information transmitted in an attorney-client communication which is protected by the attorney-client privilege, and also seeks information given to, or obtained by, counsel in preparation for litigation which is protected by the attorney work-product privilege. Additionally, this request seeks facts to be relied upon at trial, rather than facts about the case, which information is also protected by the attorney work-product privilege.

This interrogatory is further objected to insofar as it incorporates the introductory material containing "Definitions And Instructions," which define the term "Claim" to include "any other request for relief included in the Complaint" because this definition makes the request confusing, and also seeks confidential information transmitted in an attorney-client communication which is protected by the attorney-client privilege, and also seeks information given to, or obtained by, counsel in preparation for litigation which is protected by the attorney work-product privilege. Additionally, this request seeks facts to be relied upon at trial, rather than facts about the case, which information is also protected by the attorney work-product privilege.

This requests is further objected to as it contains multiple subparts; i.e. one regarding "consultants on the Project" and one regarding " consultants employed by HKA to do any work

HUNT ORTMAN[illegible] [illegible]LFFY NIEVES
LUBKA DARLI[illegible] [illegible]MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

with respect to HKA's claims submitted to the Corps contracting officer..." which make the interrogatories compound, conjunctive or disjunctive, and therefore makes this interrogatory request more than one.

Subject to the conditions and objections as set forth above, and without waiving said objections, and in an effort to fairly respond to this interrogatory, responding party responds as follows: HKA did not hire consultants.

OBJECTION AS TO PRODUCTION REQUEST:

The request to produce documents is objected to as it fails to comply with FRCP and RCFC (Rule 34) because the request fails to set for the either by individual item or by category, the items to be inspected and describe each with reasonable particularity. Additionally, responding party objects to this request because it has already produced for requesting party all of its Project documents. Requiring responding party to one again produce the same documents would cause unwarranted oppression and place an undue burden and expense on responding party.

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

**INTERROGATORY NO. 4:**

State in detail the factual bases for the allegation contained in paragraph 14(j) of HKA's Complaint in this case, that the Government excluded HKA from portions of the project and prevented HKA from performing the contract work at those times and places. Identify all specific instances where HKA alleges such exclusion to have occurred. Produce all Documents that HKA has used, or will use, to support that allegation.

**RESPONSE TO INTERROGATORY NO. 4:**

This interrogatory is objected to insofar as it incorporates the introductory material containing "Definitions And Instructions," defining the terms "Identity" or "identify" to include references to multiple meanings, and therefore makes this request confusing and compound and containing subparts. Additionally, the purported incorporation of the definition in the question is so phrased that to miss one part of that definition would result in an incomplete or incorrect answer to the interrogatory.

Subject to the conditions and objections as set forth above, and without waiving said objections, and in an effort to fairly respond to this interrogatory, responding party responds as

follows: throughout the Project, the Government failed to obtain the necessary cooperation of other agencies, including the cooperation of the Imperial Irrigation District which had control over allowing right of entry to the Project.

OBJECTION AS TO PRODUCTION REQUEST:

The request to produce documents is objected to as it fails to comply with FRCP and RCFC (Rule 34) because the request fails to set for the either by individual item or by category, the items to be inspected and describe each with reasonable particularity. Additionally, responding party objects to this request because it has already produced for requesting party all of its Project documents. Requiring responding party to one again produce the same documents would cause unwarranted oppression and place an undue burden and expense on responding party.

This request is further objected to because the purported category is not reasonable, it is not the type of category in which responding party or any similar business maintains its records in the ordinary course of its business. As a result, the category does not adequately inform the custodian of records of that which is desired to be identified and produce. It would require a comprehensive search through extensive files, to see what may exist that fits propounding party's purported category. This is an unreasonably burden. Furthermore, the responding party's custodian of records would not – without assistance from counsel- be able to determine which documents responding party has used, or will use to support its contentions. Requiring counsel for responding party to perform this task would require counsel to reveal counsel's impressions, conclusions, opinions, legal research or theories which are protected by the attorney work-product privilege.

**INTERROGATORY NO. 5:**

State in detail the factual bases for the allegation contained in paragraph 14(i) of HKA's Compliant in this case that the government interfered with or otherwise disrupted or delayed HKA's performance of the contract. Identify each specific instance where HKA alleges such interference occurred. Produce all Documents that HKA has used, or will use, to support that allegation.

HUNT ORTMAN[…] [P]ALFFY NIEVES
LUBKA DARLI[…] [&] MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

**RESPONSE TO INTERROGATORY NO. 5:**

This interrogatory is objected to insofar as it incorporates the introductory material containing "Definitions And Instructions," defining the terms "Identity" or "identify" to include references to multiple meanings, and therefore makes this request confusing and compound and containing subparts. Additionally, the purported incorporation of the definition in the question is so phrased that to miss one part of that definition would result in an incomplete or incorrect answer to the interrogatory.

Subject to the conditions and objections as set forth above, and without waiving said objections, and in an effort to fairly respond to this interrogatory, responding party responds as follows: throughout the Project, the Government failed to timely respond to request for information, request for clarifications and request for change orders Furthermore, the Government failed to timely identify the requirements of its customer/end user, and also frequently misdirected work and misinterpreted the contract requirements. To further respond to this interrogatory would necessitate the preparation or the making of a compilation, abstract, audit or summary of or from the Project records, including the request for information, request for clarifications, request for change orders, correspondence regarding same, and responses by the government to such requests, correspondence with the customer/end user, correspondence and directives regarding the contract, responding party's claims; and the burden or expense of preparing or making such a compilation, abstract, audit or summary would be substantially the same for the party propounding the interrogatory as for responding party. Responding party has already produced all of its Project records for requesting party and requesting party can therefore perform its own analysis.

OBJECTION AS TO PRODUCTION REQUEST:

The request to produce documents is objected to as it fails to comply with FRCP and RCFC (Rule 34) because the request fails to set for the either by individual item or by category, the items to be inspected and describe each with reasonable particularity. Additionally, responding party objects to this request because it has already produced for requesting party all of its Project documents. Requiring responding party to one again produce the same documents would cause unwarranted oppression and place an undue burden and expense on responding party.

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

This request is further objected to because the purported category is not reasonable, it is not the type of category in which responding party or any similar business maintains its records in the ordinary course of its business. As a result, the category does not adequately inform the custodian of records of that which is desired to be identified and produce. It would require a comprehensive search through extensive files, to see what may exist that fits propounding party's purported category. This is an unreasonably burden. Furthermore, the responding party's custodian of records would not – without assistance from counsel- be able to determine which documents responding party has used, or will use to support its contentions. Requiring counsel for responding party to perform this task would require counsel to reveal counsel's impressions, conclusions, opinions, legal research or theories which are protected by the attorney work-product privilege.

**INTERROGATORY NO. 6:**

State in detail the factual bases for the allegation contained in paragraph 14(o) of HKA's Complaint in this case that contract plans, specifications or other materials provided to HKA by the government were not accurate, workable, correct, or sufficient, and Identify every such error or alleged defective specifications. Produce all Documents that HKA has used, or will use, to support that allegation.

**RESPONSE TO INTERROGATORY NO. 6:**

This interrogatory is objected to insofar as it incorporates the introductory material containing "Definitions And Instructions," defining the terms "Identity" or "identify" to include references to multiple meanings, and therefore makes this request confusing and compound and containing subparts. Additionally, the purported incorporation of the definition in the question is so phrased that to miss one part of that definition would result in an incomplete or incorrect answer to the interrogatory.

Subject to the conditions and objections as set forth above, and without waiving said objections, and in an effort to fairly respond to this interrogatory, responding party responds as follows: During the bidding process, the government issued a solicitation/specification which responding party relied on to bid the project. During the course of the Project, it became evident

HUNT ORTMAN[N P]ALFFY NIEVES
LUBKA DARL[ING] & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

to responding party that the solicitation/specification did not reflect the complete scope of work desired and/or required by the government. Additionally, the Government provided deficient drainage design at the retention pond, civil site plans, failed to provide specifications for rock sizes and asphalt at the project, and continually changed the scope and quantities of required work on the Project.

OBJECTION AS TO PRODUCTION REQUEST:

The request to produce documents is objected to as it fails to comply with FRCP and RCFC (Rule 34) because the request fails to set for the either by individual item or by category, the items to be inspected and describe each with reasonable particularity. Additionally, responding party objects to this request because it has already produced for requesting party all of its Project documents. Requiring responding party to one again produce the same documents would cause unwarranted oppression and place an undue burden and expense on responding party.

This request is further objected to because the purported category is not reasonable, it is not the type of category in which responding party or any similar business maintains its records in the ordinary course of its business. As a result, the category does not adequately inform the custodian of records of that which is desired to be identified and produce. It would require a comprehensive search through extensive files, to see what may exist that fits propounding party's purported category. This is an unreasonably burden. Furthermore, the responding party's custodian of records would not – without assistance from counsel- be able to determine which documents responding party has used, or will use to support its contentions. Requiring counsel for responding party to perform this task would require counsel to reveal counsel's impressions, conclusions, opinions, legal research or theories which are protected by the attorney work-product privilege.

**INTERROGATORY NO. 7:**

Identify all costs HKA included in its various Claims (e.g., the Claims submitted on or about December 13, 2005, December 23, 2005, December 15, 2005, December 20, 2005, February 23, 2006, and May 3, 2006) submitted to the contracting officer, but for which costs the Plaintiff does not seek compensation under its First Amended Complaint. Do any costs included

HUNT ORTMAN[?] [?]FFY NIEVES
LUBKA DARLI[?] [?] MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

in any Claim duplicate costs included in any other Claim? If so, Identify the duplicated costs. Produce all Documents containing any summary or calculation that support the quantum of HKA's Claimed damages.

