# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HERNANDEZ, KROONE AND ASSOCIATES, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | **NO. 07-165C** (Judge Merow) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME

Defendant, the United States, respectfully requests that this Court grant an enlargement of time of 50 days, to and including Friday, December 19, 2008, within which the parties shall complete non-expert discovery. Non-expert discovery currently is set to close on October 30, 2008. This is defendant's first request for an enlargement of time for this purpose. Plaintiff, Hernandez, Kroone, and Associates, Inc. ("HKA") will not oppose this motion. See August 27, 2008 Letter From Mr. Richard Mah (attached hereto as Exhibit A); August 29, 2008 Email from Mr. Laurence Lubka (attached hereto as Exhibit B). Our motion for an enlargement of time is necessary because additional time is required for both parties to complete non-expert discovery.

On June 16, 2008, this Court granted, in part, the Government's March 26, 2008 motion to compel and for an enlargement of time. See Hernandez, Kroone, and Assocs., Inc. v. United States, 82 Fed. Cl. 229 (2008). In that order, the Court also set new discovery deadlines, HKA's opposition notwithstanding. Id. at 240. In particular the Court ordered: (1) that non-expert

discovery would close on October 30, 2008; (2) the exchange of experts by November 7, 2008; and (3) that expert discovery, including depositions, would close on December 19, 2008.

On June 23, 2008, we wrote HKA to ask that it comply with the Court's June 16, 2008 order within 30 days of its issuance, thereby providing "HKA with an amount of time equivalent to what HKA would have had, were the interrogatories served for the first time on June 16, 2008." See June 23, 2008 Letter from Matthew H. Solomson to Mr. Lubka (attached hereto as Exhibit C). In response to that letter and this Court's order, HKA provided supplemental responses to our interrogatories, but not until August 1, 2008.

On August 12, 2008, we again wrote HKA both to identify a number of deficiencies with HKA's latest interrogatory responses and to request that HKA provide us with possible deposition dates in the month of September 2008 for various individuals. See August 12, 2008 Letter from Mr. Solomson to Mr. Lubka (attached hereto as Exhibit D). We requested that HKA respond within two weeks. Id.

On August 27, 2008, we received a letter from Mr. Lubka's partner, Mr. Richard Mah, see Exhibit A, indicating that "it will not be possible for our firm to schedule depositions on this matter during the month of September." Accordingly, and in light of the fact that undersigned counsel of record for the Government will be unavailable for much of October, Mr. Mah agreed that "an enlargement of time for discovery appears to be appropriate." Id. Mr. Mah also indicated that plaintiff required two additional weeks to address the concerns we expressed in our August 12, 2008 letter regarding HKA's latest interrogatory responses. Id. On August 29, 2008, Mr. Lubka indicated that plaintiff would not oppose our instant request for an enlargement of time. See Exhibit B.

Given the limited availability of counsel for both parties during the months of September and October – in addition to the parties' continued efforts to resolve our discovery dispute without court action – we respectfully request that the Court grant our motion for an enlargement of time of 50 days, to and including December 19, 2008, within which the parties shall complete non-expert discovery. With respect to the remaining discovery deadlines, we ask that the parties be permitted time to propose a schedule to the Court that is mutually acceptable to both parties for concluding discovery in this case.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON
Trial Attorney, Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3274
Fax: (202) 514-8624

September 2, 2008

Attorneys for Defendant

# EXHIBIT A

**RICHARD MAH**
E-mail: mah@huntortmann.com
3291.002

**Hunt Ortmann**

Attorneys At Law

Hunt
Ortmann
Palffy
Nieves
Lubka
Darling
& Mah,
Inc.

August 27, 2008

VIA FACSIMILE
(202) 514-8624

Matthew H. Solomson
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Washington, D.C. 20005

**Re: Hernandez Kroone And Associates, Inc. v. The United States**
**Case No. 07-165 C**

Dear Mr. Solomson:

I am writing to respond to your letter dated August 12, 2008 addressed to Laurence Lubka and Milene Apanian regarding the above referenced case. As my paralegal explained to you by telephone yesterday, Mr. Lubka is tied up on another matter and Ms. Apanian is currently out on maternity leave. Let me address the issues raised in your letter one at a time.

First, it will not be possible for our firm to schedule depositions on this matter during the month of September and I see that you will not be available in October. I also note that the close of non-expert discovery is set for October 30, 2008. As you suggested to my paralegal, an enlargement of time for discovery appears to be appropriate. If you will prepare the stipulation reflecting the same, please forward to it me for my review and execution.

Second, you stated that the second supplemental discovery responses did not have our client's verification attached. We apologize for that oversight and my paralegal will forward an executed verification to you as soon as possible.

Finally, you have raised issues regarding responses to Interrogatory nos. 6, 7 and 9 that require additional information or explanation. While I may not agree with your positions, I will attempt to address your concerns and will provide you with further responses within two weeks.

