# In the United States Court of Federal Claims

No. 07-165 C
(Filed September 15, 2008)

| | |
|---|---|
| HERNANDEZ, KROONE AND ASSOCIATES, INC., Plaintiff, | * |
| v. | * |
| THE UNITED STATES, Defendant. | * |

## PRIVACY ACT PROTECTIVE ORDER

On September 15, 2008, defendant filed an unopposed motion for a protective order pursuant to the Privacy Act, asking for expedited consideration. That motion is hereby **GRANTED**.

Accordingly, and pursuant to 5 U.S.C. § 552a(b)(11), it is hereby **ORDERED** that defendant is authorized to release to plaintiff, its counsel, defendant's expert witness or other representatives, and to the Court in this case, Government records consisting of contractor payroll reports, and other similar records, without obtaining prior written consent of the individuals to whom the records pertain. Such disclosure is subject to the following conditions:

1. For purposes of this order, the term "record" shall have the same meaning as set forth in the Privacy Act, 5 U.S.C. § 552a(a)(4).

2. Information contained in above-described records that is protected by the Privacy Act (*e.g.*, names, addresses, and social security numbers) shall be used by plaintiff, its representative(s), and defendant's expert only for purposes of litigating the above-captioned case, including any

subsequent appeals, and shall not be disclosed to the public or any other person or entity for any reason other than for purposes of litigating this case, including any subsequent appeals.

3. Except as otherwise ordered by this court, protected information may be disclosed only to the following persons: (a) plaintiff and counsel for plaintiff in this action; (b) partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in this case; (c) persons retained by plaintiff or its counsel to assist in discovery, preparation for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this case; (d) persons with factual knowledge relating to this case who may be called as witnesses at any hearing, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this case; and (e) any deponent in these cases during his or her deposition and any person or persons recording such deposition by stenographic or other means; (f) persons retained by defendant or its counsel to assist in discovery, preparation for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this case.

4. All individuals indicated in paragraph 3, above, to whom protected information is disclosed shall be informed of and shall agree with the terms of this order and shall not otherwise disclose protected information in the protected documents to the public or to any person or entity, and shall acknowledge their agreement to comply with the provisions of this order by signing a copy of the attached acknowledgment form. Counsel will retain copies of the acknowledgment forms until such time as this litigation, including all appeals, is concluded. Should plaintiff wish to disclose protected information to any persons other than those indicated in paragraph 3, above, counsel must obtain defendant’s consent. If defendant does not consent to disclosure, then plaintiff or its counsel may, on motion, seek modification of this order from the court.

5. Each party reserves the right to move to modify the terms of this Protective Order at any time, and each party reserves the right to oppose any motion to modify the terms of the Protective Order.

6. Protected information may be presented to the Court only under seal. Should a party seek to use protected information in open court or at trial, orally or through documents, including as trial exhibits, or seek to file such information as part of a public filing (e.g., a pleading, motion, exhibit or expert report), it must first seek an order from the Court ruling that the information is relevant and may be publicly disclosed.

7. Submissions to the Court containing Protected Information must be in two versions, a confidential version and a redacted, public version. The page and each page containing Protected Information, including those filed electronically, shall be clearly marked as follows:

**PROTECTED/CONFIDENTIAL MATERIAL**
**TO BE DISCLOSED ONLY IN ACCORDANCE WITH**
**U.S. COURT OF FEDERAL CLAIMS**
**PROTECTIVE ORDER**

**The redacted, public version shall be filed within seven calendar days after the filing of the confidential version.**

a. The confidential version must identify the specific portion of the material for which any party has claimed protection **by highlighting or otherwise conspicuously marking the Protected Information**. A party proposing to file a submission must identify all information which it has reason to believe is protected by this Order.

b. The redacted version shall be marked as such in a conspicuous manner on the cover page. Protected Information shall be blacked out or deleted in a manner which indicates that material has been removed with all related metadata eliminated. **The redacted copy shall be filed with the Court and shall be publicly available.**

8. Unredacted copies of documents that contain protected information, or any documents or pleadings containing protected information, must be returned by plaintiff or other receiving party to defendant upon the

conclusion of this case, including any subsequent appeals. Within thirty days after the conclusion of this case and any subsequent appeals, plaintiff or plaintiff's counsel or other person receiving such unredacted copies, documents, or pleadings, must certify in writing that all such copies, documents, or pleadings have been returned to defendant. Within forty-five days after the termination of this case, including any subsequent appeals, plaintiff or plaintiff's counsel or other person receiving such copies, documents, or pleadings must also certify in writing that any such copies, documents, or pleadings they or their attorneys or agents have created have been destroyed or redacted; provided, however, that no party is required to destroy or redact any document that has been filed with this court or with a court of appeals of competent jurisdiction in connection with this case.

9. Neither the United States Department of Justice, the Department of the Army, the Army Corps of Engineers, nor any of their officers, employees, or attorneys, shall bear any responsibility or liability for any unauthorized disclosure of any protected information obtained by plaintiff's counsel under this order, or of any information contained in such documents.

10. This order does not constitute any ruling on the question of whether the above-described documents are properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility, other than objections based on the Privacy Act. This order does not apply to any information or documents other than information or documents that are subject to the Privacy Act.

**IT IS SO ORDERED**.

s/ James F. Merow

James F. Merow
Senior Judge

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HERNANDEZ, KROONE AND ASSOCIATES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-165C |
| | ) | (Judge Merow) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

I have been informed of, and agree to comply with, the provisions of the Privacy Act order issued by the court in this case.

______________________
**Signature**

______________________
**Printed Name**

______________________
**Date**