# In the United States Court of Federal Claims

No. 07-165 C
(Filed December 31, 2008)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| HERNANDEZ, KROONE AND ASSOCIATES, INC., | \* |
| Plaintiff, | \* |
| v. | \* |
| THE UNITED STATES, | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER ON MOTION TO COMPEL, EXTENSION OF DISCOVERY AND DAMAGES

On December 29, 2008, the court heard oral argument on defendant's Second Motion to Compel, filed November 26, 2008. Plaintiff filed a Response on December 11, 2008 and defendant a Reply on December 16, 2008. During oral argument, counsel jointly requested an extension of time for non-expert discovery.

1. Defendant's Second Motion to Compel is **granted in part** and **denied in part** as follows. During oral argument plaintiff's counsel commendably agreed to supplement several responses. To the extent not otherwise agreed, plaintiff shall promptly supplement its response to Interrogatory No. 22 and provide dollar amounts for claim categories 1 (Permits and Fees), 4 (Project Management and Contract Interpretation), 5 (Prompt Payment), and 7 (Negative Performance Rating). Supplementation shall be provided to defendant's counsel, no later than five (5) business days prior to any depositions, and be appropriately verified. RCFC 33(b)(1), (3) and (5).

Defendant seeks further discovery as to the extent of the claim(s) submitted to the Contracting Officer ("CO"). Interrogatory No. 7 of defendant's first set of

interrogatories asked for the identification of costs sought in six claims submitted to the CO. The court's June 16, 2008 Order addressed this matter.

> Defendant is entitled to know whether plaintiff is pursuing all of the claims previously submitted to the contracting officer. Stated differently, defendant is entitled to know claims plaintiff is pursuing in this litigation. *See Oliver v. City of Orlando*, 2007 WL 3232227, *3 (M.D. Fla. Oct. 31, 2007) ("It is not Defendant's task to calculate Plaintiff's damages for her, nor must Defendant be left to guess as to the elements of Plaintiff's claimed damages. Plaintiff is obligated to comply with Rule 26, and compute it as it stands now, bearing in mind that a party is under a duty to supplement its response, as appropriate. Rule 26(e).").

*Hernandez, Kroone and Assocs., Inc. v. United States*, 2008 WL 4725433, at *10 (Fed. Cl. June 16, 2008).

Counsel for plaintiff admits the amounts claimed before this court are less than some of the claims presented to the CO. At oral argument, counsel for defendant pressed interest into discovery of claims that are **not** being pursued in this action, not necessarily to determine the extent of the claims that are being pursued, but for other purposes. *See generally* the False Claims Act, 31 U.S.C. § 3729 (a)(1), (a)(2); the Forfeiture of Fraudulent Claims Act, 28 U.S.C. § 2514; the Contract Disputes Act, 41 U.S.C. § 604; and the False Claims Act, 18 U.S.C. § 287. Defendant has not raised any counterclaim or affirmative defense of offset, nor sought leave to amend. Discovery into matters not before the court is not appropriate; defendant has not met its burden in this regard. "[T]he government 'must possess "concrete and positive evidence" before it initiates discovery into matters relevant only as to establishment of offsets.'" *American Airlines, Inc. v. United States*, __ F.3d __, 2008 WL 5273577, at *10 (Fed. Cir. Dec. 22, 2008) (citing *Mahoney v. United States*, 223 Ct. Cl. 713, 718 (1980)). The court's prior Order is limited accordingly.

To the extent not otherwise agreed by plaintiff's counsel at oral argument or granted herein, defendant's Second Motion to Compel is **denied.**

2. As agreed by counsel, the deadline for completion of non-expert discovery is extended to **February 27, 2009.**

3.  As discussed during oral argument and in order to simplify and facilitate presentation of evidence at trial and reduce time and expense, the parties shall be subject to the Pretrial Order on Damages, Attachment "A" hereto.  Counsel indicated they had been proceeding informally along these lines.  Accordingly, no dates for provision or examination are provided and counsels' cooperation in this regard is anticipated.  Should a dispute arise, counsel should promptly inform the court by filing an appropriate motion, or contact Ms. Eddins, (202) 357-6613, to arrange for a telephone conference call.

**IT IS SO ORDERED**.

s/ James F. Merow
James F. Merow
Senior Judge

ATTACHMENT "A"

PRETRIAL ORDER ON DAMAGES

For the damages disclosure required by RCFC 26(a)(1)(C), and, subsequently, for exhibits proposed in accordance with RCFC Appendix A, paragraph 13(a), the parties shall adhere to the following procedures:

a. On or before _____, \_\_\_\_, any party with a claim for damages shall provide to the other party any and all items and figures from books of account or other records which are to be introduced into evidence in this matter, and any calculations or estimates derived therefrom. The items and figures shall be set forth on separate schedules or summaries, as further described in paragraph (b) below.

b. Any schedule or summary provided pursuant to paragraph (a) above shall be accompanied by a statement describing the source(s) for the items or figures listed (*e.g.*, ledgers, journals, payrolls, invoices, checks, time cards, etc.), the location(s) of the source(s), the time during the discovery period when the source(s) may be examined or audited by the opposing party, the name and address of the person(s) who prepared each schedule or summary and who shall be made available to the opposing party during an examination or audit of the source material to provide information and explanations required for verification of the listed items or figures.

c. On or before _____, \_\_\_\_, a party who receives schedules or summaries pursuant to paragraph (a) shall arrange for a complete examination or audit as desired of the source material, preferably by person(s) available to provide testimony in any ensuing evidentiary proceedings. By the specified date above, the receiving party shall provide opposing counsel with a statement admitting or denying the accuracy or admissibility of each schedule or summary (or portion thereof) submitted pursuant to paragraph (a). The statement shall address each item and figure submitted, and shall set forth the results of the examination or audit of the source material. The statement shall include the reason(s) for any denial of accuracy as to specified items or figures, citing generally accepted accounting principles or regulations where applicable, and the reason(s) for any denial of admissibility as to specific items or figures, keyed to the applicable Federal Rule(s) of Evidence. Any item or figure not denied as to accuracy or admissibility by the date specified above shall be deemed not contested.

    Proposed trial exhibits exchanged pursuant to RCFC Appendix A, paragraph 13(a), and listed pursuant to RCFC Appendix A, paragraph 16, shall include schedules setting forth <u>all</u> items and figures from books of account or other records, and calculations or estimates derived therefrom, which a party proposes be introduced into evidence. These schedules shall include appropriate identification of those specific scheduled items, figures, calculations and estimates thereon which, on the basis of pretrial examination or audit and exchanges are contested as to accuracy or admissibility, so that evidentiary proceedings as to items and figures shall thereafter be limited only to those identified as contested.

    **IT IS SO ORDERED.**

 

    s/ James F. Merow  
    James F. Merow  
    Senior Judge