# In the United States Court of Federal Claims

No. 07-165 C
(Filed February 11, 2009)

```
*************************************
HERNANDEZ, KROONE AND            *
     ASSOCIATES, INC.,            *
                      Plaintiff,  *
                                  *
          v.                      *
                                  *
                                  *
THE UNITED STATES,                *
                                  *
                      Defendant.  *
*************************************
```

## ORDER

Defendant requests the court to reconsider a portion of its December 31, 2008 order which granted in part Defendant's Second Motion to Compel Discovery. Defendant's Motion for Reconsideration and Request for Expedited Consideration was filed on January 29, 2009. The court ordered responsive briefing on an expedited basis. Plaintiff's Opposition was filed on February 6, 2009. Defendant filed a Reply on February 9, 2009. Plaintiff ("HKA") filed a Sur-Reply on February 9, 2009 and a Motion for Leave to File on February 10, 2009, which was granted on February 11, 2009.

Defendant's motion is brought pursuant to the Rules of the Court of Federal Claims ("RCFC") 60(b). Although not advanced by plaintiff, RCFC 60(b) applies to "final judgments, orders, or proceedings." *See Agredano v. United States*, 76 Fed. Cl. 315, 317 (2007) (citing 12 James William Moore et al., *Moore's Federal Practice* § 60.03[5] (3d ed. 2004). There has been no final judgment, order or proceeding in this matter.

The court has the discretion under RCFC 59(a) to reconsider non-final decisions under RCFC 54(b) and RCFC 59(a). RCFC 54(b) provides:

any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities.

RCFC 59(a) provides that rehearing or reconsideration may be granted as follows:

(A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

A motion for reconsideration under Rule 59 must be made within ten days after the entry of the judgment, or within two years upon a satisfactory showing of fraud or injustice done to the United States.  RCFC 59(b)(1) & (2).

"The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).  "Motions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'" *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999), aff'd, 250 F.3d 762 (Fed. Cir. 2000) (table)).  "To prevail on a motion for reconsideration, the movant must point to a manifest error of law or mistake of fact." *Pac. Gas & Elec. Co. v. United States*, 58 Fed. Cl. 1, 2 (2003) (citing *Franconia Assocs. v. United States*, 44 Fed. Cl. 315, 316 (1999)).  "Specifically, the moving party must show: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." *Matthews v. United States,* 73 Fed. Cl. 524, 526 (2006) (citing *Griswold v. United States*, 61 Fed. Cl. 458, 460-61 (2004)).

Plaintiff's dispute was brought under the Contract Disputes Act of 1978 ("CDA").  On June 16, 2008, the court granted the government's first Motion to Compel answers to interrogatories.  Defendant's Second Motion to Compel was filed

on November 26, 2008, and included a consented request for enlargement of time for discovery and request for oral argument.  The bulk of the motion recited a history of waiting for HKA's promised supplementation or clarification of prior interrogatory responses as ordered by the court, and complains that HKA's responses were riddled with objections and reservations of the right to supplement.  In particular defendant asserted responses to the following were not made as ordered.

> ▸**Interrogatory No. 4**. "The court agrees with defendant's point that 'including' is a restrictive word. Plaintiff must provide a complete response. . . . [D]efendant [also] is entitled to the underlying contended facts, not just a conclusory statement of failure to cooperate. Specific instances are required."  June 16, 2008 Slip op. at 11.

> ▸**Interrogatory No. 5**. "Plaintiff has not met its obligation of . . . specificity here. It is assumed that plaintiff intends to submit evidence to establish specific government interference and delay and will have to assemble this material for introduction at trial. Discovery response of such material is appropriate."  *Id*. at 15.

> ▸**Interrogatory No. 6**.  "Defendant is entitled to know the identification of materials alleged to be defective . . . . Further response is required." *Id*. at 16.

> ▸**Interrogatory No. 7**. "Defendant is entitled to know whether plaintiff is pursuing all of the claims previously submitted to the contracting officer . . . . Plaintiff's response may not be qualified by limiting words such as 'including, but not limited to.'"  *Id*. at 18.

