# In the United States Court of Federal Claims

No. 07-165 C

(Filed October 5, 2009)

**************************************

| | |
|---|---|
| HERNANDEZ, KROONE AND | * |
| ASSOCIATES, INC., | * |
| Plaintiff, | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |

**************************************

## ORDER

This order addresses Defendant's Motion to Dismiss For Lack of Jurisdiction. Defendant asserts that the disputes plaintiff submitted to the contracting officer, do not qualify as valid "claims," pursuant to 41 U.S.C. § 605. Submission of a valid claim to the contracting officer is a necessary prerequisite to bringing direct action litigation in this court in accordance with 41 U.S.C. § 609(a)(1). *Paragon Energy Corp. v. United States*, 227 Ct. Cl. 176, 645 F.2d 966 (1981). Defendant argues that plaintiff's several submissions to the contracting officer lack "claim" status because they do not set forth a "sum certain." *H. L. Smith v. Dalton*, 49 F.3d 1563 (Fed. Cir. 1995). Plaintiff opposes defendant's motion and asserts that its submissions to the contracting officer comprise valid claims under 41 U.S.C. § 605 and satisfy all requirements for bringing a direct action in this court pursuant to 41 U.S.C. § 609(a)(1), following the contracting officer's decisions or failure to decide.

Defendant's Motion to Dismiss discusses the several letters plaintiff submitted as disputes comprising claims to the contracting officer responsible for the procurement involved, the construction of a Border Patrol Station in Indio, California.

By letter, dated December 13, 2005, plaintiff submitted a contract dispute involving what plaintiff asserted was a unilateral contract modification which increased the scope of the work adding items to the contract. Plaintiff noted that the spreadsheet attached as part of the submission set forth the dollar value of the items concerned which were plaintiff's "[b]est, good faith estimate at the present time, based on Hernandez Kroone's knowledge and belief as of this date." (Def.'s Mot. to Dismiss, Ex. B at HKA Claim 6.) Plaintiff noted that

Changes in material availability or price and/or labor availability or price may require modification to the amounts listed above. Hernandez Kroone reserves its rights to make any such modifications as may be necessary.

*(Id.* at HKA Claim 6-7.)

The total amount set forth as plaintiff's December 13, 2005 claim for additional compensation was $840,522.77.

By letter dated March 16, 2006, the Corps of Engineers Contracting Officer, Patricia Bonilla, issued an 18-page decision stating, in part, as follows (1st Am. Compl., Ex. 1):

By letter dated December 13, 2005, Hernandez, Kroone & Associates ("HKA") submitted a certified claim seeking additional compensation in the amount of $840,522.77 and a 119-day time extension for performing work that was included in its January 25, 2005 proposal, but which HKA alleges are outside its contractual scope of work (Tab 32) HKA asserts that parking lot lighting, security cameras, asphalt paving, and aggregate base bid quantities that it previously proposed were not required by the solicitation that formed the basis for its contract which HKA contends it signed on February 15, 2005, for the U.S. Border Patrol Station in Indio, California. (Tab 26)

I have considered HKA's claim and find it without merit. My Findings of Fact and evaluation of these facts follow.

. . . .

## Decision

Based on the foregoing Statements of Fact and Discussion, it is my decision that the Government is not liable to HKA for any costs incurred beyond those already compensated pursuant to contract modifications SM001 and SM002.

This is the Final Decision of the Contracting Officer.

. . . .

In lieu of appealing to the Armed Services Board of Contract Appeals, you may bring an action directly in the U. S. Court of Claims within twelve (12) months of the date you receive this decision.

Citing *North Star Alaska Housing Corp. v. United States*, 76 Fed. Cl. 158, 184 (2007), defendant asserts that plaintiff's reservation of rights precludes any contention that the December 13, 2005 letter specified a sum certain. However, the *North Star Alaska Housing* language cited involved submissions which did not result in consideration or a decision by the contracting officer. 76 Fed. Cl. at 183. With respect to the December 13, 2005 letter, the contracting officer recognized it as a $840,522.77 claim, set forth finding as to its components and issued a final decision. Plaintiff's "reservation of rights" was no more than the recognition that the same claim (one based on the same set of operative facts) can increase or decrease in amount, by the passage of time, at either the contracting officer level, or on appeal to a board of contract appeals or before this court in a direct action filed pursuant to 41 U.S.C. § 609(a)(1). *See H. L. Smith, Inc. v. Dalton*, 49 F.3d 1563 (Fed. Cir. 1995); *Tecom v. United States*, 732 F.2d 935 (Fed. Cir. 1984); *Modeer v. United States*, 68 Fed. Cl. 131, 136 (2005). As of the date of its submission to the contracting officer, the December 13, 2005 letter set forth a "sum certain."

