# In the United States Court of Federal Claims

No. 07-165 C
(Filed October 22, 2010)

```
*************************************
HERNANDEZ, KROONE AND          *
     ASSOCIATES, INC.,          *
                    Plaintiff,  *
                                *
            v.                  *
                                *
                                *
THE UNITED STATES,              *
                                *
                    Defendant.  *
*************************************
```

## **ORDER**

In this Contract Disputes Act litigation, Hernandez, Kroone and Associates, Inc. (hereinafter "HKA" or plaintiff), a certified small business located in San Bernardino, California, seeks to recover sums it contends represents work it performed at the agency's request that was beyond the scope of what was originally a $875,468 fixed-price construction contract. Subsequent amendments added 158 days to the original 150 day contract period and a total of $116,305.60 to the contract amount. Final payment was made in May of 2006. In a series of certified claims to the contracting officer, plaintiff sought $840,522.77 in additional compensation.

Plaintiff is now seeking less than the amounts in the certified claims. Recently, with leave, the government asserted fraud counterclaims. (Def.'s Am. Answer & Countercl., ECF No. 82.)

Due in part to numerous consented extensions of discovery, several discovery disputes, the recent counterclaims, and the recent supplementation of plaintiff's claims expert's analysis, some discovery remains. Nevertheless, plaintiff is anxious to proceed to trial, representing that some $250,000 has been spent in attorney fees

to pursue a claim of approximately $300,000.  Given economic downturns, further delay is particularly harmful to this small business.[1]

Before the court is Defendant's Motion for Leave to Serve Subpoenas and to Preclude Plaintiff and Its Expert from Any Further Modification of Plaintiff's Damages Calculation and Expert Report, filed September 1, 2010, ECF No. 99. Plaintiff's Opposition was filed on September 20, 2010, and Defendant's Reply on September 26, 2010.  (ECF Nos. 101, 103.)

Defendant seeks further deposition testimony of plaintiff's expert witness, Mr. Craig Sorensen, concerning alterations he made to his expert opinion first revealed in his deposition taken in Los Angeles on July 27, 2010, changes he made two weeks earlier based on input from Mr. Richard Hernandez, an HKA principal. The government wants to question Mr. Sorensen as to these changes and Mr. Hernandez as to the instructions given that resulted in these changes.  The government requests these individuals, who reside in California, be compelled to travel to Washington, DC for this purpose, asserting that the failure to disclose these modifications prior to the July 27, 2010 Los Angeles deposition allegedly wasted time and expense of government counsel as well as a consultant from the government's expert witness. As the previously undisclosed changes to Mr. Sorensen's expert opinion are the cause of the inefficiencies, need for further examination and travel expenses, it is argued that it is only fair that Mr. Sorensen, Mr. Hernandez and plaintiff's counsel should bear the burden of travel.  The government also seeks to preclude HKA from any further changes to its claim.

Acknowledging the government is entitled to inquire of Mr. Sorensen as to these recent changes, plaintiff claims the government has "taken a minor issue and blown it massively out of proportion."  (Opp'n to Def's Mot. for Leave to Serve Subpoenas, ECF No. 101 at 1.)  The changes to the amount of the claim the government describes as significant, are a minor downward adjustment of less than $18,000 in a total claim of $319,000 (less than six percent).  Also, the changes were charted in a one and a half page Supplemental Disclosure side-by-side comparison given by Mr. Sorensen to government counsel at the deposition.  A copy of Sorensen's Supplemental Disclosure is attached to plaintiff's Opposition as Exhibit

---

[1] Whether plaintiff would meet the size requirements under the Equal Access to Justice Act ("EAJA") even if the other requirements were met, is not presented at this time.

A.  The government could have accepted plaintiff's counsel's offer to reconvene the deposition the following day to allow the government and its consultant to adjust to the minor changes.

