In the United States Court of Federal Claims

No. 07-165 C
(Filed July 14, 2011)

**************************************
HERNANDEZ, KROONE AND          *
    ASSOCIATES, INC.,               *
                            Plaintiff,     *
                                    *
              v.                      *
                                    *
THE UNITED STATES,              *
                                    *
                            Defendant.  *
**************************************

**ORDER**

This order addresses Defendant's Motion to Bifurcate proceedings (ECF No. 148), as renewed during the recent trial proceedings in Pasadena. *See* Trial Transcript (Tr.) 1993-2003.

All trial proceedings have been completed except for testimony by defendant's last witness, George J. Strickler. Mr. Strickler's expert testimony is anticipated to cover the matters addressed by plaintiff's expert witness, Mr. Craig Sorensen, such as plaintiff's contract performance, delay claim analysis, and claimed damages in this litigation as well as in Contract Dispute Act (CDA) claims plaintiff submitted during contract performance.

Instead of presenting Mr. Strickler's testimony, closing proof, and then proceeding to briefing and resolution of all issues, defendant seeks an order suspending further trial proceedings and scheduling briefing limited to its three fraud counterclaims: Count I (Forfeiture of Fraudulent Claims–28 U.S.C. § 2514); Count II (Contract Disputes Act–41 U.S.C. § 604); and Count III (False Claims Act–31 U.S.C. § 3729 *et seq.*). The essence of the argument presented for bifurcation is that were defendant's Count I "forfeiture" counterclaim to be sustained, there would be no further need for completion of trial proceedings and briefing addressed to the merits of plaintiff's claims. *Daewoo Eng'g & Constr. Co. v. United States*, 557 F.3d

1332 (Fed. Cir. 2009). However, if defendant's Count I "forfeiture" counterclaim were not sustained, any recovery under its Count II or Count III counterclaims would not eliminate the need for briefing and resolution of plaintiff's claims in this litigation. This is because the CDA fraud provision, 41 U.S.C. § 604, provides for recovery of an amount equal to the portion of a CDA claim that the contractor is unable to support, attributable to misrepresentation of fact or fraud on the part of the contractor, and the False Claims Act, 31 U.S.C. § 3729 provides for recovery of civil penalties and three times the amount of damages which the government sustains. Essentially, any recovery under the Count II and III counterclaims would first be in the nature of offsets to sums, if any, which were awarded to plaintiff on its claims, and only if any counterclaim award totaled in excess of the amounts, if any, awarded on plaintiff's claims could an affirmative judgment against plaintiff result.

To prevail on its Count I counterclaim, defendant is required to "establish by clear and convincing evidence that [plaintiff] knew that its submitted claims were false, and that it intended to defraud the government by submitting those claims." *Daewoo*, 557 F.3d at 1341 (quoting *Commercial Contractors v. United States*, 154 F.3d 1357, 1362 (Fed. Cir. 1998)).

"Clear and convincing" establishes a heightened standard of proof. For example, in affirming the "clear and convincing" standard of proof for an infringer who assails the validity of a patent, the Supreme Court noted that the infringer fails "unless his evidence has more than a dubious preponderance." *Radio Corp. of America v. Radio Eng'g Labs., Inc.*, 293 U.S. 1, 8 (1934) (quoted in *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S.Ct. 2238, 2247 (2011). While a clear and convincing heightened standard of proof is required to establish a forfeiture under 28 U.S.C. § 2514, a simple "preponderance" standard is required for any recovery under the Contract Disputes Act, 41 U.S.C. § 604, and the False Claims Act, 31 U.S.C. § 3729. *Crane Helicopter Servs., Inc. v. United States*, 45 Fed. Cl. 410, 432-435 (1999); *Kellogg Brown & Root Servs., Inc. v. United States*, ___ Fed. Cl. ___ (No. 09-351C, July 6, 2011, ECF No. 86).

The proof defendant asserts in support of its three counterclaim counts is in many aspects co-extensive with the context of plaintiff's claims. For example, plaintiff bases a substantial portion of it claims on its assertion that its contract with the Corps of Engineers did not encompass the January 25, 2005 proposal, an assertion which defendant asserts to be fraudulent. *See* Trial Tr. for May 18, 2011 at 1958-60.

An analysis of the briefing that will be required for this case indicates that restricting briefs initially to the fraud counterclaims would still require the submissions to cover context underlying plaintiff's claims. Moreover, any potential savings of time and expense would occur only if the heavy burden of proof to support a 28 U.S.C. § 2514 forfeiture were met. Otherwise, it is likely that additional time and expense for double briefing would result. In these circumstances, it is concluded that Mr. Strickler's expert testimony should now be presented, so that trial proceedings can be completed. Proof would then be closed and a briefing schedule issued after consultation with counsel.

Accordingly, it is **ORDERED**:

(1) Defendant's bifurcation motion(s) is **DENIED**;

(2) Counsel shall confer and then report to Ms. Eddins (202-357-6613) with proposed trial dates in the near future for Mr. Strickler's testimony, which is to be presented at The National Courts Building, 717 Madison Place, NW, Washington, DC.

s/ James F. Merow
James F. Merow
Senior Judge