# In the United States Court of Federal Claims

No. 07-165 C
(Filed June 25, 2013)

| | |
|---|---|
| HERNANDEZ, KROONE AND ASSOCIATES, INC., | ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) |
| Defendant. | ) ) |

## ORDER

By its RCFC 59 motion, filed April 24, 2013, (ECF No. 202) defendant seeks reconsideration of $9,366.00 awarded to plaintiff in the corrected judgment, entered April 5, 2013 (ECF No. 200). This sum represents, in part, the $7,985 invoice Palm Springs Paving submitted to Hernandez, Kroone and Associates, Inc. (HKA) for the extra work it performed to correct a parking lot appearance problem caused by the aggregate the Corps of Engineers (COE) had required be used in paving the lot. *Hernandez, Kroone & Assocs., Inc. v. United States*, 110 Fed. Cl. 496, 517-18, 521-22 (2013). HKA added its 15% mark-up to the $7,985 Palm Springs invoice plus 2% for its bond to bring the total amount to $9,366.00. *Id.*

Defendant seeks reconsideration of the $9,366 awarded because HKA has not, to date, paid Palm Springs for this work and defendant asserts HKA does not currently owe Palm Springs for the work it performed.

Defendant is correct only with respect to the fact that HKA has not, to date, paid the Palm Springs invoices that it continues to receive. *Id*. at 518. However, as the transcript citations which HKA submits in its response (ECF No. 209) to defendant's RCFC 59 motion demonstrate, HKA recognizes that it has incurred a contractual liability to pay Palm Springs for the extra work performed and that it will pay Palm Springs when it recovers the amount in this litigation. It is established that this form of "conditional liability" suffices, when actions of the government cause

harm to a subcontractor, to sanction a suit by a prime contractor against the United States to recover such costs incurred by a subcontractor. *W.G. Yates & Sons Constr. Co. v. Caldera*, 192 F.3d 987, 991 (Fed. Cir. 1999). There is no logical reason why the same principle would not be applicable to a suit for an equitable adjustment. It is clear that the cost in a specific amount has been incurred and HKA has agreed to pay Palm Springs when the sum is recovered from the United States. This is unlike the circumstance in *SAB Constr., Inc. v. United States*, 66 Fed. Cl. 77 (2005) – cited by defendant, where only a potential liability was involved. Here a specific additional cost has been established. *Delhur Indus., Inc. v. United States*, 95 Fed. Cl. 446, 454 (2010).

Defendant asserts, however, that HKA does not currently owe Palm Springs for the additional work caused by the aggregate specified by the COE because of a release executed by Palm Springs or because the California statute of limitations provides HKA with a defense to any current suit by Palm Springs on the specific contractual liability. It was determined that no release covers the specific contractual liability involved. *Hernandez, Kroone, & Assocs.*, 110 Fed. Cl. at 522. Defendant's Rule 59 motion provides no basis supporting reconsideration of this determination. As for the California statute of limitations, the opinion in question notes that HKA's acknowledgment of the liability, under Cal. Civ. Proc. Code § 360, can serve to revive an enforcement action if this possibility were required in order for HKA to recover the sum from the United States in this litigation. *Id*. Defendant questions the application of § 360 in that the provision requires that the acknowledgment "[i]s contained in some writing." In this matter HKA's acknowledgment comprised testimony taken under oath and recorded in a written transcript with the reporter certifying in writing that the "record is a correct transcript of the proceeding." RCFC 80.1(e). This would appear clearly to satisfy the § 360 requirements if such satisfaction were required to recover the amount in this litigation. *See Dearborn v. Grand Lodge of A.O.U.W.*, 138 Cal. 658, 72 P. 154 (1903).

In a "Reply" (ECF No. 210), filed June 25, 2013, defendant objects to consideration of HKA's (Richard Hernandez) declaration, included with plaintiff's Opposition (ECF No. 209) to defendant's Motion for Reconsideration (ECF No. 202). Defendant questions the absence of a motion for leave to submit the document at this stage in the proceedings. Technically, the filing of a reply in this circumstance also requires a motion for leave as the Order (ECF No. 203) pursuant to RCFC 59(f)

requesting the filing of a response to defendant's motion for reconsideration did not also request the filing of a reply.

As it is considered that the record, without further supplementation, supports recovery of the amounts awarded to HKA and plaintiff has established no viable basis for reconsideration, it is **ORDERED** that leave is **GRANTED** for the filing of defendant's Reply (ECF No. 210) and defendant's Rule 59 Motion is **DENIED.**[1]

s/ James F. Merow
James F. Merow
Senior Judge

---

[1] As HKA's (Richard Hernandez) declaration, in writing, makes it clear that HKA will pay Palm Springs the amount in question, in the interest of justice, if it were determined that the existing record does not satisfy the provisions of § 360 and that such satisfaction were required for HKA's recovery in this matter, then in this circumstance, the declaration is received in evidence.