# In the United States Court of Federal Claims

No. 07-165 C

(Filed January 23, 2014)

| | |
|---|---|
| HERNANDEZ, KROONE AND ASSOCIATES, INC. | ) ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## ORDER

On March 29, 2013, the court issued its decision following a two-week trial of this matter. *See* Doc. 197. The case is now before the court on plaintiff's motion for attorneys' fees, *see* Docs. 212 and 216, which is opposed by the government, *see* Doc. 221.

## I.    BACKGROUND

At trial, plaintiff asserted three claims: (1) that the scope of work under the contract did not include plaintiff's January 25, 2005 proposal, and plaintiff was therefore entitled to an award of $240,148 to cover the cost of installing lights and cameras; (2) that the government improperly took a credit in the amount of $4,320 when a 1-inch water line was substituted for a 1.5-inch water line; and (3) that the government was liable for the costs of sealing and re-striping the Indio Border Patrol parking lot, equaling $9,366. *See* Doc. 197 at 32, 36.

The court rejected plaintiff's first claim, holding that the January 25, 2005 proposal was part of the contract, and that plaintiff was not entitled to any additional compensation on that basis. *See id.* at 36. The plaintiff succeeded in part on its second claim, recovering $1,555.20, *see id.* at 37, and succeeded entirely on its third claim, recovering $9,366, *see id.* at 38.

The government asserted three fraud counterclaims under 28 U.S.C. § 2514, 41 U.S.C. § 604 and 31 U.S.C. § 3729, seeking $837,884.53 in damages. *See* Doc. 82 at 15-16; Doc. 188 at 59. The court concluded that "defendant has not met its

burden of proof under any of the three 'fraud' statutes involved," *see* Doc. 197 at 47, and went on to find that the government established no basis for recovery under 41 U.S.C. § 7103, *see id.* at 50.

## II.   DISCUSSION

### A.   EAJA Fees

Plaintiff now claims that it is entitled to attorneys' fees under the Equal Access to Justice Act ("EAJA"), which provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

As this court has noted:

> To be eligible for such an award, five criteria must be satisfied:  (1) the applicant must have been a "prevailing party" in a suit against the United States; (2) the government's position must not have been "substantially justified;" (3) there cannot be any "special circumstances [that] make an award unjust;" (4) any fee application must be submitted to the court within thirty days of final judgment in the action and also be supported by an itemized statement; and (5) a qualifying party must, if a corporation or other organization, have not had more than $7,000,000 in net worth and 500 employees at the time the civil action was initiated.

*United Partition Sys., Inc. v. United States*, 95 Fed. Cl. 42, 49 (2010) (citing *Commissioner, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990); *Dallas Irrigation Dist. v. United States*, 91 Fed. Cl. 689, 696 (2010); *ACE Constructors, Inc. v. United States*, 81 Fed. Cl. 161, 164 (2008).  The plaintiff bears the burden of proving each of these criteria, except that the government must prove that its position was substantially justified.  *See id.*

1.      **Prevailing Party**

"Under the EAJA, a prevailing party is one who 'succeeded on any significant issue which achieves some of the benefits sought by the suit.'" *Precision Pine & Timber, Inc. v. United States*, 83 Fed. Cl. 544, 547 (2008) (citing *Loomis v. United States*, 74 Fed. Cl. 350, 353 (2006) (internal citations omitted). As the Federal Circuit has noted, "[a] party prevails in a civil action if he receives 'at least some relief on the merits of his claim.'" *Davis v. Nicholson*, 475 F.3d 1360, 1363 (Fed. Cir. 2007) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-604 (2001)). Put another way, a plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Neal & Co., Inc. v. United States*, 121 F.3d 683, 685 (Fed. Cir. 1997) (citing *Farrar v. Hobby*, 506 U.S. 103, 111-112 (1992)).

The government argues that because plaintiff recovered a relatively small percentage of the sum it sought in this litigation, it cannot be considered the prevailing party for purposes of EAJA fees. *See* Doc. 221 at 9. The size of recovery, however, clearly does not control determination of prevailing party status. In *Farrar v. Hobby*, for example, the Supreme Court held that a plaintiff who was awarded only nominal damages was the prevailing party, reasoning that "[a] judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." 506 U.S. at 113.