**RESPONSE TO INTERROGATORY NO. 7:**

This requests is objected to as it contains multiple and discrete subparts; i.e. one regarding claims not sought under the First Amended Complaint, and one regarding duplicative costs in claims. Therefore this interrogatory is contains prohibited subparts and is more than one request.

This interrogatory is further objected to insofar as it incorporates the introductory material containing "Definitions And Instructions," defining the terms "Identity" or "identify" to include references to multiple meanings, and therefore makes this request confusing and compound and containing subparts. Additionally, the purported incorporation of the definition in the question is so phrased that to miss one part of that definition would result in an incomplete or incorrect answer to the interrogatory.

This interrogatory is further objected to insofar as it incorporates the introductory material containing "Definitions And Instructions," which define the term "Claim" to include "any other request for relief included in the Complaint" because this definition makes the request confusing, and also seeks confidential information transmitted in an attorney-client communication which is protected by the attorney-client privilege, and also seeks information given to, or obtained by, counsel in preparation for litigation which is protected by the attorney work-product privilege. Additionally, this request seeks facts to be relied upon at trial, rather than facts about the case, which information is also protected by the attorney work-product privilege.

This interrogatory is further objected to because this question is oppressive and places an undue burden on responding party, since the information sought is equally available to both parties from an analysis of the claims themselves. More specifically, all of the claims described in this request, including the supporting documentation, were provided to the requesting party during the course of the Project. Additionally, responding party has already produced all of its Project records for requesting party and requesting party can therefore perform its own analysis.

Subject to the conditions and objections as set forth above, and without waiving said

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

objections, and in an effort to fairly respond to this interrogatory, responding party responds as follows: The First Amended Complaint seeks damages, including but not limited those arising from the unilateral change order regarding the January 25th proposal, lights and security cameras, for unilateral change order dated November 30, 2005, light, car wash water, electrical utility and conduit, for the addition of scope of work due to Imperial Irrigation District, contract scope of work changes, payment withholdings, extra work, including but not limited to wires and asphalt work, interest and prompt payment penalties pursuant to the contract and relevant statutes. Investigation and discovery is continuing, and to further respond to this interrogatory would require the opinion of expert witnesses.

**INTERROGATORY NO. 8:**

Specifically Identify all work that HKA included in its proposal dated January 25, 2005, which HKA contends was not included in the contract signed by the Contracting Officer on March 29, 2005.

**RESPONSE TO INTERROGATORY NO. 8:**

This interrogatory is objected to insofar as it incorporates the introductory material containing "Definitions And Instructions," defining the terms "Identity" or "identify" to include references to multiple meanings, and therefore makes this request confusing and compound and containing subparts. Additionally, the purported incorporation of the definition in the question is so phrased that to miss one part of that definition would result in an incomplete or incorrect answer to the interrogatory.

Subject to the conditions and objections as set forth above, and without waiving said objections, and in an effort to fairly respond to this interrogatory, responding party responds as follows: Security lighting and cameras, site trellis on rear of building, phone and terminations allowance, sufficient square feet of asphalt paving, redundancy and additional work required by the Imperial Irrigation District beyond point of service to point of connection, two walk through man gates, anti climb fence fabric. To further respond to this interrogatory would necessitate the preparation or the making of a compilation, abstract, audit or summary of or from the Project records, including the government's solicitation, all bids, all contract documents, request for

HUNT ORTMAN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

information, request for clarifications, request for change orders, correspondence regarding same, and responses by the government to such requests, correspondence with the customer/end user, correspondence and directives regarding the contract, responding party's claims; and the burden or expense of preparing or making such a compilation, abstract, audit or summary would be substantially the same for the party propounding the interrogatory as for responding party. Responding party has already produced all of its Project records for requesting party and requesting party can therefore perform its own analysis.

**INTERROGATORY NO. 9:**

**State in detail the factual bases for, and Identify any Documents that support, the allegation contained in paragraph 14(h) of HKA's Complaint in this case that the Government required HKA to provide labor, services, equipment and materials beyond the requirements of the contract without compensation. Produce all Documents that HKA has used, or will use, to support that allegation.**

**RESPONSE TO INTERROGATORY NO. 9:**

This interrogatory is objected to insofar as it incorporates the introductory material containing "Definitions And Instructions," because as defined the terms "Plaintiff" and "HKA" include responding party's "present and former attorneys," and as such seeks confidential information transmitted in an attorney-client communication which is protected by the attorney-client privilege, and also seeks information given to, or obtained by, counsel in preparation for litigation which is protected by the attorney work-product privilege. Additionally, this request seeks facts to be relied upon at trial, rather than facts about the case, which information is also protected by the attorney work-product privilege.

This interrogatory is further objected to insofar as it incorporates the introductory material containing "Definitions And Instructions," defining the terms "Identity" or "identify" to include references to multiple meanings, and therefore makes this request confusing and compound and containing subparts. Additionally, the purported incorporation of the definition in the question is so phrased that to miss one part of that definition would result in an incomplete or incorrect answer to the interrogatory.

HUNT ORTMAN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

Subject to the conditions and objections as set forth above, and without waiving said objections, and in an effort to fairly respond to this interrogatory, responding party responds as follows: the government required that responding party provide the following without compensation: security lighting and cameras, site trellis on rear of building, phone and terminations allowance, additional asphalt paving, redundancy and additional work required by the Imperial Irrigation District beyond point of service to point of connection, two walk through man gates, anti climb fence fabric. To further respond to this interrogatory would necessitate the preparation or the making of a compilation, abstract, audit or summary of or from the Project records, including the government's solicitation, all bids, all contract documents, request for information, request for clarifications, request for change orders, correspondence regarding same, and responses by the government to such requests, correspondence with the customer/end user, correspondence and directives regarding the contract, responding party's claims; and the burden or expense of preparing or making such a compilation, abstract, audit or summary would be substantially the same for the party propounding the interrogatory as for responding party. Responding party has already produced all of its Project records for requesting party and requesting party can therefore perform its own analysis.

OBJECTION AS TO PRODUCTION REQUEST:

The request to produce documents is objected to as it fails to comply with FRCP and RCFC (Rule 34) because the request fails to set for the either by individual item or by category, the items to be inspected and describe each with reasonable particularity. Additionally, responding party objects to this request because it has already produced for requesting party all of its Project documents. Requiring responding party to one again produce the same documents would cause unwarranted oppression and place an undue burden and expense on responding party.

This request is further objected to because the purported category is not reasonable, it is not the type of category in which responding party or any similar business maintains its records in the ordinary course of its business. As a result, the category does not adequately inform the custodian of records of that which is desired to be identified and produce. It would require a comprehensive search through extensive files, to see what may exist that fits propounding party's

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

purported category. This is an unreasonably burden. Furthermore, the responding party's custodian of records would not – without assistance from counsel- be able to determine which documents responding party has used, or will use to support its contentions. Requiring counsel for responding party to perform this task would require counsel to reveal counsel's impressions, conclusions, opinions, legal research or theories which are protected by the attorney work-product privilege.

**INTERROGATORY NO. 10:**

Did HKA generate any Documentation of negotiations in which it participated at any time between February 2, 2005 and its receipt of the notice of award dated March 29, 2005? If so, produce copies of any Documentation of the negotiation.

**RESPONSE TO INTERROGATORY NO. 10:**

This request is objected to because the use of the term "documentation of negotiations" makes it ambiguous, uncertain, unintelligible. As a result, responding party does not understand the question as phrased. Subject to the conditions and objections as set forth above, and without waiving said objections, and in an effort to fairly respond to this interrogatory, responding party responds as follows: various bids and correspondence, including faxes and e-mails, were exchanged between responding party and requesting party.

OBJECTION AS TO PRODUCTION REQUEST:

The request to produce documents is objected to as it fails to comply with FRCP and RCFC (Rule 34) because the request fails to set for the either by individual item or by category, the items to be inspected and describe each with reasonable particularity. Additionally, responding party objects to this request because it has already produced for requesting party all of its Project documents. Requiring responding party to one again produce the same documents would cause unwarranted oppression and place an undue burden and expense on responding party.

This request is further objected to because the purported category is not reasonable, it is not the type of category in which responding party or any similar business maintains its records in the ordinary course of its business. As a result, the category does not adequately inform the custodian of records of that which is desired to be identified and produce. It would require a

HUNT ORTMANN ?FY NIEVES
LUBKA DARLIN MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

comprehensive search through extensive files, to see what may exist that fits propounding party's purported category. This is an unreasonably burden. Furthermore, the responding party's custodian of records would not – without assistance from counsel- be able to determine which documents responding party has used, or will use to support its contentions. Requiring counsel for responding party to perform this task would require counsel to reveal counsel's impressions, conclusions, opinions, legal research or theories which are protected by the attorney work-product privilege.

**INTERROGATORY NO. 11:**

Identify and describe all meetings, telephone conversations, and other written or verbal communications with any representative of the Corps and the U.S. Border Patrol in which HKA participated prior to its submitting its proposal on or about February 7, 2005 (or February 15, 2005) for the Project.

**RESPONSE TO INTERROGATORY NO. 11:**

This interrogatory is objected to insofar as it incorporates the introductory material containing "Definitions And Instructions," defining the terms "Identity" or "identify" to include references to multiple meanings, and therefore makes this request confusing and compound and containing subparts. Additionally, the purported incorporation of the definition in the question is so phrased that to miss one part of that definition would result in an incomplete or incorrect answer to the interrogatory.