Sincerely,

Richard Mah

RM:pdp

EXHIBIT B

**Solomson, Matthew (CIV)**

**From:** Larry Lubka [lubka@huntortmann.com]
**Sent:** Friday, August 29, 2008 2:19 PM
**To:** Solomson, Matthew (CIV)
**Cc:** Richard Mah; Milene C. Apanian
**Subject:** RE: Hernandez, Kroone, and Associates, Inc. (HKA), Fed. Cl. No. 07-165C

We do not oppose a motion to enlarge time.

Laurence P. Lubka
Hunt Ortmann Palffy Nieves Lubka Darling & Mah, Inc.

-----Original Message-----
**From:** Solomson, Matthew (CIV) [mailto:Matthew.Solomson@usdoj.gov]
**Sent:** Thursday, August 28, 2008 7:45 AM
**To:** Larry Lubka
**Cc:** Richard Mah
**Subject:** Hernandez, Kroone, and Associates, Inc. (HKA), Fed. Cl. No. 07-165C

Mr. Lubka --

We write in response to a letter we received yesterday from your colleague, Richard Mah, regarding Hernandez, Kroone, and Associates, Inc.'s (HKA) latest response to our interrogatories, our request for deposition dates, and an enlargement of time.

Mr. Mah indicated that your firm is unable to schedule depositions during the month of September because you are unavailable due to another matter and your associate, Ms. Apanian, is out on maternity leave. Because I am unavailable during most of October, Mr. Mah agreed that "an enlargement of time appears to be appropriate." In light of the fact that non-expert discovery is currently set to close on October 30, 2008, we intend to move for an enlargement of time to and including December 19, 2008. The other deadlines will have to be moved accordingly.

Such an enlargement also will provide HKA additional time to address the problems we raised in our August 12, 2008 letter regarding HKA's latest response to our interrogatories following the Court's granting of our motion to compel. Mr. Mah represented that he will "attempt to address []our concerns and will provide . . . further responses within two weeks" -- approximately one month from the date we sent our August 12, 2008 letter. We consent to HKA's request for an additional two weeks of time to address our concerns in an effort to resolve this dispute without court action.

Please let me know by close of business today whether you will oppose our motion for an enlargement of time as outlined above.

Thank you for your prompt response.

Matthew H. Solomson
Trial Attorney, Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.

Washington, D.C. 20530 (for overnight deliveries, use 20005)
Matthew.Solomson@usdoj.gov
Tel. (202) 305-3274
Fax (202) 514-8624

# EXHIBIT C

U. S. Department of Justice

Civil Division

*Washington, D.C. 20530*

June 23, 2008

**BY FEDERAL EXPRESS & EMAIL**

Laurence P. Lubka
Hunt Ortmann Palffy Nieves Lubka Darling & Mah, Inc.
301 North Lake Avenue
7th Floor
Pasadena, CA 91101-1807

Re: Hernandez, Kroone, and Assoc., Inc. v. United States, (Fed. Cl. No. 07-165C )

Dear Mr. Lubka:

On June 16, 2008, Judge Merow granted, with but a few, limited exceptions, our March 26, 2008 motion to compel. Thus, the Court's order instructs that plaintiff, Hernandez, Kroone, and Assoc., Inc. ("HKA"), has yet to, but must, provide complete responses to the following interrogatories: 4, 5, 6, 7, and 9.

In particular, the Court ordered as follows:

- **Interrogatory No. 4.** "The court agrees with defendant's point that 'including' is a restrictive word. Plaintiff must provide a complete response. . . . [D]efendant [also] is entitled to the underlying contended facts, not just a conclusory statement of failure to cooperate. Specific instances are required." June 16, 2008 Slip op. at 11.

- **Interrogatory No. 5.** "Plaintiff has not met its obligation of . . . specificity here. It is assumed that plaintiff intends to submit evidence to establish specific government interference and delay and will have to assemble this material for introduction at trial. Discovery response of such material is appropriate." Id. at 15.

- **Interrogatory No. 6.** "Defendant is entitled to know the identification of materials alleged to be defective . . . . Further response is required." Id. at 16. With respect to this interrogatory, our position remains that HKA must identify the precise (alleged) errors or defective specifications, not merely "categories of defective specifications and/or designs." Id.

- **Interrogatory No. 7.** "Defendant is entitled to know whether plaintiff is pursuing all of the claims previously submitted to the contracting officer . . . . Plaintiff's response may not be qualified by limiting words such as 'including, but not limited to.'" Id. at 18.

- **Interrogatory No. 9.** "Discovery addressed to disclosure of this evidence is appropriate and a response is required." Accordingly, HKA must disclose alleged "specific" instances of "work [that] was required to be performed which was beyond the contract terms." Id. at 19.