> ▸**Interrogatory No. 9**.  "Discovery addressed to disclosure of this evidence is appropriate and a response is required."  Accordingly, HKA must disclose alleged "specific" instances of "work [that] was required to be performed which was beyond the contract terms."  *Id*. at 19.

(Def.'s Second Motion to Compel, p. 3.)  One of the many points made in the Second Motion to Compel concerned costs for which HKA does not seek compensation in this litigation.  Similarly, in its First Motion to Compel, defendant argues that HKA

submitted at least six claims to the contracting officer and should know what costs so asserted were not being sought in this litigation.

The court's December 31, 2008 Order on the Second Motion to Compel addressed the relationship between claims submitted to the contracting officer and claims in this litigation.

Defendant seeks further discovery as to the extent of the claim(s) submitted to the Contracting Officer ("CO"). Interrogatory No. 7 of defendant's first set of interrogatories asked for the identification of costs sought in six claims submitted to the CO. The court's June 16, 2008 Order addressed this matter.

> Defendant is entitled to know whether plaintiff is pursuing all of the claims previously submitted to the contracting officer. Stated differently, defendant is entitled to know claims plaintiff is pursuing in this litigation. *See Oliver v. City of Orlando*, 2007 WL 3232227, *3 (M.D. Fla. Oct. 31, 2007) ("It is not Defendant's task to calculate Plaintiff's damages for her, nor must Defendant be left to guess as to the elements of Plaintiff's claimed damages. Plaintiff is obligated to comply with Rule 26, and compute it as it stands now, bearing in mind that a party is under a duty to supplement its response, as appropriate. Rule 26(e).").

*Hernandez, Kroone and Assocs., Inc. v. United States*, 2008 WL 4725433, at *10 (Fed. Cl. June 16, 2008).

Counsel for plaintiff admits the amounts claimed before this court are less than some of the claims presented to the CO. At oral argument, counsel for defendant pressed interest into discovery of claims that are **not** being pursued in this action, not necessarily to determine the extent of the claims that are being pursued, but for other purposes. *See generally* the False Claims Act, 31 U.S.C. § 3729(a)(1), (a)(2); the Forfeiture of Fraudulent Claims Act, 28 U.S.C. § 2514; the Contract Disputes Act, 41 U.S.C. § 604; and the False Claims Act, 18 U.S.C. § 287. Defendant has not raised any counterclaim or affirmative defense

of offset, nor sought leave to amend.  Discovery into matters not before the court is not appropriate; defendant has not met its burden in this regard.  "[T]he government 'must possess "concrete and positive evidence" before it initiates discovery into matters relevant only as to establishment of offsets.'"  *American Airlines, Inc. v. United States*, __ F.3d __, 2008 WL 5273577, at *10 (Fed. Cir. Dec. 22, 2008) (citing *Mahoney v. United States*, 223 Ct. Cl. 713,718 (1980)).  The court's prior Order is limited accordingly.

(Order, December 31, 2008, pp. 1-2.)

Defendant seeks reconsideration of the discovery limitation to HKA's claims in this litigation.  Three reasons are advanced: (1) discovery is permitted because of the allegation of the Amended Complaint and the purposes of the CDA; (2) absent discovery the government will be severely prejudiced; and (3) HKA has not objected and/or waived any objections.  Defendant states that its contemplation of a counterclaim or offset and request for discovery to support such, was not raised by plaintiff but was rather picked-up by the court in oral argument.

In its Opposition, HKA labels defendant's attempts at discovery into what is not in this litigation as a "fishing expedition" and belated attempt to suggest a false claim counterclaim in order to "bully," "intimidate" and put HKA out of business. Lacking in the motions to compel or request for reconsideration are any supportive facts HKA points out, adding that any delay inherent in expanding discovery and pleadings at this late date (discovery cutoff is February 27, 2009) would be prejudicial, particularly to this small business plaintiff.