A similar circumstance prevails with plaintiff's December 15, 2005 submission to the contracting officer. This letter concerns a claim for "IID [Imperial Irrigation District] conduit beyond the Modular Building to property line." The attached spreadsheet sets forth the components of the claim which total $35,684.20. Included is an $11,917.38 amount for work by subcontractor Heisler Engineering on which defendant notes plaintiff has indicated it will not offer evidence in the proceedings before this court resulting from the absence of cooperation from Heisler. This has no apparent bearing on the issue of the validity of the claim as submitted to the contracting officer. A sum was submitted, and a direct action was then filed pursuant to 41 U.S.C. § 609(a)(1). Whether plaintiff proceeds with evidence to establish liability and damages in the present proceeding has no impact on the required claim which is a prerequisite to filing a direct action. The proceeding before this court is

*de novo.  Wilner v. United States*, 24 F.3d 1397, 1401 (Fed. Cir. 1994); 41 U.S.C. § 609(a)(3).

Plaintiff's December 20, 2005 letter to the contracting officer does not set forth any amount claimed. Defendant asserts that as the submission lacks a sum certain it cannot be a valid claim under 41 U.S.C. § 605.  Plaintiff responds that the letter primarily seeks interpretations of contract terms, and does not require a sum certain. As such, the letter may qualify as submitting a non-monetary claim(s), but does not comprise a valid monetary claim.

The December 23, 2005 letter submitted to the contracting officer sets forth a claim on which the contracting officer issued a 6-page decision on June 6, 2006.  (1st Am. Compl., Ex. 2.)  The letter set forth $29,348.25 as the sum certain plaintiff estimated for the additional amount claimed to perform unilateral modification No. R00004.  Note 1 to the attached spread sheet stated that daily job costs and time extensions for this claim are included in plaintiff's December 13, 2005 claim and plaintiff "[r]eserves the right to include daily job cost and time extensions to this dispute pending the decision made on the December 14, 2004 [sic] dispute."  The TBD [to be decided] items in the claim spreadsheet are all, with the exception of "Penalty Interest," keyed to this note, so as to insure that the contracting officer's determinations as to the sums sought, if awarded on the December 13, 2005 claim, would not produce a duplicate recovery, if the December 23, 2005 claim also produced an award.  The December 23, 2005 letter sets forth a valid claim including a sum certain.  The contracting officer treated it as such in denying the claim by the June 6, 2006 decision.

Plaintiff's May 3, 2006 letter to the contracting officer submits a contract dispute on several items.  Plaintiff includes a spreadsheet providing the estimated sum of $67,255.34 for the claim, although the text of the letter states that the "[d]ollar amount will be determined after all the expenses are known and construction accounting is completed."  The letter sets out in some detail the basis for each claim item.  In this circumstance, the specific sum estimated for the claim is considered to be sufficient to satisfy the "sum certain" requirement.  The letter provides sufficient information to the Corps of Engineers contracting officer to act on the matters and can satisfy the prerequisite of a claim submitted to the contracting officer for a direct action filed in this court on the same operative facts.

Defendant raises the issues concerning the recovery in this direct action proceeding of amounts plaintiff listed on claims to the contracting officer attributed to subcontractor Heisler Engineering. However, as noted previously, the issue of trial evidence to be adduced in this *de novo* direct action proceeding has no bearing on the issue of the validity of the claim submitted to the contracting officer. Plaintiff's explanation of the several claim submissions for lights and cameras obviate any conflict which would impact claim validity.

In paragraphs 14(b), 27, and 28 of the First Amended Complaint, plaintiff pleads entitlement to prompt payment interest pursuant to 31 U.S.C. § 3901, *et seq.* Under certain circumstances this interest will be paid without a request for its payment, 31 U.S.C. § 3902(c)(1). However, a claim under the Contract Disputes Act ("CDA") appears to be required on government contracts to recover this interest for late payments which are not the subject of a dispute. 31 U.S.C. § 3907(a); *Serang Corp. v. United States*, 76 Fed. Cl. 560, 563 (2007). Plaintiff does not demonstrate that any such claim was filed with the contracting officer on this procurement. To the extent this is the case, the court lacks jurisdiction to consider this prompt payment matter.

Also, defendant asserts that the claims submitted to the contracting officer by plaintiff have not been shown to contain any sums for added management, daily job costs, water line replacement and site flooding. It is noted that the spreadsheet for the December 13, 2005 claim includes a breakdown for "Daily Job Cost Expense." This may include "daily job costs" and the other "omitted" items may well be included in the several claims submitted. As a prerequisite to assertion of its direct action submissions on these items, plaintiff must identify where the same operative facts were included in a claim to the contracting officer.

Accordingly, it is **ORDERED** that:

(1) The letters plaintiff submitted on December 13, 2005, December 15, 2005, December 20, 2005 (non-monetary), December 23, 2005, and May 3, 2006 comprise claims pursuant to 41 U.S.C. § 605;

(2) As the submission of a claim to the contracting officer is a prerequisite for a *de novo* direct action in this court the trial evidence in this matter must identify the

previous submitted claim which comprises the necessary jurisdictional prerequisite for the *de novo* evidence offered.

(3) In the absence of a previous claim submitted to the contracting officer, the court lacks jurisdiction over the prompt payment interest claim pleaded for any payment not the subject of a dispute and the final judgment entered in this matter shall note that this portion of the 1st Amended Complaint is dismissed for lack of jurisdiction;

(4) Defendant's Motion to Dismiss for Lack of Jurisdiction is **GRANTED** to the extent provided above and is otherwise **DENIED**.

s/ James F. Merow
James F. Merow
Senior Judge