> In an Affidavit attached to plaintiff's Opposition, Anne Hernandez avers:
>
> 4. After the expert witness reports were exchanged in late December 2009, I worked with Mr. Sorensen to collect supplemental records and secure more precise and complete records.  I produced very few additional documents to Mr. Sorensen and for the most part there was very little change to the calculations in Mr. Sorensen's report.
> 5. Most of the additional information that I provided to Mr. Sorensen was merely reallocating costs that had been previously allocated to more general accounting codes.  Only two of the cost line item revisions were of any significance; a downward adjustment of the line item for "Claims Advice" by approximately $15,000 and an upward adjustment of Richard Hernandez' labor costs by approximately $22,000.  Most of the other line items either stayed the same or changed in the hundreds of dollars up or down.  The total previous claim amount of $319,894 was adjusted downward by approximately $18,000.

(Opp'n to Def.'s Mot. for Leave to Serve Subpoenas, ECF No. 101 at 12.)

In reply, the government seizes on the Supplemental Disclosure attached to plaintiff's Opposition, asserting it is different from the side-by-side Mr. Sorensen distributed at his deposition. The most recent side-by-side has totals of $319,894 and $302,029, the latter apparently the original amount of Mr. Sorensen's expert opinion as to the amount of additional work; the former, the recent revision.  This is consistent with the conclusion stated that Mr. Sorensen increased the claim by approximately $18,000. In contrast, the same line on the spreadsheet distributed at the July 27, 2010 deposition has totals of $229,102 and $211,301. (Def.'s Mot., ECF No. 99-1 at 2.)  While the difference between these two numbers is about $18,000, the totals are roughly $90,000 less than in the Supplemental Disclosure, the government complains.

The totals on the spreadsheet distributed at the July 27, 2010 deposition appear to be in error.  The totals should be $322,984 and $302,092.  With those corrections,

plaintiff's characterization of a further reduction is accurate (from $322,984 to $319,894 – a reduction of $3,090.) Regardless, the differences are relatively minor, appearing to implicate nine line items.

Any changes do not appear so significant as to preclude illumination by trial examination. Nevertheless, barring agreement otherwise, the government may have a continued deposition of Mr. Sorensen, limited to the changes from his original report, and Mr. Hernandez, limited to the reasoning and particulars for the reallocation of charges to which Mr. Sorensen now opines, both limited to no more than three hours, so long as any additional supportive documentation is provided to government counsel at least ten calendar days prior to the date for the continued deposition. The depositions may be by telephone, videoconferencing or in person in Los Angeles, at the government's choice. The court will entertain a motion for costs incident thereto at the conclusion of this litigation.

Failure of plaintiff to support its CDA claims can have serious ramifications; accordingly, the government's request to preclude HKA from any further honing is denied, but any demonstrated prejudice to defendant must be considered in this regard.

While plaintiff insists Mrs. Anne Hernandez (another principal in the firm) is the person most knowledgeable about the changes to which Mr. Sorensen referred in his July 27, 2010 deposition, the government, citing deposition testimony of Mr. Sorensen that it was Mr. Hernandez who provided the direction and data that resulted in the changes, is entitled to the limited additional discovery provided herein.

These books and records matters should have been resolved under the court's audit order. Thereunder, claims based on books of account or other records and any calculations derived therefrom, were to be voluntarily provided in a summary or schedule, accompanied by a statement of their source. During the discovery period, the sources and the persons who prepared each schedule or summary were to have been produced and available for examination required to verify the listed items or figures. Compliance with the audit order will be addressed at the Pretrial Conference.

Accordingly, it is **ORDERED** that defendant's Motion for Leave to Serve Subpoenas and to Preclude Plaintiff and Its Expert from any Further Modification of Plaintiff's Damages Calculation and Expert Report, ECF No. 99, filed September 1,

2010, is **GRANTED in part and DENIED in part** as provided herein.  Upon the conclusion of the matters provided herein, the parties shall file a status report, either joint or separate, proposing the manner and dates of further proceedings.  The court is available to resolve any further disputes regarding the foregoing by contacting Judicial Assistant Ms. Linda Eddins after October 27, 2010, at (202) 357-6613 to schedule a telephone conference call.

                                                  s/ James F. Merow  
                                                  James F. Merow  
                                                  Senior Judge