In this case, plaintiff recovered on two of its three claims, and was awarded $10,921.20 in damages that the government had refused to pay. The fact that plaintiff failed to recover for its largest claim is of no moment in determining prevailing party status. Furthermore, although the government glosses over this fact in its response brief, plaintiff prevailed entirely with regard to the government's counterclaims in which it sought to recover $837,884.53. As such, plaintiff is the prevailing party for purposes of the EAJA fee analysis.

2.      **Substantial Justification**

An award of EAJA fees is precluded if the government can prove that the position it took in the case was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). As an initial matter, in evaluating whether the government's

position was substantially justified, the court must consider "the entirety of the government's conduct and make a judgment call whether the government's overall position had a reasonable basis in both law and fact." *Chiu v. United States*, 948 F.2d 711, 715 (1991).   As the Supreme Court has explained, whether the government's position was substantially justified is a "single finding" that "operates as a one-time threshold for fee eligibility." *Jean*, 496 U.S. at 160 (1990); *see also Manno v. United States*, 48 Fed. Cl. 587, 590 (2001).   Given the requirement of a single finding, the court must consider together the government's conduct with regard to both its defense of plaintiff's claims and its assertion of counterclaims.

Under this standard, the plaintiff cannot recover EAJA fees if the government demonstrates its position was "'justified in substance or in the main'— that is, justified to a degree that could satisfy the reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).   The government's position "can be justified though it is incorrect, and it can be substantially justified if a reasonable person could think it correct." *Manno*, 48 Fed. Cl. at 589 (quoting *Doe v. United States*, 16 Ct. Cl. 412, 419 (1989)).   "Substantially justified" is not to "'be read to raise a presumption that the Government['s] position was not substantially justified simply because it lost the case.'" *Scarborough v. Principi*, 541 U.S. 401, 415 (2004) (quoting H.R. Rep. No. 96-1005 at 10 (1980)).

Although the court must follow these guidelines, ultimately, the determination of whether the government's action meets the "substantially justified" standard is a "quintessentially discretionary inquiry." *Stillwell v. Brown*, 46 F.3d 1111, 1113 (Fed. Cir. 1995) (quoting *Chiu*, 948 F.2d 715).

The predominant issue in this case was the scope of the contract that the Corps of Engineers ("COE") awarded to plaintiff.   The scope issue comprised the majority of the claim plaintiff filed with the contracting officer. *See* Doc. 197 at 26.   The trial testimony of all witnesses dealt with this issue in some regard. Throughout this dispute, before both the contracting officer and the court, the government maintained the position that the awarded contract encompassed plaintiff's January 25, 2005 proposal.   As such, the government consistently asserted, plaintiff's claim for additional sums to cover the acquisition and installation of lights and cameras at the Border Patrol site lacked validity.   The government's position was soundly based on plaintiff's contract performance prior to the inception of the controversy, and the government prevailed on this issue in litigation. *See* Doc. 197 at 33-34.

In addition to the scope issue, plaintiff asserted a claim to recover funds related to a substitute water line. *See* Doc. 197 at 36-37. The government's position that the substitution of a 1-inch water line for a 1.5-inch water line entitled it to a credit of $4,320 was factually incorrect. The government's own expert witness confirmed that this credit was excessive, and the court awarded plaintiff $1,555.20 to correct the government's error. *See id.*

Plaintiff also recovered $9,366 for sealing and re-striping the Indio Border Patrol parking lot. *See id.* at 37-38. The sealing and re-striping were necessary to correct an appearance problem caused by the large aggregate in the asphalt, which was required by COE. *See id.* The government asserted an arguable position that plaintiff's claim was barred by the California statute of limitations, but the court ultimately rejected this defense. *See id.*

The court also dismissed the government's three fraud counterclaims. *See id.* at 41-50. There is no evidence in the record that the agency considered any fraud allegations. Substantial proceedings occurred in this litigation concerning the scope of the contract prior to the government asserting the counterclaims. The government's position with respect to the alleged fraud appears to be based on what it asserted was an "obviously inflated claim" submitted by plaintiff to the contracting officer on December 13, 2005. *See* Doc. 221 at 10. The court noted suggestions that the December 13, 2005 claim could be excessive, *see* Doc. 197 at 49 n.7, but the counterclaims were dismissed because the government failed to present adequate evidence at trial to sustain the claims. *See* Doc. 197 at 50.

It is clear that the scope of the contract issue consumed a majority of the time and effort involved in this litigation. The time devoted to the issues of the substitute water line, the parking lot sealing and re-striping, and the fraud claims was comparatively minor. This disparity in time and effort between the issues is illustrated by the voluminous documents introduced into evidence concerning the scope of the contract. No additional documentation was introduced to support the fraud counterclaims. The two expert witnesses did not address the fraud counterclaims, but dealt primarily with the damages issues involved with the controversy regarding the scope of the contract.