This interrogatory is further objected to as it improperly seeks to obtain a statement of the contents of various documents. Document requests, not interrogatories are the appropriate means of requesting documents.

This interrogatory is further objected to as it is ambiguous, uncertain, unintelligible because it is not clear which date responding party is to use in responding to this request, and as a result responding party does not understand the question. To further respond to this interrogatory would necessitate the preparation or the making of a compilation, abstract, audit or summary of or from the Project records, including the solicitation, specification, faxes, e-mails, correspondence to and from responding party and requesting party, and the burden or expense of preparing or making

HUNT ORTMAN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

such a compilation, abstract, audit or summary would be substantially the same for the party propounding the interrogatory as for responding party. Responding party has already produced all of its Project records for requesting party and requesting party can therefore perform its own analysis.

**INTERROGATORY NO. 12:**

Does HKA contend that the penal sum of its Performance Bond and Payment Bond submitted to the Government on April 7, 2005 in the amounts of $875,768.00 (each) was erroneous?

**RESPONSE TO INTERROGATORY NO. 12:**

This interrogatory is objected to insofar as it incorporates the introductory material containing "Definitions And Instructions," because as defined the terms "Plaintiff" and "HKA" include responding party's "present and former attorneys," and as such seeks confidential information transmitted in an attorney-client communication which is protected by the attorney-client privilege, and also seeks information given to, or obtained by, counsel in preparation for litigation which is protected by the attorney work-product privilege. Additionally, this request seeks facts to be relied upon at trial, rather than facts about the case, which information is also protected by the attorney work-product privilege.

Subject to the conditions and objections as set forth above, and without waiving said objections, and in an effort to fairly respond to this interrogatory, responding party responds as follows: responding party provided the performance bond and payment bond as required by the contract and by the government.

**INTERROGATORY NO. 13:**

Produce copies of all worksheets or estimates prepared by HKA and by any potential subcontractor or supplier between February 2, 2005 and February 15, 2005.

**RESPONSE TO INTERROGATORY NO. 13:**

This request is objected because although identified as an interrogatory, it really is a request for production of document. This request is further objected to as it is too broad as it requires responding party to produce any and all "worksheets or estimates" prepared on any

HUNT ORTMANN ﹍FFY NIEVES
LUBKA DARLIN﹍ ﹍MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

project during the given time frame, including those not related to the Project, and therefore it requires disclosure of irrelevant information. Additionally, responding party objects to this request because it has already produced for requesting party all of its Project documents. Requiring responding party to one again produce the same documents would cause unwarranted oppression and place an undue burden and expense on responding party.

**INTERROGATORY NO. 14:**

Did HKA ever communicate to any Government representative that the contract awarded in the amount of $875,768.00 should have been awarded in a different amount? If the answer is affirmative, produce all records of such communication.

**RESPONSE TO INTERROGATORY NO. 14:**

This interrogatory is objected to insofar as it incorporates the introductory material containing "Definitions And Instructions," because as defined the terms "Plaintiff" and "HKA" include responding party's "present and former attorneys," and as such seeks confidential information transmitted in an attorney-client communication which is protected by the attorney-client privilege, and also seeks information given to, or obtained by, counsel in preparation for litigation which is protected by the attorney work-product privilege. Additionally, this request seeks facts to be relied upon at trial, rather than facts about the case, which information is also protected by the attorney work-product privilege.

Subject to the conditions and objections as set forth above, and without waiving said objections, and in an effort to fairly respond to this interrogatory, responding party responds as follows: throughout the project and during numerous meetings, discussions and through correspondence complained about the government's interpretation of the contract documents and requirement that responding party provide work beyond the scope of the contract without compensation.

OBJECTION AS TO PRODUCTION REQUEST:

The request to produce documents is objected to as it fails to comply with FRCP and RCFC (Rule 34) because the request fails to set for the either by individual item or by category, the items to be inspected and describe each with reasonable particularity. Additionally,

HUNT ORTMAN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

responding party objects to this request because it has already produced for requesting party all of its Project documents. Requiring responding party to one again produce the same documents would cause unwarranted oppression and place an undue burden and expense on responding party.

This request is further objected to because the purported category is not reasonable, it is not the type of category in which responding party or any similar business maintains its records in the ordinary course of its business. As a result, the category does not adequately inform the custodian of records of that which is desired to be identified and produce. It would require a comprehensive search through extensive files, to see what may exist that fits propounding party's purported category. This is an unreasonably burden. Furthermore, the responding party's custodian of records would not – without assistance from counsel- be able to determine which documents falls within this request. Requiring counsel for responding party to perform this task would require counsel to reveal counsel's impressions, conclusions, opinions, legal research or theories which are protected by the attorney work-product privilege.

**INTERROGATORY NO. 15:**

Does HKA still face Claims or demands for payment from subcontractors or suppliers? If so, produce all Documentation setting forth, and relating to, such Claims or demands.

**RESPONSE TO INTERROGATORY NO. 15:**

Yes.

OBJECTION AS TO PRODUCTION REQUEST:

The request to produce documents is objected to because it has already produced for requesting party all of its Project documents. Requiring responding party to one again produce the same documents would cause unwarranted oppression and place an undue burden and expense on responding party.

**INTERROGATORY NO. 16:**

Produce receipts and time sheets reflecting that HKA incurred costs for: (a) anti-climb fence fabric and its installation; (b) additional security screening; (c) 101 lockers installed in the modular building; (d) "seismic installation with cross bracing"; (e) a shelf for a 27-inch television; and (f) its re-design of the modular building to comply with Walden specifications.

HUNT ORTMANN ...FFY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

**RESPONSE TO INTERROGATORY NO. 16:**

This request is objected because although identified as an interrogatory, it really is a request for production of document. Additionally, responding party objects to this request because it has already produced for requesting party all of its Project documents. Requiring responding party to one again produce the same documents would cause unwarranted oppression and place an undue burden and expense on responding party.

**INTERROGATORY NO. 17:**

Explain why HKA refused to sign Contract modification No. SM0004 following HKA's meeting on November 9, 2005.

**RESPONSE TO INTERROGATORY NO. 17:**

The contract modification did not accurately reflect the agreement reached by the parties at the November 9, 2005 meeting.

**INTERROGATORY NO. 18:**

Identify each person supplying information used to prepare answers to these interrogatories and Identify each specific interrogatory for which said person supplied information.

**RESPONSE TO INTERROGATORY NO. 18:**

This interrogatory is objected to insofar as it incorporates the introductory material containing "Definitions And Instructions," defining the terms "Identity" or "identify" to include references to multiple meanings, and therefore makes this request confusing and compound and containing subparts. Additionally, the purported incorporation of the definition in the question is so phrased that to miss one part of that definition would result in an incomplete or incorrect answer to the interrogatory.

Subject to the conditions and objections as set forth above, and without waiving said objections, and in an effort to fairly respond to this interrogatory, responding party responds as follows: Anne Hernandez and counsel for responding party.

**INTERROGATORY NO. 19:**

Identify and produce any Documents that Plaintiff either has relied upon, or will reply upon, in support of its Claims in this case that have not been previously produced.

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

**RESPONSE TO INTERROGATORY NO. 19:**

This interrogatory is objected to insofar as it incorporates the introductory material containing "Definitions And Instructions," because as defined the terms "Plaintiff" and "HKA" include responding party's "present and former attorneys," and as such seeks confidential information transmitted in an attorney-client communication which is protected by the attorney-client privilege, and also seeks information given to, or obtained by, counsel in preparation for litigation which is protected by the attorney work-product privilege. Additionally, this request seeks facts to be relied upon at trial, rather than facts about the case, which information is also protected by the attorney work-product privilege.

This interrogatory is further objected to insofar as it incorporates the introductory material containing "Definitions And Instructions," which define the term "Claim" to include "any other request for relief included in the Complaint" because this definition makes the request confusing, and also seeks confidential information transmitted in an attorney-client communication which is protected by the attorney-client privilege, and also seeks information given to, or obtained by, counsel in preparation for litigation which is protected by the attorney work-product privilege. Additionally, this request seeks facts to be relied upon at trial, rather than facts about the case, which information is also protected by the attorney work-product privilege.

This interrogatory is objected to insofar as it incorporates the introductory material containing "Definitions And Instructions," defining the terms "Identity" or "identify" to include references to multiple meanings, and therefore makes this request confusing and compound and containing subparts. Additionally, the purported incorporation of the definition in the question is so phrased that to miss one part of that definition would result in an incomplete or incorrect answer to the interrogatory.

This interrogatory is further objected to because it seeks facts to be relied upon at trial, rather than facts about the case, and also the identification of exhibits the responding party intends to use at trial, which information is protected by the attorney work-product privilege. Additionally, pursuant to Appendix A to the Rules of the united States Court of Federal Claims, VI. Post Discovery Proceedings, 13., a meeting of counsel is to be had "no later than 63 days

HUNT ORTMANN [P]FFY NIEVES
LUBKA DARLIN[G] MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

before the pretrial conference" to accomplish (a)… "Exchange a list of all exhibits… " A pretrial conference has not yet been scheduled in this case. Additionally, since discovery is still ongoing, and pursuant to the Rules, this request is premature.

OBJECTION AS TO PRODUCTION REQUEST:

The request to produce documents is objected to because it has already produced for requesting party all of its Project documents. Requiring responding party to one again produce the same documents would cause unwarranted oppression and place an undue burden and expense on responding party.