Although the Court did not provide a deadline by which HKA must provide the foregoing information, we expect HKA to do so within 30 days from the date of the Court's order (i.e., July 16, 2008). That provides HKA with an amount of time equivalent to what HKA would have had, were the interrogatories served for the first time on June 16, 2008. We note, however, that the interrogatories were served more than six months ago, on December 12, 2007.

Finally, we expect that HKA will comply, in full and in good faith, with the Court's order and, accordingly, will provide us with complete and sufficiently detailed information per our discovery requests and subsequent correspondence. Should HKA fail to do so, however, we will not hesitate to seek the Court's involvement once again.

Very truly yours,

MATTHEW H. SOLOMSON
Trial Attorney

cc: Milene C. Apanian

EXHIBIT D

**U. S. Department of Justice**

Civil Division

*Washington, D.C. 20530*

August 12, 2008

**BY FEDERAL EXPRESS & EMAIL**

Laurence P. Lubka
Hunt Ortmann Palffy Nieves Lubka Darling & Mah, Inc.
301 North Lake Avenue
7th Floor
Pasadena, CA 91101-1807

Re: Hernandez, Kroone, and Assocs., Inc. v. United States, (Fed. Cl. No. 07-165C )

Dear Mr. Lubka:

On June 16, 2008, Judge Merow granted, with but a few, limited exceptions, our March 26, 2008 motion to compel. See Hernandez, Kroone, and Assocs., Inc. v. United States, 82 Fed. Cl. 229 (2008). In particular, the Court ordered plaintiff, Hernandez, Kroone, and Assocs., Inc. ("HKA"), to provide complete responses to the following interrogatories: 4, 5, 6, 7, and 9.

On August 1, 2008, HKA provided us with its second supplemental responses to our interrogatories. Notwithstanding the Court's order, however, HKA improperly continues to assert, with respect to each interrogatory, a litany of objections, all of which already have been overruled by the court in the aforementioned order. Moreover, we continue to believe that HKA's responses are deficient in a number of respects.

In particular, with respect to Interrogatory no. 7, HKA indicates that it is no longer pursuing various claims for allegedly additional labor costs incurred by Heisler Engineering or costs incurred by General Modular, both HKA subcontractors. HKA also states that its amended complaint in this case "does not seek compensation for weed barrier, man gate [sic], gates, and costs associated with the anti climb fabric or security screening which were included in HKA's December 13, 2005 claim." HKA, is required, however, to identify the precise quantum of costs associated with each of the foregoing items or categories, but has failed to do so.

Moreover, notwithstanding the foregoing summary of HKA's supplemental response to Interrogatory no. 7, HKA alleges, in its supplemental response to Interrogatory no. 9, that the government required HKA to provide, amongst other items and services, "anti climb fence fabric" without compensation. Thus, HKA's responses to those two interrogatories are contradictory; HKA is required to clarify the discrepancy.

With respect to HKA's latest supplemental response to Interrogatory no. 6, HKA alleges that "the plans, specifications and materials provided to HKA by the government were not accurate, workable, correct or sufficient because they did not reflect the correct scope and requirements of the work to be performed by HKA . . . ." Interrogatory no. 6, however, did not seek information regarding HKA's view of the scope of the contract, but rather asked HKA to identify "the factual bases for the allegation . . . that contract plans [or] specifications . . . provided to HKA by the government were not accurate, workable, [or] correct" and, relatedly, to identify "every such error or alleged defective specification." HKA still has not identified the precise specifications (e.g., by contract paragraph number) that were allegedly defective. See 82 Fed. Cl. at 238-39.

In addition, HKA's list of allegedly out-of-scope work in response to Interrogatory no. 6 appears inconsistent with HKA's response to Interrogatory no. 9 directed to HKA's alleged work "beyond the requirements of the contract." HKA must explain the discrepancy. Furthermore, HKA's objection to Interrogatory no. 6 that a proper response "would necessitate the preparation or the making of a compilation, abstract, . . . comparison or summary of or from the Scope of Work documents" was overruled by the Court. See id.

Finally, Rule 33(b) of the Rules of the Court of Federal Claims ("RCFC") requires that "[e]ach interrogatory shall be answered separately and fully in writing under oath," and that "answers are to be signed by the person making them." RCFC 33(b)(1)-(2). HKA has not complied with this requirement.

Please correct the foregoing defects within two weeks of the receipt of this letter. We note, once again, that our interrogatories were served almost eight months ago, on December 12, 2007.

We also currently expect to notice depositions of HKA witnesses for sometime between September 8-24, 2008. Accordingly, please provide us with available dates during that time period for depositions of the following individuals: Richard Hernandez, Anne Hernandez, Nancy Cooper, Joseph Figueroa, and Roland Hill. We note, in that regard, that although close of non-expert discovery is currently set for October 30, 2008, undersigned counsel of record is unavailable on the following dates: September 29-October 3, 2008; and October 8-23, 2008.

Very truly yours,

MATTHEW H. SOLOMSON
Trial Attorney

cc: Milene C. Apanian