This case was filed on March 13, 2007.  Following several extensions, discovery cut-off is February 27, 2009.  In order to simplify and facilitate presentation of evidence at trial and reduce time and expense, the parties were ordered to comply with the Pretrial Order on Damages, Attachment "A" to the December 31, 2008 Order, a procedure the parties had already informally adopted.

HKA has abandoned certain claims and admits such.  "To date HKA has not received any documentation from Heisler or from General Modular.  Therefore, HKA cannot and will not pursue these claim items at time of trial.  If the Court believes a formal amendment to HKA's complaint is necessary, HKA will file one." (Plaintiff's

Opposition to Defendant's Motion for Reconsideration, p. 9.)  The court will hold HKA to that admission.  Presumably, documents exchanged under the Pretrial Order on Damages was so limited.  Accordingly, defendant's protest that it needs discovery as to matters that HKA may raise, just in case they are, is neutralized as HKA will be held to its concession and document exchange.  Trial will be limited accordingly.

As to the second reason, that the government would like discovery as to matters that may have been submitted to the contracting officer but are not being pursued in this litigation, the government has not justified altering the court's previous view or offered any new reason for doing so, and has not proffered any facts or evidence (concrete or otherwise) that would support the discovery sought.  Discovery is not a fishing expedition.   As the Federal Circuit recently reinforced in rejecting the government's request for discovery that might support a counterclaim or offset defense:

> the government has made no reasonable showing that it possesses "concrete and positive evidence, as opposed to a mere theoretical argument," *Sara Lee Corp. v. United States*, 29 Fed. Cl. 330, 338 (1993) (quoting *Missouri Pac. R.R. v. United States*, 168 Ct. Cl. 86, 338 F.2d 668, 672 (Ct. Cl. 1964)), to justify wide-ranging discovery on a quest for setoffs. No error has been identified in the government auditor's methodology, despite the three months of additional discovery that the court afforded. The Court of Federal Claims did not abuse its discretion in the limitations that the court placed on additional discovery.  *See Forest Products, Northwest, Inc. v. United States*, 453 F.3d 1355, 1359 (Fed. Cir. 2006) (discovery rulings are within the trial court's discretion).

*American Airlines, Inc. v. United States*, 551 F.3d 1294, 1307 (Fed. Cir. 2008).  This requirement is consistent with RCFC 11.

Furthermore, while submission of claims to the contracting officer is a prerequisite to this suit, the court's resolution of HKA's claims is *de novo.  Wilner v. United States*, 24 F.3d 1397, 1401 (Fed. Cir. 1994) ("[A]fter a contracting officer renders a decision upon a claim, a contractor may bring an action directly on the claim in the Court of Federal Claims. 41 U.S.C. § 609(a)(1).  In the Court of Federal Claims, the action proceeds 'de novo in accordance with the rules of the . . . court.'

41 U.S.C. § 609(a)(3).”); *England v. Sherman R. Smoot Corp*., 388 F.3d 844, 855-56 (Fed. Cir. 2004) (extending *Wilner* to interim decisions of the contracting officer); *HighQBPO, LLC v. United States*, 84 Fed. Cl. 360 (2008) (non-binding status of contracting officer’s decision raised by government as basis for allowing the government to depart from the decision without penalty).  *See also Martin J. Simko Constr., Inc. v. United States*, 852 F.2d 540, 545 (Fed. Cir. 1988) (holding that government’s CDA and False Claims Act fraud counterclaims or special pleas in fraud do not have to be raised initially to the contracting officer).

Assertion of counterclaims or offsets requires an appropriate pleading(s) (and RCFC 9(b) requires circumstances constituting fraud be stated with particularity) prior to consideration of discovery with respect thereto.  Discovery requires a showing of concrete and positive evidence. *American Airlines*, 551 F.3d at 1307. Neither has occurred to date.

Accordingly, Defendant’s Motion for Reconsideration is **DENIED.**

s/ James F. Merow
James F. Merow
Senior Judge