In short, the question of the "single finding" required for determining whether the government's position was substantially justified is appropriately addressed to the major issue in this litigation—the scope of the contract. In this regard, the court concludes that the government's position on the scope of the contract was substantially justified. Plaintiff's own actions in performance of the

contract before the controversy arose, and the subsequent decision on the merits of the issue by the court, confirm this determination.   While the government's positions on the other minor issues arguably lack the necessary justification to independently support this conclusion, they represent only a tiny portion of the parties' time expended in this matter.

Accordingly, the court holds that the government's position in this litigation, as a whole, was substantially justified for purposes of the EAJA fee application.

### B.   "Bad Faith" Fees

In its brief, plaintiff argues that the government's attorney acted improperly in asserting counterclaims against it. *See* Doc. 216-1 at 11-19.  Plaintiff makes this claim as part of its argument that the government's conduct was not "substantially justified." *See id.*  The allegations, however, may have been intended to assert an additional basis for fee recovery, namely an exception to the American rule on attorneys' fees which permits the prevailing party to recover fees "when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Alyeska Pipeline*, 421 U.S. 240, 247 (1975) (quoting *F.D. Rich Co., Inc. v. United States for the Use of Indus. Lumber Co., Inc.*, 417 U.S. 116, 129 (1974)).

Specifically, plaintiff alleged that the government's attorney stated an intention to use this case to "set a new standard for FCA counterclaims against small companies," and said that "he had recently moved to the DOJ from a large law firm in order to augment his trial experience before returning to private practice." *Id.* at 15.  Plaintiff then describes, at length, several publications that it claims should call into question the government's motives in asserting counterclaims in this case. *See id.* at 15-19.

Even assuming that the statements and articles that plaintiff submits are admissible, they are not probative of the government's motive behind its litigation position.  As such, there is no evidence of bad faith, vexatiousness, wantonness or oppression on which the court could award fees in this case.

### C.   EAJA Costs

Despite the fact that plaintiff is not entitled to EAJA fees under 2412(d), because the court has determined that it is the prevailing party, it may recover limited, specific costs:

Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

28 U.S.C. § 2412(a)(1).  The costs that plaintiff is permitted to recover include the following:

(1)    Fees of the clerk and marshal;
(2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)    Fees and disbursements for printing and witnesses;
(4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5)    Docket fees under section 1923 of this title;
(6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C.A. § 1920.  The statute further provides that "a bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."  *Id.*

A bill of costs must typically be filed within thirty days after the date of final judgment.  *See* RCFC 54(d)(1)(B).  In this case, plaintiff requested costs as part of its application for attorneys' fees.  *See* Doc. 216-1 at 27-28.  Plaintiff specifically noted that "for convenience, HKA is also electing to pursue those costs to which it would be entitled under 28 U.S.C. § 2412(a) in the instant EAJA motion in lieu of filing a Bill of Costs."  *Id.* at 27.  In its response, the government did not object to an award of costs.  *See generally* Doc. 221.  Although combining the costs allowed under 2412(a) with the request for fees under 2412(d) is not the preferred method of recovering costs, because the plaintiff timely filed the motion that included the request for costs under 2412(a), the court will consider its initial filing timely.

Since the court is not awarding costs in the context of the motion for attorneys' fees, however, plaintiff must file a bill of costs with the clerk, according to the procedure set forth in Court of Federal Claims Rule 54(d)(1).  Plaintiff's filing will be deemed a supplement to its initial request, and must include only costs extracted from those that it has previously submitted.  *See First Fed. Sav. & Loan Ass'n. of Rochester v. United States*, 88 Fed. Cl. 572, 593-595 (concluding that Court of Federal Claims Rule 54 only prohibits time extensions of the initial filing for fees and costs, and does not strictly apply to subsequent filings).

## III.   CONCLUSION

Plaintiff's motion for attorneys' fees, Docs. 212 and 216-1, is **DENIED**, but as the prevailing party, plaintiff is entitled to recover costs.

Plaintiff is directed to file its bill of costs no later than 30 days from the date of this order, and the government will have the opportunity to file any objections in accordance with the applicable rule.

**SO ORDERED.**

s/ James F. Merow
James F. Merow, Senior Judge
United States Court of Federal Claims