DATED: Junauary 25, 2008

Milene C. Apanian, Esq., SBN 193135
HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 North Lake Avenue, 7th Floor
Pasadena, California 91101-1807
Phone: (626) 440-5200
Fax: (626) 796-0107

Attorney for Plaintiff Hernandez, Kroone & Associates

Of Counsel:

Joseph J. Pertrillo, DC Bar No. 184986
PERTRILLO & POWELL, P.L.L.C.
5335 Wisconsin Avenue, N.W., Suite 440
Washington, D.C. 20015
Phone: (202) 887-4848
Fax: (202) 478-1656

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

# VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

I have read the foregoing RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS and know its contents.

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒ I am Owner of Hernandez Kroone and Associates, Inc., a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☒ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for Hernandez Kroone and Associates, Inc., a party to this action. Such party is absent from the county where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on ~~December~~ 1/25/08 ~~2007~~, at San Bernardino, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Anne Hernandez
Print Name of Signator

Signature

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

I have read the foregoing RESPONSE TO INTERROGATORIES and know its contents.

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒ I am Owner of Hernandez Kroone and Associates, Inc., a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☒ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for Hernandez Kroone and Associates, Inc., a party to this action. Such party is absent from the county where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on ~~December~~ 1/25/08 ~~2007,~~ at San Bernardino, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Anne Hernandez
Print Name of Signator

[signature]
Signature

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 301 North Lake Avenue, 7th Floor, Pasadena, California 91101-1807.

On January 25, 2008, I served the following document(s) described as **DEFENDANT'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST ROR PRODUCTION OF DOCUMENTS** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED LIST**

**BY MAIL:** I am "readily familiar" with Hunt Ortmann Palffy Nieves Lubka Darling & Mah, Inc.'s practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Pasadena, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 25, 2008, at Pasadena, California.

[signature]
Milene C. Apanian

**SERVICE LIST**
**Hernandez v. United States**
**Case No. 07-165C**

Matthew H. Solomson
Civil Division
U. S. Department of Justice
1100 L Street, N. W., Room 12106
Washington, D.C. 20005
Tel: (202) 305-3274
Fax: (202) 514-8624

# EXHIBIT 2

U. S. Department of Justice

Civil Division

*Washington, D.C. 20530*

February 14, 2008

**BY FEDERAL EXPRESS**

Milene C. Apanian
Hunt Ortmann Palffy Nieves Lubka Darling & Mah, Inc.
301 North Lake Avenue
7th Floor
Pasadena, CA 91101-1807

Re: Hernandez, Kroone, and Assoc., Inc. v. United States, No. 07-165C (Fed. Cl.)

Dear Ms. Apanian:

We write this letter in an attempt to resolve the discovery issues discussed below.

On December 12, 2007, we served plaintiff, Hernandez, Kroone, and Assoc., Inc. ("HKA"), with defendant's first set of interrogatories and first request for production of documents. Although HKA's response thereto was due within 30 days, we agreed to allow HKA until January 25, 2008 to respond to our first discovery requests.

On January 25, 2008, HKA served its responses to our first set of interrogatories. As detailed below, our view is that a number of HKA's objections and responses are either misplaced, nonresponsive, or insufficient:

- Interrogatory No. 1 sought information regarding people who were "responsible for the negotiation or performance" of the contract at issue. In particular, the interrogatory asked HKA to describe the nature of such participation for each identified individual. Although HKA's response indicates that certain "individuals have knowledge of the facts regarding the Project and negotiations," HKA failed to describe that knowledge in any detail.

- Interrogatory No. 4 asked HKA to "[s]tate in detail the factual bases for the allegation contained in paragraph

14(j) of HKA's Complaint in this case." HKA vaguely responded that "throughout the Project, the Government failed to obtain the necessary cooperation of other agencies." The only detail HKA provided was the identification of the "Imperial Irrigation District" as an agency with which the Government failed to cooperate. HKA failed to identify specific instances where the Government excluded HKA from the project or otherwise prevented HKA from performing contract work.

- Interrogatory No. 5 asked HKA to identify "the factual bases for the allegation contained in paragraph 14(I) of HKA's Complaint in this case that the Government interfered with or otherwise disrupted or delayed HKA's performance of the contract. Although HKA responded that "the Government failed to timely respond to request for information, request for clarifications and request for change orders," HKA provided no details, critically failing to actually identify any such specific requests or change orders. HKA also failed to provide any detail for its assertion that the Government "frequently misdirected work and misinterpreted the contract requirements."

- Interrogatory No. 6 asked HKA to identify "every . . . alleged defective specification" upon which HKA based its "allegation in paragraph 14(o) of [its] Complaint in this case that contract plans, specifications, or other materials provided to HKA by the government were not accurate, workable, correct, or sufficient." In response, HKA failed to identify any specific specification, and merely repeated the vague and general allegations from its complaint that the solicitation "did not reflect the complete scope of work desired and/or required by the government." Merely referring to the "drainage design at the retention pond, civil site plans, . . . specifications for rock sizes and asphalt" is insufficient.

- Interrogatory No. 7 seeks information regarding the nature of HKA's claimed damages. In particular, we are entitled to know whether HKA has abandoned certain claims. To that end, we asked HKA to identify costs included in HKA's various claims to the contracting officer that HKA is not pursuing under its First Amended Complaint. Although HKA generally described the subject matter of alleged unilateral change orders and changes to the contract scope of work, HKA did not

answer this interrogatory at all. HKA maintains that "to further respond to this interrogatory would require the opinion of expert witnesses," but that is inconsistent with HKA's response to our Interrogatory No. 3, that "HKA did not hire consultants" to prepare it claims. In any event, HKA submitted at least six claims to the contracting officer and must know whether some costs are duplicative and/or not being sought in this case.

- Interrogatory No. 9 asked HKA to identify the factual bases for the allegation contained in paragraph 14(h) of HKA's complaint that the Government required HKA to provide certain labor, services, equipment, and materials beyond the requirements of the contract. Although HKA responded with a list of categories of allegedly additional, extra-contractual work, it is unclear whether HKA's answer is complete.

- Interrogatory No. 12 presents a straightforward contention interrogatory: "Does HKA contend that the penal sum of its Performance Bond and Payment Bond submitted to the Government on April 7, 2005 in the amounts of $875,768.00 (each) was erroneous?" In response, HKA only indicates that it "provided the performance bond and payment bond as required by the contract and by the government." The interrogatory, however, does not ask whether HKA provided certain bonds, or even whether such provided bonds conformed to contract requirements, but only asked whether HKA contends that its performance bonds were for an erroneous amount.

In the Court's December 21, 2007 Order, granting our motion for an enlargement of time of the discovery period, the Court noted that HKA's Amended Complaint contained "(1) unspecified requests for equitable adjustments, contract changes and modifications; (2) unspecified requests to provide labor, services, equipment and materials beyond the requirement of the contract; and (3) vague allegations that the plans and specifications 'were not accurate, workable, correct [or] sufficient.'" Moreover, the Court acknowledged that, as part of HKA's initial disclosures, "plaintiff did not 'identify [] the subject of the information' within the possession of those individuals, as required by RCFC 26(a)(1)(A)."

HKA's responses do nothing to remedy the deficiencies in its Amended Complaint that were identified in our aforementioned motion, and acknowledged by the Court in its December 21, 2007 Order. HKA cannot expect to litigate this case such that the Government will have to endure trial by ambush. That is precisely what discovery is designed to avoid.

Please call me as soon as possible - but, in any event, no later than February 22, 2008 - so that we can discuss our concerns described above. Should we fail to reach an agreement, or should you fail to contact us to discuss your deficient responses, we will have no choice but to file a motion compel.

Very truly yours,

MATTHEW H. SOLOMSON
Trial Attorney

# EXHIBIT 3

301 North Lake Avenue, 7th Floor • Pasadena, CA 91101-5118 • Voice: 626-440-5200 • Fax: 626-796-0107 • www.huntortmann.com

FAXED

Hunt Ortmann

Attorneys At Law

Hunt
Ortmann
Palffy
Nieves
Lubka
Darling
& Mah,
Inc.

# FACSIMILE TRANSMISSION

February 22, 2008

3:40 ~~am~~/pm

| NAME/COMPANY | TELEPHONE | FACSIMILE |
|---|---|---|
| Matthew H. Solomson<br>United States Dept. of Justice | | (202) 514-8624 |

FROM: Milene C. Apanian

RE: HKA v. US

FILE NO.: 3291.002

PAGES: 14 (including cover page)

ORIGINAL: Will Follow VIA Email

MESSAGE:

**If You Do Not Receive All Pages, Please Call Susan at (626) 440-5200**

**CONFIDENTIALITY NOTICE**

THE DOCUMENTS ACCOMPANYING THIS TELECOPY TRANSMISSION CONTAIN CONFIDENTIAL INFORMATION BELONGING TO THE SENDER WHICH IS LEGALLY PRIVILEGED. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THE TRANSMITTED INFORMATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE TO ARRANGE FOR RETURN OF ORIGINAL DOCUMENTS TO US.

129367.1 MCA 3291.002

MILENE C. APANIAN
E-mail: apanian@huntortmann.com
3291.002

Hunt Ortmann

Attorneys At Law

Hunt Ortmann Palffy Nieves Lubka Darling & Mah, Inc.

February 22, 2008

VIA E-MAIL AND FAX

Matthew H. Solomson
United States Department of Justice
Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

**Re: Hernandez Kroone & Associates v. US**

Dear Mr. Solomson:

This is in response to your February 14, 2008 letter.

During a telephone conversation on or about January 11, 2008, I expressly informed you that the discovery request served by the US; i.e. the combined interrogatory request and request for production of documents was objectionable both due to its improper format, and also because of the substance of many of the requests. I invited a discussion regarding Hernandez Kroone & Associates' ("**HKA**") concerns and objections and requested to meet and confer before HKA's responses were due. You refused to meet and confer, stated that the US would not revise its discovery requests, and demanded that HKA's objections be served with its response. My offer to meet and confer was an effort to avoid the "discovery issues" you now claim exist.

Additionally, pursuant to FRCP 33(a), absent a stipulation or court order, the US could not serve more than 25 interrogatories. In *Willingham v. Ashcroft* (D DC 2005) 226 FRD 57, 59, the court held that "(O)nce a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory no matter how it is designated."

The US did not obtain a stipulation or a court order allowing it to exceed the 25 interrogatories. Although the US purportedly served only 19 interrogatories, most of the interrogatories included multiple, separate, distinct and unrelated subparts, increasing the number of interrogatories from 19 to actually more than 25. Since service of more than 25 interrogatories is not permitted, and the entire set of interrogatories served was improper, HKA could have objected to the set as a whole, or objected to the excess, and refused to respond. (See Schwarzer, Tashima, Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (The Rutter Group 2007) ¶11:1695 and 11:1696, p.11-202) Instead, HKA made a good faith effort to respond – as best as it could - to each and every interrogatory request, including the excessive subparts.

133586.1 MCA 3291.002

Below is HKA's response to each of the issues raised in your letter:

**Interrogatory No. 1**: This interrogatory sought the identify of persons with "knowledge of the facts and circumstances surrounding HKA's Complaint." It did NOT seek information about persons "involved with or responsible for the negotiations or performance" as your letter claims. HKA adequately and completely responded to Interrogatory No. 1.

If your letter meant to address **Interrogatory No. 2**, HKA responds as follows: As stated in HKA's responses, Interrogatory No. 2 contains multiple subparts, asking about separate, distinct and unrelated subparts. It asks for the identity of those who participated in the negotiations, and also performance of the contract. Additionally, the interrogatory asks for the nature of each person's participation, the person's work experience and the person's experience with US Government contracts. At a minimum, the information regarding the prior experience of these individuals is distinct and unrelated to the contract negotiation or performance. Despite the objections raised, HKA made a good faith effort to respond to the interrogatory. Nevertheless, see HKA's Supplemental Responses attached.

**Interrogatory No. 4**: See HKA's Supplemental Responses attached.

**Interrogatory No. 5**: HKA has sufficiently responded to this interrogatory. It has stated – in part - that the interference, disruptions and delays were due to the Government's failure to "timely respond to request for information, request for clarifications and request for change orders, and due to the Government's frequent misdirection and misinterpretation of contract requirements "throughout the Project." The Government solicited bids in February of 2005. The project was completed during the first half of 2006. In order for HKA to further respond to this interrogatory and to provide the exact date of every single interference, disruption or delay, HKA would have to engage in a burdensome and expensive research of project records generated during approximately 18 months, and would have to review, analyze and summarize every single request for information, request for clarification, request for change order, project correspondence, claim documents, e-mails and other project documents. As allowed under FRCP 33(d) and *Daiflon Inc. v. Allied Chem. Corp.* (10th Cir. 1976) 534 F2d 221, 225, HKA has answered by specifying the HKA records from which the answer may be obtained by the US. Since HKA has already produced all of its Project records for the US, HKA's response did not offer to make the records available for inspection. If the US wishes to inspect HKA's records, please call me and I will arrange a mutually convenient time for the inspection.

**Interrogatory No. 6**: See HKA's Supplemental Responses attached.

**Interrogatory No. 7**: HKA has raised appropriate objections to this request, but nevertheless sufficiently responded to the request. HKA identified the damages sought in its First Amended Complaint. The US has copies of HKA's claims – received during the project and now through the initial disclosure process. If interested, the US can for itself compare the items sought in HKA's claims with the damages sought in HKA's First Amended Complaint. HKA is not

required to perform the government's analysis or computation, or to prepare the Government's defense.

Additionally, further details of HKA's damages is subject to expert witness testimony. Whether or not HKA hired consultants to prepare its claims is irrelevant to HKA's presentation of its damages at trial in this matter, and therefore there is no inconsistency in HKA's position.

**Interrogatory No. 9**: HKA cannot respond to the issues raised regarding Interrogatory No. 9 because without further elaboration and clarification, HKA does not understand what the Government's concern is.

**Interrogatory No. 12**: See HKA's Supplemental Responses

As far as the statements in your letter regarding US' motion and the Court's acknowledgment, I must clarify: Nowhere in the December 21, 2007 Order does the Court note that "HKA's Amended Complaint contained (1) unspecified requests for equitable adjustments, contract changes and modifications; (2) unspecified request to provide labor, services, equipment and materials beyond the requirement of the contract; and (3) vague allegations that the plans and specifications 'were not accurate, workable, correct [or] sufficient.'" Nor does the Court acknowledge that "plaintiff did not 'identify [] the subject of the information' within the possession of those individuals, as required by RCFC 26(a)(1)(a)." The above mentioned statements are merely the Court's summary of the Government's arguments raised in its motion. The Court's Order specifically states "Defendant asserts that plaintiff…." and then quotes the abovementioned language from the Government's motion. The Court further summarized Plaintiff's counterarguments.

The Court's conclusion is contained in the next to last paragraph of the Order. Nothing in the conclusion suggests that the Court agrees with the Government's arguments raised above. Furthermore, the issue of whether or not HKA's Amended Complaint contained sufficient allegations was NOT before the Court. The <u>only</u> issue addressed by the motion and ruled on by the Court was the extension of the non-expert discovery deadline.

I am confident that the gross mischaracterization of the Court's findings was unintentional and an oversight. I also trust that the US will reconsider its threat to file a motion to compel for the following reasons:

a) the US discovery request was procedurally defective and objectionable, as it combined request for production of documents with interrogatory requests and contained prohibited subparts increasing the interrogatory requests to more than 25;
b) HKA attempted to meet and confer regarding its objections <u>before</u> serving its responses, but the US refused; and
c) HKA could have objected to the entire interrogatory request and refused to respond. Instead, HKA made a good faith attempt at responding to the discovery – as best as it could.

I hope this letter and HKA's Supplemental Responses resolve the issues raised in your letter. However, if the US still has concerns regarding HKA's responses I am available to further meet and confer by phone at a mutually convenient time.

Very ~~truly~~ yours,

Milene C. Apanian

MCA:mca
cc: Richard Mah
Client

HUNT ORTMAN[N PA]LFFY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HERNANDEZ, KROONE AND ASSOCIATES, INC.,<br><br>**Plaintiff,**<br><br>vs.<br><br>THE UNITED STATES,<br><br>Defendant. | CASE NO. 07-165 C<br><br>HERNANDEZ, KROONE AND ASSOCIATES, INC.'S SUPPLEMENTAL RESPONSES TO FIRST SET OF INTERROGATORIES PROPOUNDED BY UNITED STATES OF AMERICA<br><br>The Hon. Judge James F. Merow<br><br>Action Filed: March 13, 2007 |

This preamble is incorporated into each of the Supplemental Interrogatory Responses which follows hereafter:

This responding party has not fully completed an investigation of the facts relating to this case, has not fully completed discovery in this action, and has not completed preparation for the trial. All of the responses contained herein are based upon such information and Documentation which is presently available to and specifically known to this responding party, and addresses only those contentions which presently occur to such responding party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth.

The following Supplemental Responses to Interrogatories are given without prejudice to responding party's right to produce evidence of any subsequently-discovered fact or facts which this responding party may later discover or recall. The following Supplemental Responses to Interrogatories are given without prejudice to responding party's right to discover and/or recall additional witnesses and/or Documents, or their relationship to various facts in this action, which

may not be identified or related in these Supplemental Responses. Responding party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analysis are made, legal research is completed and contentions are propounded. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known within the time deadline required for responding to these Interrogatories, but should in no way be prejudicial to the responding party in relating to further discovery, research or analysis.

Each Interrogatory set forth below is objected to, to the extent that it calls for any response which is in any way protected by the attorney-client privilege or protected by the attorney work product doctrine.

Furthermore, objection is made to each and every one of these Interrogatory and Request For Production of Document because of the improper format of the request. By combining the Interrogatories with the Request For Production of Document, requesting party has caused unwarranted oppression and placed undue burden and expense on responding party by creating unnecessary confusion and complication. Also, objection is made because "Document" improperly defined to include all documents, "regardless of whether claimed to be privileged or confidential.

Lastly, objection is made to the entire set of Interrogatory because as phrased, and specially with the inclusion of the introductory material containing "Definitions And Instructions," the requests contain multiple subparts which make the interrogatories compound, conjunctive or disjunctive, and substantially increase the actual number of the interrogatories beyond the permitted 25. Additionally, requiring numerous and confusing references back to confusing and complicated definitions while trying to answer the questions means that if responding party misses any part of the definitions, it would result in an incomplete or incorrect answer to the request.

Subject to the conditions and objections as set forth above, the responding party provides the following supplemental responses as follows:

HUNT ORTMANN FY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

**INTERROGATORY NO. 2**

Identify each person who participated in or was in any way involved with or responsible for the negotiation or performance of Plaintiff's contract. When Identifying each person, describe.

a. the nature of his or her participation;

b. the number of years of construction experience that person had prior to beginning work on the Contract; and,

c. other U.S. Government construction contracts in which that person participated prior to starting work on the Contract

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

This requests is objected to as it contains multiple subparts; i.e. one regarding "negotiations," and another regarding "performance" which make the interrogatories compound, conjunctive or disjunctive, and therefore makes this interrogatory request more than one. This interrogatory is further objected to insofar as it incorporates the introductory material containing "Definitions And Instructions," defining the terms "Identity" or "identify" to include references to multiple meanings, and therefore makes this request confusing and compound and containing subparts. Additionally, the purported incorporation of the definition in the question is so phrased that to miss one part of that definition would result in an incomplete or incorrect answer to the interrogatory. Subject to the conditions and objections as set forth above, and without waiving said objections, and in an effort to fairly respond to this interrogatory, responding party provides the following supplemental response:

Richard Hernandez: Owner of HKA and project manager. Has knowledge of contract negotiations, ongoing discussions regarding interpretation of and performance of the contract, HKA's and subcontractor's work on the project.

Anne Hernandez: Anne Hernandez: Owner of HKA, assistant project manager and contract administration. Has knowledge of contract negotiations, ongoing discussions regarding interpretation of and performance of the contract, HKA's and subcontractor's work on the project.

Roland Hill: Construction Resident. Has knowledge of HKA's and subcontractor's work on the project.

HUNT ORTMANN 'FY NIEVES
LUBKA DARLING MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

Nancy Cooper: Project Engineer. Has knowledge of HKA's performance of the work, including but not limited to design work.

Joseph Figueroa: Project Surveyor. Has knowledge of HKA's performance of the work, including but not limited to site surveys.

**INTERROGATORY NO. 4:**

State in detail the factual bases for the allegation contained in paragraph 14(j) of HKA's Complaint in this case, that the Government excluded HKA from portions of the project and prevented HKA from performing the contract work at those times and places. Identify all specific instances where HKA alleges such exclusion to have occurred. Produce all Documents that HKA has used, or will use, to support that allegation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

This interrogatory is objected to insofar as it incorporates the introductory material containing "Definitions And Instructions," defining the terms "Identity" or "identify" to include references to multiple meanings, and therefore makes this request confusing and compound and containing subparts. Additionally, the purported incorporation of the definition in the question is so phrased that to miss one part of that definition would result in an incomplete or incorrect answer to the interrogatory.

Subject to the conditions and objections as set forth above, and without waiving said objections, and in an effort to fairly respond to this interrogatory, responding party provides the following supplemental response: throughout the Project, the Government failed to obtain the necessary cooperation of other agencies, including the City of Indio, including the cooperation of the Imperial Irrigation District which had control over allowing right of entry to the Project. The Government also failed to obtain necessary permits allowing HKA to perform Imperial Irrigation District required work within the street right of way.

**INTERROGATORY NO. 6:**

State in detail the factual bases for the allegation contained in paragraph 14(o) of HKA's Complaint in this case that contract plans, specifications or other materials provided to HKA by the government were not accurate, workable, correct, or sufficient, and Identify every such error or

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

alleged defective specifications. Produce all Documents that HKA has used, or will use, to support that allegation.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

This interrogatory is objected to insofar as it incorporates the introductory material containing "Definitions And Instructions," defining the terms "Identity" or "identify" to include references to multiple meanings, and therefore makes this request confusing and compound and containing subparts. Additionally, the purported incorporation of the definition in the question is so phrased that to miss one part of that definition would result in an incomplete or incorrect answer to the interrogatory.

Subject to the conditions and objections as set forth above, and without waiving said objections, and in an effort to fairly respond to this interrogatory, responding party provides the following supplemental response: The plans, specifications and materials provided to HKA by the government were not accurate, workable, correct or sufficient because they did not reflect the correct scope and requirements for weed barriers, permits, modular building, asphalt quantities, aggregate base, sidewalks, anti climb fabric for the fence, water meters, traffic control, testing for subgrade and asphalt or soil testing, lockers, service conduits; requirements imposed by Imperial Irrigation District; or the desires of the end user; i.e. the Border Patrol, including but not limited to the light fixtures, cameras, concrete pads, storage boxes and conduits. Additionally, the Government failed to provide the Corps of Engineers Guide Specifications for asphalt paving.

**INTERROGATORY NO. 12:**

Does HKA contend that the penal sum of its Performance Bond and Payment Bond submitted to the Government on April 7, 2005 in the amounts of $875,768.00 (each) was erroneous?

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

This interrogatory is objected to insofar as it incorporates the introductory material containing "Definitions And Instructions," because as defined the terms "Plaintiff" and "HKA" include responding party's "present and former attorneys," and as such seeks confidential information transmitted in an attorney-client communication which is protected by the attorney-

HUNT ORTMANN ...FFY NIEVES
LUBKA DARLIN... MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

client privilege, and also seeks information given to, or obtained by, counsel in preparation for litigation which is protected by the attorney work-product privilege. Additionally, this request seeks facts to be relied upon at trial, rather than facts about the case, which information is also protected by the attorney work-product privilege.

Subject to the conditions and objections as set forth above, and without waiving said objections, and in an effort to fairly respond to this interrogatory, responding party provides the following supplemental response: Yes.

DATED: February 22, 2008

Milene C. Apanian, Esq., SBN 193135
HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 North Lake Avenue, 7th Floor
Pasadena, California 91101-1807
Phone: (626) 440-5200
Fax: (626) 796-0107

Attorney for Plaintiff Hernandez, Kroone & Associates

Of Counsel:

Joseph J. Pertrillo, DC Bar No. 184986
PERTRILLO & POWELL, P.L.L.C.
5335 Wisconsin Avenue, N.W., Suite 440
Washington, D.C. 20015
Phone: (202) 887-4848
Fax: (202) 478-1656

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

HUNT ORTMAN[...]ALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

I have read the foregoing SUPPLEMENTAL RESPONSES TO FIRST SET OF INTERROGATORIES PROPOUNDED BY UNITED STATES OF AMERICA and know its contents.

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒ I am owner of Hernandez Kroone and Associates, Inc., a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☒ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for Hernandez Kroone and Associates, Inc., a party to this action. Such party is absent from the county where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on February 22, 2008, at San Bernardino, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Anne Hernandez
Print Name of Signator

Anne M. Hernandez
Signature

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Phone (626) 440-5200 • Fax (626) 796-0107

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 301 North Lake Avenue, 7th Floor, Pasadena, California 91101-1807.

On February 22, 2008, I served the following document(s) described as **HERNANDEZ, KROONE AND ASSOCIATES INC.'S SUPPLEMENTAL RESPONSES TO FIRST SET OF INTERROGATORIES PROPOUNDED BY UNITED STATES OF AMERICA** on the interested parties in this action as follows:

**SEE ATTACHED LIST**

**BY FACSIMILE:** At approximately 3:40 ~~am~~ / pm *(circle one)*, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (626) 744-2732, (626) 792-3836 or ______________. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error. The transmission report properly issued by the transmitting facsimile machine is attached hereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 22, 2008, at Pasadena, California.

Susan L. Goff

**SERVICE LIST**
**Hernandez v. United States**
**Case No. 07-165C**

Matthew H. Solomson
Civil Division
U. S. Department of Justice
1100 L Street, N. W., Room 12106
Washington, D.C. 20005
Tel: (202) 305-3274
Fax: (202) 514-8624

# EXHIBIT 4

**Solomson, Matthew (CIV)**

**From:** Milene C. Apanian [apanian@huntortmann.com]
**Sent:** Monday, February 25, 2008 6:51 PM
**To:** Solomson, Matthew (CIV)
**Subject:** HKA v. US

Mr. Solomson:

This follows up on our telephonic discussion of today and confirms the following:

a) I requested that if the US still has any outstanding issues regarding HKA's responses, that it provide its concerns in writing so HKA could evaluate those concerns and respond accordingly
b) You stated that you would discuss with higher ups the government's obligation to further meet and confer, and would contact me if/when the US made a decision regarding its desire to move to compel further responses.

HKA has responded to all of the issues raised in your prior letter and has provided supplemental responses.
With this e-mail, reiterate that if the US still has concerns regarding HKA's responses, that the US clearly and in writing identify those remaining concerns, and to allow HKA an opportunity to respond. If the US files a motion against HKA without further efforts to resolve the outstanding issues which the government thinks may still exist, it will do so in violation of the statutory requirements to engage in good faith efforts to resolve disputes prior to filing motions.

*Milene C. Apanian*
Hunt Ortmann Palffy Nieves Lubka Darling & Mah, Inc.
301 North Lake Avenue
7th Floor
Pasadena, CA 91101-1807
Phone: (626) 440-5200
Fax: (626) 796-0107
E-mail: apanian@huntortmann.com
Web: www.huntortmann.com

*<u>Confidentiality Notice:</u> The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail and delete the original message and all copies from your system. Thank you.*

*Pursuant to applicable federal regulations, we are required to inform you that any advice contained in this communication is not intended to be used nor can it be used for purposes of: (1) avoiding tax penalties or (2) promoting, marketing or recommending to another party any transaction or matter addressed above.*

# EXHIBIT 5

**MILENE C. APANIAN**
E-mail: apanian@huntortmann.com
3291.002

Hunt Ortmann
Attorneys At Law

Hunt
Ortmann
Palffy
Nieves
Lubka
Darling
& Mah,
Inc.

March 5, 2008

VIA FEDEX

Matthew H. Solomson
Trial Attorney, Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005

**Re: <u>Hernandez Kroone & Associates v. US</u>**

Dear Mr. Solomson:

Per your request, enclosed are two CDs containing Hernandez Kroone & Associates' Bates Stamped documents. One CD contains Image Range HKA 000001-HKA 008912, the other contains Image Range HKA 008913 –HKA 017783. These CDs replace the previously provided CDs.

Please call me if you have any questions.

Very truly yours,

[signature]

Milene C. Apanian

MCA:mca
Enclosures
cc: HKA

139958.1 MCA 3291.002

# EXHIBIT 6

U. S. Department of Justice

Civil Division

*Washington, D.C. 20530*

March 12, 2008

**BY E-MAIL & FEDERAL EXPRESS**

Milene C. Apanian
Hunt Ortmann Palffy Nieves Lubka Darling & Mah, Inc.
301 North Lake Avenue
7th Floor
Pasadena, CA 91101-1807

Re: Hernandez, Kroone, and Assoc., Inc. v. United States, No. 07-165C (Fed. Cl.)

Dear Ms. Apanian:

We write this letter in a final attempt to resolve plaintiff Hernandez, Kroone, and Associates, Inc.'s continued failure to provide discovery responses that comply with the Rules of the Court of Federal Claims ("RCFC").

On December 12, 2007, we served plaintiff, Hernandez, Kroone, and Associates, Inc. ("HKA"), with defendant's first set of interrogatories and first request for production of documents. Although HKA's response thereto was due within 30 days, we agreed to allow HKA until January 25, 2008 to respond to our first discovery requests.

On January 25, 2008, HKA served its responses to our first set of interrogatories. We first received those responses via facsimile on January 31, 2008. On February 14, 2008, we notified HKA, via a letter sent by e-mail, that a number of HKA's objections and responses were either misplaced, nonresponsive, or insufficient. In particular, we objected to HKA's responses to Interrogatory Nos. 2, 4, 5, 6, 7, 9, and 12.[1] Moreover, we explained that HKA's responses failed to remedy the deficiencies

[1] HKA's February 22, 2008 letter correctly notes that we mistakenly labeled Interrogatory No. 2 as "No. 1" in our February 14, 2008 letter. Indeed, that was a typographical error and it is clear that our objection is directed at HKA's response to Interrogatory No. 2.

in its Amended Complaint that, in part, formed the basis for our motion for an enlargement of the discovery period (and which resulted in the Court's December 21, 2007 Order granting our motion).

On February 22, 2008, HKA responded to our February 14, 2008 letter, both of which we discussed in a phone conversation on February 25, 2008. During that conversation, we discussed all of the issues addressed herein. Although you indicated that HKA was not likely to provide any further interrogatory responses, we write this letter to try to resolve this matter without involving the court.

As we understand it, HKA's general position is that our December 12, 2007 discovery request was improper because it contained more than 25 interrogatories. We note, however, that HKA concedes that "a subpart of an interrogatory" is permissible so long as it does not "introduce[] a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it." HKA Feb. 22, 2008 Letter at 1 (quoting Willingham v. Ashcroft, 226 F.R.D. 57, 59 (D.D.C. 2005).

First, our interrogatories conform to the rule upon which HKA relies. Second, HKA's parsimonious view of RCFC 33 and our discovery request is misguided. "[I]f all subparts count as separate interrogatories, the use of interrogatories might be unduly restricted or requests for increases in the numerical limit might become automatic." Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D. Kan. 2004). Indeed, in that case, the district court quoted the Advisory Committee note to Fed. R. Civ. Proc. 33 to explain that "'a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.'" Id. Moreover, even "an interrogatory containing subparts directed at eliciting details concerning a 'common theme' should generally be considered a single question." Id. Accordingly, our interrogatories were properly numbered and, absent a valid objection, HKA is required to answer each interrogatory.

Although HKA ultimately provided some additional information to us along with its February 22, 2008 letter, HKA's discovery responses remain severely deficient. We have enclosed a chart describing in detail our position with respect to each of HKA's responses that are improper, deficient, or otherwise non-responsive.

Finally, we intend to seek an additional three month enlargement of time to each item on the Court's September 6, 2007 scheduling order. HKA did not complete its document production to the Government until March 6, 2008. In contrast, our document production to HKA, including replacement CD-ROMs, was completed on January 24, 2008. Moreover, we learned for the first time, in HKA's discovery responses, that HKA intends to present expert testimony on damages. We thus require additional time in order to conduct a thorough review of HKA's documents, to retain a damages expert, and to provide him or her with sufficient time to learn the facts of the case, to review any necessary documentation, and to render an opinion.

Please respond to us within two weeks regarding whether you intend to provide any additional interrogatory responses, and regarding whether you will oppose our motion for an enlargement.

Very truly yours,

MATTHEW H. SOLOMSON
Trial Attorney

encl.

REMAINING INTERROGATORY ISSUES

| Interrogatory # | Requested Information | Summary of HKA's Response | Deficiency |
|---|---|---|---|
| 2 | Identification of people "responsible for the negotiation or performance" of the contract at issue and a description of such responsibility. | HKA has identified Richard Hernandez, Anne Hernandez, Roland Hill, Nancy Cooper, and Joseph Figueroa. HKA also provided a brief description of those individuals' knowledge with respect to this case. | Although HKA's response appears to be responsive – and we are satisfied generally with its response to this interrogatory – HKA also asserts a variety of objections to the interrogatory upon which HKA may be declining to provide additional information. We agree to withdraw our request for additional details regarding each individual if HKA will confirm that there are no other HKA employees that were "responsible for the negotiation or performance" of the contract at issue. |
| 4 | Identification "in detail" of: (1) "the factual bases for the allegation contained in paragraph 14(j) of HKA's Complaint in this case, that the Government excluded HKA from portions of the project and prevented HKA from performing the contract work at those times and places"; and (2) "all specific instances where HKA alleges such exclusion to have occurred." | In HKA's initial (1/25/08) response, HKA stated only that "throughout the Project, the Government failed to obtain the necessary cooperation of other agencies, including the cooperation of the Imperial Irrigation District which had control over allowing right of entry to the Project." HKA's second (2/22/08) response further identified the City of Indio and alleged that defendant "failed to obtain necessary permits [to] allow[] HKA to perform Imperial Irrigation District required work within the street right of way." | Because HKA continues to assert objections to this interrogatory, it is unclear whether HKA's various responses are exhaustive. First, while HKA 's response specified only the Imperial Irrigation District and the City of Indio, HKA's response suggests that the Government failed to obtain the cooperation of other, unidentified agencies. Second, although HKA's responses identify alleged instances in which the Government failed to cooperate, HKA has identified no instances in which "the Government excluded HKA from portions of the project" or "prevented HKA from performing the contract." Indeed, HKA entirely has failed to identify "all specific instances where HKA alleges such exclusion to have occurred." Please confirm that there are no instances in which "the Government excluded HKA from portions of the project" or "prevented HKA from performing the contract." If there are such instances, HKA must enumerate all specific instances of such exclusions. |

| Interrogatory # | Requested Information | Summary of HKA's Response | Deficiency |
| --- | --- | --- | --- |
| 5 | Identification "in detail" of: (1) "the factual bases for the allegation contained in paragraph 14(i) of HKA's Complaint in this case that the Government interfered with or otherwise disrupted or delayed HKA's performance of the contract"; and (2) "each specific instance where HKA alleges such interference occurred." | In HKA's initial (1/25/08) response, HKA answered: "[T]hroughout the Project, the Government failed to timely respond to request for information, request for clarifications and request for change orders[.] Furthermore, the Government failed to timely identify the requirements of its customer/end user, and also frequently misdirected work and misinterpreted contract requirements." In HKA's second (2/22/08) response, HKA asserted that it "has sufficiently responded to this interrogatory." In particular, HKA argues that "[i]n order for HKA to further respond to this interrogatory and to provide the exact date of every single interference, disruption or delay, HKA would have to engage in a burdensome an expensive research of project records generated during approximately 18 months . . . ." Finally, HKA argues that it "has answered by specifying the HKA records from which the anser may be obtained by the US." | Because HKA continues to assert objections to this interrogatory, it is unclear whether HKA's various responses are exhaustive. Moreover, the Government is entitled to the details it seeks. Indeed, HKA thus far has provided no factual details to support the allegation contained in paragraph 14(i) of its complaint. HKA's response to the Government's interrogatory is no more sufficient than the allegation in HKA's complaint to which the interrogatory is directed. HKA's reliance upon what is now RCFC 33(d) and Daiflon, Inc. v. Allied Chemical Corp., 534 F.2d 221 (10th Cir. 1976), is misplaced. In that case, "the responding party specifically identified documents which would provide the [requested] information." Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton, 136 F.R.D. 682, 686-87 (D. Kan. 1991) (emphasis in original); see also Sabel v. Mead Johnson and Co., 110 F.R.D. 553, 556 (D. Mass. 1986) (holding that "a response pursuant to Rule 33(c) must refer to specific documents and state that the information sought can be found therein"). Moreover, Daiflon "was decided in 1976, prior to the 1980 Advisory Committee Note" to the Rule. Caton, 136 F.R.D. at 687 n.1. In Caton, the district court, quoting the 1980 Advisory Note, explained that it is "an abuse" by the responding party to "direct[] the interrogating party to a mass of business records or by offering to make all of the records available." Id. at 686-87 (holding that "plaintiff has failed to identify, with specificity, where the information can be obtained" and that defendant "is entitled to a specific and substantive answer" regarding "the dollar amount of plaintiff's claimed damages"); see also id. at 688-89 (holding defendant "must be allowed to require the accusing party to set forth, with particularity, what he is accused of doing, not doing, or both"). Finally, our discovery request is aimed at plaintiff's beliefs and intent regarding the factual bases of its claim; the Government is not required to review HKA's documents in an attempt to divine upon what putative "facts" HKA will rely to support its claims. See id. at 690 ("Plaintiff's argument that defendant can discern, from the general mass, exactly what plaintiff claims . . . is almost absurd."). |

| Interrogatory # | Requested Information | Summary of HKA's Response | Deficiency |
|---|---|---|---|
| 6 | "State in detail the factual bases for the allegation contained in paragraph 14(o) of HKA's Complaint in this case that contract plans, specifications or other materials provided to HKA by the Government were not accurate, workable, correct, or sufficient, and identify every such error or alleged defective specification." | HKA listed numerous items covered by the contract, including, but not limited: "weed barriers, permits, modular building, asphalt quantities, aggregate base, sidewalks, anti climb fabric for the fence, water meters, traffic control testing for subgrade and asphalt or soil testing, lockers, [and] service conduits . . . ." | HKA must identify "every . . . alleged defective specification." Although HKA has identified categories of contract work, regarding which HKA alleges the Government allegedly provided defective specifications, those categories are not themselves the contract specifications. The Government is entitled to know each and every contract specification – identified by number – that HKA alleges is defective. See Caton, 136 F.R.D. at 689 ("Thus interrogatories, or other discovery thrusts, directed at complaints, answers, replies or other basic pleadings . . . to discover the detail factual basis for a particular allegation or alleged cause of action, are entirely proper and appropriate."). |
| 7 | "Identify all costs HKA included in its various claims (e.g., the claims submitted on or about December 13, 2005, December 23, 2005, December 15, 2005, December 20, 2005, February 23, 2006, and May 3, 2006) submitted to the contracting officer, but for which costs the Plaintiff does not seek compensation under its First Amended Complaint. Do any costs included in any claim duplicate costs included in any other claim? If so, identify the duplicated costs." | HKA responded that its amended complaint "seeks damages, including but not limited [to] those arising from the unilateral change order regarding the January 25th proposal, lights and security cameras for unilateral change order dated November 30, 2005, light car wash water, electrical utility conduit, for the addition of scope of work due to Imperial Irrigation District, contract scope of work changes, payment withholdings, extra work, including but not limited to wires and asphalt work, interest and prompt payment penalties pursuant to the contract and relevant statutes." HKA further asserted that "[i]nvestigation and discovery is continuing, and to further respond to this interrogatory would require the opinion of expert witnesses." | This interrogatory asks HKA to identify particular costs, not categories of damages. In particular, we are entitled to know whether HKA has abandoned certain claims that were originally submitted to the relevant contracting officer. To that end, we asked HKA to identify costs included in HKA's various claims to the contracting officer that HKA is not pursuing under its First Amended Complaint. Although HKA generally described the subject matter of alleged unilateral change orders and changes to the contract scope of work, HKA did not answer this interrogatory at all. HKA submitted at least six claims to the contracting officer and must know whether some costs in each claim are duplicative of each other, and/or are not being sought in this case. See, e.g., AAB Joint Venture v. United States, 74 Fed. Cl. 367, 371 (2005) ("The purpose of the certification requirement is to force contractors to use specificity in the claim that they submit to the contracting officer so that the contracting officer can give the claim full consideration before it goes to the court."); Medina Const., Ltd. v. United States, 43 Fed. Cl. 537, 547 (1999) ("The purpose of certification is to facilitate settlements based upon a truthful submission of the contractor's costs. . . .Certification discourages the submission of fraudulent or inflated claims by making contractors liable for fraudulent representations."). |

| Interrogatory # | Requested Information | Summary of HKA's Response | Deficiency |
|---|---|---|---|
| 9 | "State in detail the factual bases for, and identify any documents that support, the allegation contained in paragraph 14(h) of HKA's Complaint in this case that the Government required HKA to provide labor, services, equipment, and materials beyond the requirements of the contract without compensation." | HKA responded that the Government required HKA to provide the following without compensation: "security lighting and cameras, site trellis on rear of building, phone and terminations allowance, additional asphalt paving, redundancy and additional work required by the Imperial Irrigation District beyond point of service to point of connection, two walk through man gates, [and] anti climb fence fabric." HKA also responded that "[t]o further respond to this interrogatory would necessitate the preparation or the making of a compilation, abstract, audit or summary" that HKA is not required make. | Due to HKA's objections to this interrogatory, it is unclear whether HKA's list of items or tasks that were allegedly "beyond the requirements of the contract" is exhaustive. The Government is entitled to know of all alleged changes for which HKA now seeks compensation. Moreover, the Government asks HKA, in this interrogatory, not simply to identify categories of work, but to "detail the factual bases for" HKA's allegation that such work was "beyond the requirements of the contract." HKA has not done so. |

# EXHIBIT 7

**MILENE C. APANIAN**
E-mail: apanian@huntortmann.com
3291.002

Hunt Ortmann
Attorneys At Law

Hunt
Ortmann
Palffy
Nieves
Lubka
Darling
& Mah,
Inc.

March 18, 2008

VIA E-MAIL AND FACSIMILE
(202) 514-8624

Matthew H. Solomson
United States Department of Justice
Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530

**Re:** **Hernandez Kroone And Associates, Inc. v. The United States**
**Case No. 07-165 C**

Dear Mr. Solomson:

This is in response to your March 12, 2008 letter regarding your intention to seek an additional three month enlargement of time to each item on the Court's September 6, 2007 Scheduling Order.

Your continued and audacious mischaracterizations of events in this case, including the events regarding the discovery efforts by the parties is amusing, specially in light of the significant and material deficiencies in US's document production which took tremendous time and effort to remedy. Nevertheless, I find it unnecessary to waste time correcting your misstatements. Instead, I will only address your request for an enlargement of time.

HKA will agree to once again accommodate your request to extend the deadlines in this case. However, since I will be out of the office on maternity leave starting early July through mid October, we cannot agree to any deadlines which fall within that time frame. Therefore, HKA proposes the following schedule:

| | Current Court Order | Proposed Date |
|---|---|---|
| Close of non-expert discovery | 05/08/08 | 06/05/08 |
| Designation of experts | 03/31/08 | 06/30/08 |
| Expert reports | 05/26/08 | 11/07/08 |
| Close of expert discovery Including depositions | 07/14/08 | 12/15/08 |

146427.1 MCA 3291.002

If the foregoing schedule is acceptable to you and your client, please prepare a stipulation reflecting same and forward for my review and execution.

Very truly yours,

[signature]

Milene C. Apanian

MCA:mca

bcc: HKA ✓
Richard Mah

# EXHIBIT 8

**Solomson, Matthew (CIV)**

**From:** Milene C. Apanian [apanian@huntortmann.com]
**Sent:** Tuesday, March 25, 2008 7:10 PM
**To:** Solomson, Matthew (CIV)
**Subject:** HKA v. US

Mr. Solomson:

I have received your March 12, 2008 letter regarding US's discovery, despite my March 7th e-mail notifying you that I would be out of the office the entire week of March 10 due to medical issues, and request for the professional courtesy of not serving any papers during that time.

I was also out of the office most of last week and therefore have not had a chance to respond to your March 12, 2008. I anticipate that I will have HKA's response to your March 12, 2008 letter before April 4, 2008.

*Milene C. Apanian*
Hunt Ortmann Palffy Nieves Lubka Darling & Mah, Inc.
301 North Lake Avenue
7th Floor
Pasadena, CA 91101-1807
Phone: (626) 440-5200
Fax: (626) 796-0107
E-mail: apanian@huntortmann.com
Web: www.huntortmann.com

*Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail and delete the original message and all copies from your system. Thank you.*

*Pursuant to applicable federal regulations, we are required to inform you that any advice contained in this communication is not intended to be used nor can it be used for purposes of: (1) avoiding tax penalties or (2) promoting, marketing or recommending to another party any transaction or matter addressed above.*

# EXHIBIT 9

**Solomson, Matthew (CIV)**

---

**From:** Solomson, Matthew (CIV)
**Sent:** Wednesday, March 12, 2008 12:35 PM
**To:** 'Milene C. Apanian'
**Subject:** RE: HKA v. US
**Attachments:** 12march08 discovery letter.pdf

Milene --

Hope all's well. Please see, attached, our letter regarding HKA's responses to our interrogatories. We have adjusted the (requested) response time in our letter to account for the fact that you are out of the office this week. Please feel free to call me to discuss the letter upon your return to work.

Matthew H. Solomson
Trial Attorney, Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530 (for overnight deliveries, use 20005)
Matthew.Solomson@usdoj.gov
Tel. (202) 305-3274
Fax (202) 514-8624

---

**From:** Milene C. Apanian [mailto:apanian@huntortmann.com]
**Sent:** Friday, March 07, 2008 9:11 PM
**To:** Solomson, Matthew (CIV)
**Subject:** HKA v. US

Matt:

I will be out of the office next week on medical related leave. I should be back at the office on March 17th.
I will not have access to e-mail or regular mail, so please do not serve any papers during this time.
I appreciate your understanding and professional courtesy.

*Milene C. Apanian*
Hunt Ortmann Palffy Nieves Lubka Darling & Mah, Inc.
301 North Lake Avenue
7th Floor
Pasadena, CA 91101-1807
Phone: (626) 440-5200
Fax: (626) 796-0107
E-mail: apanian@huntortmann.com
Web: www.huntortmann.com

*__Confidentiality Notice:__ The information contained in this electronic e-mail and any accompanying attachment (s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail and delete the original message and all copies from your system. Thank you.*

*Pursuant to applicable federal regulations, we are required to inform you that any advice contained in this communication is not intended to be used nor can it be used for purposes of: (1) avoiding tax penalties or (2) promoting, marketing or recommending to another party any transaction or matter addressed above.*